May 27, 2021

**VIA ELECTRONIC FILING**

The Honorable Judge Susan van Keulen
United States Magistrate Judge
Northern District of California
San Jose Courthouse, Courtroom 6, 4th Floor
280 South First Street, San Jose, CA 95133

Re:   *AbCellera Biologics, Inc. and The University of British Columbia v. Berkeley Lights, Inc.*,
       Case Nos. 20-cv-08624, -08626, -08627-LHK

Dear Judge van Keulen:

Pursuant to this Court's Civil and Discovery Referral Matters Standing Order, Defendant Berkeley Lights, Inc. ("Berkeley Lights") and Plaintiffs AbCellera Biologics, Inc. and The University of British Colombia ("Plaintiffs") write to respectfully request the Court's assistance in resolving the below discovery disputes. Pursuant to the Court's Standing Order, the parties provide that there are 250 days remaining before the close of fact discovery and 564 days until trial.

These disputes arise from Berkeley Lights' First Set of Interrogatories (Nos. 1-9) and First Set of Requests for Production (RFP) (Nos. 1-35) served separately to AbCellera and UBC on February 24, 2021, Plaintiffs' initial responses to those requests served on March 26, 2021 (Exhibits A-D), and Plaintiffs' amended responses to those requests served on April 29, 2021 (Exhibits E-H). The parties conducted meet and confers with respect to these discovery requests on April 14, 2021 and May 13, 2021. A chart including the disputed requests and responses is attached for the Court's convenience as Exhibit I.

   1.   **Agreed Supplemental Responses On Certain Requests**

Brief Description of Unresolved Issue: The parties dispute the timing for Plaintiffs' supplemental discovery responses regarding conception and reduction to practice, products and services that Plaintiffs contend practice the asserted patents, and the contributions of the named inventors.

Berkeley Lights's Position: Following the parties' meet and confers, Plaintiffs agreed to provide supplemental discovery responses to include explanations regarding: (a) Berkeley Lights's Interrogatory No. 1 and RFP No. 10 regarding conception and reduction to practice dates; (b) Berkeley Lights's Interrogatory No. 3 and RFP Nos. 27-29 regarding Plaintiffs' own products and services that Plaintiffs contend practice the inventions of the asserted patents; and (c) Berkeley Lights's Interrogatory No. 5 seeking information relating to the respective contributions of those individuals to the claimed inventions. Regarding related documents, Plaintiffs' counsel has (a) stated that Plaintiffs have produced all inventor lab notebooks presently in their possession; and (b) indicated that Plaintiffs would produce additional documents in response to Berkeley Lights's RFP on the embodying product issue.

Berkeley Lights's Proposal: Berkeley Lights respectfully requests a date certain for this supplemental discovery be set. Berkeley Lights sought this discovery over three months ago in requests served on February 24, 2021. This discovery is highly relevant to Plaintiffs' claims and Berkeley Lights's defenses in this case, and any further delay will result in significantly prejudice.

Plaintiffs' Position: There is no dispute on the substance of these discovery requests. The only issue is timing. The date for substantial completion of document production is November 22, 2021 and the close of fact discovery is February 1, 2022. (ECF No. 70). All of the disputed issues are relevant, if at all, only to Plaintiffs' affirmative claims and are irrelevant to any of Defendant's defenses in this matter. Specifically, (a) conception and reduction to practice is relevant only to Plaintiffs' ability to "swear behind" any prior art reference that Defendant may assert; (b) AbCellera's own technology is relevant only to Plaintiffs' lost-profits damages claims; and (c) the respective contributions of the inventors is not relevant to any issue currently in the case. Additionally, these are contention interrogatories that are normally answered at the end of fact discovery. Moreover, there is no prejudice to Defendant and Defendant has not articulated the basis for any alleged prejudice.

Plaintiffs' Proposal: Plaintiffs have proposed to Defendant that the parties agree on reciprocal dates for interrogatory responses and consider setting one date for interrogatories calling for identification of individuals and a later date for contention-type interrogatories. Defendant has not responded to Plaintiffs' proposal.

## 2. Prosecution of the Asserted Patents

Brief Description of Unresolved Issue: The parties dispute the timing for Plaintiffs' supplemental discovery responses regarding the prosecution of the asserted patents.

Berkeley Lights's Position: Berkeley Lights's Interrogatory No. 8 and RFP No. 3 seek information regarding the prosecution of the asserted patents, including identification of the persons involved. In response, Plaintiffs have merely identified the patents and prosecution histories for those asserted patents in their document production. This is insufficient, as clearly there is responsive information beyond what was recorded in the Patent Office. For example, the prosecution histories do not show all of the persons involved in prosecution, including both lawyers and non-lawyers. The identity of these people, even lawyers, is not privileged.

During the parties' meet and confer, Plaintiffs' counsel indicated that Plaintiffs would supplement their response to Berkeley Lights's interrogatory on this issue. Plaintiffs' counsel further indicated that Plaintiffs are not withholding any non-privileged documents responsive to Berkeley Lights's RFPs, but are potentially asserting both attorney-client and common-interest privileges on these issues.

Berkeley Lights's Proposal: Like above, Berkeley Lights requests the Court set a date certain for Plaintiffs' supplemental interrogatory response. Regarding documents, while in the Joint Case Management Statement the parties agreed to provide privilege logs two weeks after the date for substantial completion of discovery, given Plaintiffs' position that *all* documents responsive to this request are protected by either attorney-client or common-interest privilege, and that

separate, independent parties are involved, Berkeley Lights proposes that Plaintiffs should provide their privilege log on documents responsive to this request no later than June 30, 2021.

Plaintiffs' Position: There is no dispute on the substance of these discovery requests. The only issue again is timing. Defendant asks the Court to set a date certain for Plaintiffs' supplemental discovery responses and production of a privilege log relating to these discovery responses. In the parties' Joint Case Management Statement (ECF No. 67), however, the parties stated that they "agree to exchange privilege logs within 30 days of the substantial completion of document production [i.e. December 22, 2021]." (*Id.* at 8).

Plaintiffs' Proposal: As discussed above, Plaintiffs have proposed to Defendant that the parties agree on reciprocal dates for interrogatory responses and consider setting one date for interrogatories calling for identification of individuals and a later date for contention-type interrogatories.

With respect to the timing for privilege logs, that issue was negotiated and resolved between the parties in the Joint Case Management Conference Statement and the parties "agree[d] to exchange privilege logs within 30 days of the substantial completion of document production [*i.e.* December 22, 2021]." (ECF No. 67 at 8). Moreover, it is no surprise that documents concerning prosecution of the patents-in-suit are privileged. Defendant should not be permitted to now renege on their agreement.

### 3. Knowledge of Accused Products

Brief Description of Unresolved Issue: Defendant's RFP Nos. 12 and 13 seek information relating to Plaintiffs' first knowledge of Defendant and the accused products in this case. Plaintiffs did not agree to produce documents in response to these requests.

Berkeley Lights's Position: Plaintiffs have wholesale refused to produce documents relating to their first knowledge of Berkeley Lights and Berkeley Lights's accused products in this case, or any information relating to Berkeley Lights, the accused products or other Berkeley Lights products, as sought in Berkeley Lights's RFP 12 and 13. This information is relevant including because of Plaintiffs' asserted patents that were filed after the commercial release of the accused products.

Berkeley Lights's Proposal: Plaintiffs are properly required to produce documents responsive to this request.

Plaintiffs' Position: Plaintiffs maintain their objections and responses to these requests, including that they are not relevant to any issue in this case. Berkeley's only purported relevance for the information sought by these requests is that the some of the patents-in-suit were allegedly filed after the commercial release of the accused products. Berkeley, however, is mistaken. All of the applications have priority to applications filed in July 2010. Berkeley Lights did not commercially release its products until over six years later.

Plaintiffs' Proposal: These requests are not relevant to any issue in this action and Plaintiffs should not be compelled to produce documents in response.

4. **Agreements and communications between AbCellera and UBC regarding AbCellera's licensing of the asserted patents from UBC and this litigation**

Brief Description of Unresolved Issue:  Berkeley Lights seeks information regarding agreements and communications between Plaintiffs AbCellera and UBC regarding AbCellera's licensing of the asserted patents from UBC and this litigation in Interrogatory No. 2 and RFP Nos. 5, 6, 14, and 15.

Berkeley Lights's Position:  In response to all of these discovery requests, Plaintiffs have identified only the License Agreement between AbCellera and UBC and have refused to provide any further related information.  Berkeley Lights also seeks information and communications between AbCellera and UBC relating to their filing of this litigation, in response to which Plaintiffs have taken the position that no non-privileged information exists. Information and communications between these two separate parties relating specifically to their licensing of the asserted patents, including the decision to license, and also regarding the litigation, is relevant, including for example to damages issues.

Berkeley Lights's Proposal:  Plaintiffs are properly ordered to respond to this interrogatory and produce documents responsive to these RFPs.  If Plaintiffs assert privilege with regard to responsive documents, given Plaintiffs' position that all documents responsive to these requests are privileged, and given that there are two independent parties involved in the requested communications, Berkeley Lights proposes that Plaintiffs should provide their privilege log on documents responsive to this request no later than June 30, 2021.

Plaintiffs' Position:  These is no dispute regarding the substance of these discovery requests as Plaintiffs have produced all non-privileged information responsive to these requests that they are currently aware of.  Additionally, with respect the license agreement, Defendant has failed to articulate how communications between the parties leading up to the license agreement is relevant to any issue in this case, including damages.  In any event, the only dispute on this topic appears to be the timing for exchange of privilege logs.  As discussed above, that issue has also already been resolved as the parties agreed on a date for the production of privilege logs.  (ECF No. 67.)  Defendant should not be permitted to now renege on that agreement.

Plaintiffs' Proposal:  Plaintiffs propose that the parties provide their privilege logs in accordance with their agreement in the Joint Case Management Conference Statement.

Respectfully submitted,

| | |
|---|---|
| */s/ Eric C. Stops* | */s/ Keeley I. Vega* |
| Eric C. Stops | Keeley I. Vega |

Eric C. Stops (admitted *pro hac vice*)
ericstops@quinnemanuel.com
F. Dominic Cerrito (admitted *pro hac vice*)
nickcerrito@quinnemanuel.com)
Angus Chen, Ph.D. (admitted *pro hac vice*)
anguschen@quinnemanuel.com
Brian P. Biddinger (Cal. Bar No. 224604)
brianbiddinger@quinnemanuel.com
Catherine T. Mattes (admitted *pro hac vice*)
catherinemattes@quinnemanuel.com
Brian J. Forsatz, Ph.D. (admitted *pro hac vice*)
brianforsatz@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

Brian C. Cannon (Cal. Bar No. 193071)
briancannon@quinnemanuel.com
Bingxue (Allison) Que (Cal. Bar No. 324044)
allisonque@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000

Nathan N. Sun (Cal. Bar No. 284782)
nathansun@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600

*Attorneys for Plaintiffs AbCellera Biologics Inc. and The University of British Columbia*

IRELL & MANELLA LLP
Morgan Chu (State Bar No. 70446)
mchu@irell.com
Alan J. Heinrich (State Bar No. 212782)
aheinrich@irell.com
Keith A. Orso (State Bar No. 217490)
korso@irell.com
Elizabeth C. Tuan (State Bar No. 295020)
etuan@irell.com
Dennis Courtney (State Bar No. 307646)
dcourtney@irell.com
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

TURNER BOYD LLP
Karen I. Boyd (State Bar No. 189808)
boyd@turnerboyd.com
Jennifer Seraphine (State Bar No. 245463)
seraphine@turnerboyd.com
Keeley I. Vega (State Bar No. 259928)
vega@turnerboyd.com
Marc David Peters (State Bar No. 211725)
mdpeters@turnerboyd.com
Louis L. Wai (State Bar No. 295089)
wai@turnerboyd.com
TURNER BOYD LLP
702 Marshall Street, Suite 640
Redwood City, California 94063
Telephone: (650) 521-5930
Facsimile: (650) 521-5931

*Attorneys for Defendant Berkeley Lights, Inc.*

## **ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained for the other signatories in this e-filed document.

*/s/ Keeley I. Vega*
Keeley I. Vega
