# EXHIBIT B

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Brian C. Cannon (Cal. Bar No. 193071)
2  briancannon@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
3  Redwood Shores, California 94065-2129
   (650) 801-5055 Tel.
4  (650) 801-5100 Fax

5  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Brian P. Biddinger (Cal. Bar No. 224604)
6  brianbiddinger@quinnemanuel.com
   51 Madison Avenue, 22nd Floor
7  New York, NY 10010
   (212) 849-7120 Tel.
8  (212) 849-7100 Fax

9  Attorneys for Plaintiffs
   ABCELLERA BIOLOGICS INC. and
10 THE UNIVERSITY OF BRITISH COLUMBIA

11 (additional counsel on signature page)

12          **UNITED STATES DISTRICT COURT**
            **NORTHERN DISTRICT OF CALIFORNIA**
13                **SAN JOSE DIVISION**

14 ABCELLERA BIOLOGICS INC. and THE          Case No. 5:20-cv-08624-LHK
   UNIVERSITY OF BRITISH COLUMBIA,           Case No. 5:20-cv-08626-LHK
15                                           Case No. 5:20-cv-08627-LHK
                Plaintiffs,
16
        vs.
17                                           **UNIVERSITY OF BRITISH**
   BERKELEY LIGHTS, INC.,                    **COLUMBIA'S RESPONSES TO**
18                                           **DEFENDANT BERKELEY LIGHTS,**
                Defendant.                   **INC.'S FIRST SET OF REQUESTS FOR**
19                                           **PRODUCTION TO PLAINTIFF**
                                             **UNIVERSITY OF BRITISH COLUMBIA**
20

21          Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the applicable

22 Local Civil Rules of the United States District Court for the Northern District of California (the

23 "Local Rules"), Plaintiff University of British Columbia ("UBC") hereby objects and responds to

24 Defendant Berkeley Lights, Inc.'s First Set of Requests for Production ("Defendant's RFPs") to

25 Plaintiff The University of British Columbia submitted by Defendant Berkeley Lights, Inc.

26 ("Berkeley Lights" or "Defendant") as set forth below.

27

28

**GENERAL RESPONSES**

1.      UBC's responses to Defendant's RFPs are made to the best of UBC's present knowledge, information, and belief.  These responses are at all times subject to such additional or different information that discovery or further investigation may disclose.  UBC reserves the right to make any use of, or to introduce at any hearing and trial, information and/or documents responsive to Defendant's RFPs but discovered subsequent to the date of these responses, including, but not limited to, any such information or documents obtained in discovery herein.

2.      UBC's statement that it "will produce" documents means that UBC will produce any non-privileged or otherwise immune protected documents in its possession, custody, or control based upon a reasonable search, and does not constitute a representation that such documents exist.

3.      UBC's investigation into the potential existence of materials responsive to Defendant's RFPs is ongoing and, if found, UBC reserves the right to withhold documents responsive to any of Defendant's RFPs on the basis of any of its general or specific objections.

4.      UBC reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility, or any other protection afforded by law as evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever of UBC's responses herein and any document or thing identified or provided in response to Defendant's RFPs.

5.      UBC reserves the right to object on any ground at any time to such other or supplemental requests as Defendant may at any time propound involving or relating to the subject matter of these RFPs.

6.      UBC incorporates each of the following General Objections and Objections to Defendant's Definitions and Instructions into each of its responses to each of Defendant's RFPs, and reserves the right to withhold responsive materials on the bases of each such Objection, whether or not expressly referred to in each such response.

7.      UBC reserves the right to supplement its answer, objections, or production if UBC uncovers additional documents or information appropriately called for by Defendant's RFPs.

## **GENERAL OBJECTIONS**

UBC makes the following objections, whether or not separately set forth in response to each RFP, to each of Defendant's instructions, definitions, and RFPs to the extent that they:

1.      Are directed to matters that are not relevant to any party's claims or defenses at issue in this action and the burden of discovery with respect to those matters is disproportionate to the needs of this litigation;

2.      Seek information, documents, or things that are not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit;

3.      Seek information or documents protected by the attorney-client privilege, work-product doctrine, common interest privilege, or any other privilege, immunity, or protection afforded by law. Any inadvertent disclosure or production of such information or documents shall not be deemed a waiver of any privilege or work-product with respect to such information or documents;

4.      Seek information already known to Defendant, available to Defendant from documents in its own files or from other sources, or equally available to Defendant as it is to UBC;

5.      Are duplicative, vague, ambiguous, overly broad, or unduly burdensome;

6.      Seek to assign meaning to words different from their plain and ordinary meaning;

7.      Seek information or documents that are not in UBC's possession, custody, or control;

8.      Seek information or documents subject to confidentiality agreements, protective orders, or any other obligation pursuant to which UBC is required to protect or maintain the confidentiality of any third party's information or documents.  Inadvertent disclosure of any confidential information shall not operate as a waiver of any applicable confidentiality protection or obligation;

9.      Are premature, such that they seek expert discovery or documents or things to be produced or disclosed at a later date according to the Federal Rules of Civil Procedure, the Local Civil Rules, the Pretrial Scheduling Order, any agreement(s) between the parties, or any other applicable authority;

10.     Are unlimited in scope as to time; or

11.     Attempt to impose obligations upon UBC that are not required by the Federal Rules of Civil Procedure, the Local Civil Rules, or any other applicable authority.

**OBJECTIONS TO DEFENDANT'S DEFINITIONS AND RULES OF CONSTRUCTION**

1.      UBC objects to the definitions of "UBC," "You," and "Your" as overly broad, unduly burdensome, vague, ambiguous, and as not relevant nor proportionate to the needs of the case, to the extent that it refers to any person or entity other than the Plaintiff, The University of British Columbia.

2.      UBC objects to the definition of "Berkeley Lights" as not commensurate in scope with Defendant's definition of UBC.

3.      UBC objects to the definition of the term "Patent" as overly broad, unduly burdensome, vague, ambiguous, and as not relevant nor proportionate to the needs of the case, to the extent that it refers to any patent not specifically enumerated in a document request.

4.      UBC objects to the definition of the term "Prior Art" as it is Defendant's obligation to identify prior art to the Asserted Patents in the first instance.

5.      UBC objects to the definition of the phrase "Related Patents and Applications" as overly broad, unduly burdensome, vague, ambiguous, and as not relevant nor proportionate to the needs of the case, including, but not limited, to the extent the phrase involves patents, applications, and/or other issues that are irrelevant to any claim or defense in the above-captioned cases.

6.      UBC objects to the definitions of the terms "Person," "Communication," "relate to," "reflecting," "relating to," "concerning," and "Document," to the extent that they seek to impose obligations upon UBC that are not required by the Federal Rules of Civil Procedure, the Local Civil Rules, or any other applicable authority.

7.      UBC objects to paragraphs 14, 17, 18, and 19-29 to the extent that they seek to impose obligations upon UBC that are not required by the Federal Rules of Civil Procedure, the Local Civil Rules, or any other applicable authority.

8.      UBC additionally objects to paragraph 20 as overly broad, unduly burdensome, vague, ambiguous, and as not relevant nor proportionate to the needs of the case, including, but not limited, to the extent it seeks production of documents not in UBC's possession, custody or control.

9.      UBC additionally objects to paragraph 23 as confusing.  Plaintiffs will assume that if a defined term or phrase is capitalized, then the meaning ascribed to it shall be used.  If not capitalized, Plaintiffs will assume the term to have its plain and ordinary meaning.

10.     UBC additionally objects to paragraph 24 as overly broad, unduly burdensome, vague, ambiguous, and as not relevant nor proportionate to the needs of the case, including, but not limited, to the extent it involves non-party "Juniper."  Plaintiffs will provide a privilege log at an agreed-upon time and in accordance with the Federal Rules of Civil Procedure, or agreement between the parties.

11.     UBC additionally objects to paragraph 25 as overly broad, unduly burdensome, vague, ambiguous, and as not relevant nor proportionate to the needs of the case.

## **RESPONSES TO REQUESTS**

**REQUEST FOR PRODUCTION NO. 1:**

Any Documents constituting, referring to, or relating to any investigations, analyses, studies, or opinions regarding the patentability (including prior art searches), enforceability, or infringement of the Asserted Patents or Related Patents and Applications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

UBC incorporates by reference each of the foregoing General Objections as if set forth herein.  UBC objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product protection, common interest privilege, or any other privileges or immunities.  UBC further objects to this Request on the grounds that it seeks documents and information that are not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and

1  expense to UBC outweighs any likely benefit to Defendant, including, but not limited to, the

2  extent that it is unlimited in time and scope and does not concern any disputed issue in this case,

3  including, but not limited to, the extent it seeks documents concerning "Related Patents and

4  Applications."  UBC further objects to the Request on the ground that the terms "investigations,"

5  "analyses," studies," and "opinions" are undefined, vague, and ambiguous.  UBC further objects

6  to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ny

7  Documents" regarding the requested subject matter.  UBC further objects to this Request to the

8  extent that it prematurely seeks UBC's contentions and/or expert opinion(s) before any date(s)

9  provided for in the Local Rules and/or any schedule agreed to by the parties and adopted by the

10  Court.  UBC further objects to this Request to the extent that it seeks expert testimony and/or legal

11  conclusions.

12      Subject to and without waiver of the foregoing general and specific objections, and to the

13  extent that UBC understands the Request, UBC does not intend to produce any documents in

14  response to this Request as currently drafted.  UBC is willing to meet and confer regarding this

15  Request.

16  **REQUEST FOR PRODUCTION NO. 2:**

17      All Documents constituting, referring to, or relating to any communication by or with any
   third party regarding the patentability, enforceability, enforcement, or infringement of the Asserted
18  Patents or Related Patents and Applications.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

20      UBC incorporates by reference each of the foregoing General Objections as if set forth

21  herein.  UBC objects to this Request to the extent that it seeks information protected from

22  disclosure by the attorney-client privilege, the attorney work product protection, common interest

23  privilege, or any other privileges or immunities.  UBC further objects to this Request on the

24  grounds that it seeks documents and information that are not relevant to any claim or defense

25  currently in this action and not proportional to the needs of the case, and because the burden and

26  expense to UBC outweighs any likely benefit to Defendant, including, but not limited to, the

27  extent that it is unlimited in time and scope and does not concern any disputed issue in this case,

28  including, but not limited to, the extent it seeks documents concerning "Related Patents and

Applications." UBC further objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents" and "any communications by or with any third party" regarding the requested subject matter. UBC further objects to this Request to the extent that it prematurely seeks UBC's contentions and/or expert opinion(s) before any date(s) provided for in the Local Rules and/or any schedule agreed to by the parties and adopted by the Court. UBC further objects to this Request to the extent that it seeks expert testimony and/or legal conclusions.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that UBC understands the Request, UBC does not intend to produce any documents in response to this Request as currently drafted. UBC is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents constituting, referring to, or relating to the preparation, filing, or prosecution of the Asserted Patents or Related Patents and Applications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

UBC incorporates by reference each of the foregoing General Objections as if set forth herein. UBC objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product protection, common interest privilege, or any other privileges or immunities. UBC further objects to this Request on the grounds that it seeks documents and information that are not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to UBC outweighs any likely benefit to Defendant, including, but not limited to, the extent that it is unlimited in time and scope and does not concern any disputed issue in this case, including, but not limited to, the extent it seeks documents concerning "Related Patents and Applications." UBC further objects to the Request on the ground that the terms "preparation," "filing," and "prosecution" are undefined, vague, and ambiguous. UBC further objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents" regarding the requested subject matter. UBC further objects to this Request to the extent that it seeks expert testimony and/or legal conclusions. UBC further objects to this Request as unduly

burdensome as Defendant is no more burdened by the task of retrieving publicly available documents than is UBC.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that UBC understands the Request, UBC intends to produce a copy of the file history for each patent within the definition of Asserted Patents. UBC does not intend to produce any other documents in response to this Request as currently drafted.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications relating to the named inventors of the Asserted Patents (including Anupam Singhal, Carl L.F. Hansen, John W. Schrader, Charles A. Haynes, Daniel J. Da Costa, Veronique Lecault, and James M. Piret) and concerning the Asserted Patents or Related Patents and Applications

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

UBC incorporates by reference each of the foregoing General Objections as if set forth herein. UBC objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product protection, common interest privilege, or any other privileges or immunities. UBC further objects to this Request on the grounds that it seeks documents and information that are not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to UBC outweighs any likely benefit to Defendant, including, but not limited to, the extent that it is unlimited in time and scope and does not concern any disputed issue in this case, including, but not limited to, the extent it seeks documents concerning "Related Patents and Applications." UBC further objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents and Communications" regarding the requested subject matter. UBC further objects to this Request on the ground that it seeks information or documents that are not within UBC's possession, custody, or control.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that UBC understands the Request, UBC will search for and, if found, produce copies of documents that relate to the conception and reduction to practice of the inventions claimed in the asserted claims of the Asserted Patents to the extent that any such documents are not protected

from disclosure based on any applicable privilege or immunity.  UBC does not intend to produce any other documents in response to this Request as currently drafted.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents constituting, referring to, or relating to any licenses to and decisions to license the Asserted Patents or Related Patents and Applications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

UBC incorporates by reference each of the foregoing General Objections as if set forth herein.  UBC objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product protection, common interest privilege, or any other privileges or immunities.  UBC further objects to this Request on the grounds that it seeks documents and information that are not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to UBC outweighs any likely benefit to Defendant, including, but not limited to, the extent that it is unlimited in time and scope and does not concern any disputed issue in this case, including, but not limited to, the extent it seeks documents concerning "Related Patents and Applications."  UBC further objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents" regarding the requested subject matter.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that UBC understands the Request, UBC intends to produce AbCellera's license agreement with UBC for the Asserted Patents.  UBC does not intend to produce any other documents in response to this Request as currently drafted.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents relating to Your decision to license the Asserted Patents or Related Patents and Applications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

UBC incorporates by reference each of the foregoing General Objections as if set forth herein.  UBC objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product protection, common interest privilege, or any other privileges or immunities.  UBC further objects to this Request on the

grounds that it seeks documents and information that are not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to UBC outweighs any likely benefit to Defendant, including, but not limited to, the extent that it is unlimited in time and scope and does not concern any disputed issue in this case, including, but not limited to, the extent it seeks documents concerning "Related Patents and Applications."  UBC further objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents" regarding the requested subject matter.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that UBC understands the Request, UBC does not intend to produce any documents in response to this Request as currently drafted.  UBC is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents purporting or attempting to assign a value to the Asserted Patents or Related Patents and Applications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

UBC incorporates by reference each of the foregoing General Objections as if set forth herein.  UBC objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product protection, common interest privilege, or any other privileges or immunities.  UBC further objects to this Request on the grounds that it seeks documents and information that are not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to UBC outweighs any likely benefit to Defendant, including, but not limited to, the extent that it is unlimited in time and scope and does not concern any disputed issue in this case, including, but not limited to, the extent it seeks documents concerning "Related Patents and Applications."  UBC further objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents" regarding the requested subject matter.  UBC further objects to the Request on the ground that the term "assign a value" is undefined, vague, and ambiguous. UBC further objects to this Request to the extent that it prematurely seeks UBC's contentions

and/or expert opinion(s) before any date(s) provided for in the Local Rules and/or any schedule agreed to by the parties and adopted by the Court. UBC further objects to this Request to the extent that it seeks expert testimony and/or legal conclusions.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that UBC understands the Request, UBC does not intend to produce any documents in response to this Request as currently drafted. UBC is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents constituting, referring to, or relating to the first disclosure of the subject matter disclosed or claimed in the Asserted Patents or Related Patents and Applications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

UBC incorporates by reference each of the foregoing General Objections as if set forth herein. UBC objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product protection, common interest privilege, or any other privileges or immunities. UBC further objects to this Request on the grounds that it seeks documents and information that are not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to UBC outweighs any likely benefit to Defendant, including, but not limited to, the extent it seeks information about "the first disclosure" in the absence of any dispute regarding this subject matter, and to the extent that it seeks documents concerning "Related Patents and Applications." UBC further objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents" regarding the requested subject matter. UBC further objects to this Request to the extent that it seeks expert testimony and/or legal conclusions. UBC further objects to this Request as unduly burdensome as Defendant is no more burdened by the task of retrieving publicly available documents than is UBC.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that UBC understands the Request, UBC does not intend to produce any documents in

1    response to this Request as currently drafted.  UBC is willing to meet and confer regarding this

2    Request.

3    **REQUEST FOR PRODUCTION NO. 9:**

4          All Documents constituting, referring to, or relating to the first disclosure outside of UBC
     of the subject matter disclosed or claimed in the Asserted Patents or Related Patents and

5    Applications.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

7          UBC incorporates by reference each of the foregoing General Objections as if set forth

8    herein.  UBC objects to this Request to the extent that it seeks information protected from

9    disclosure by the attorney-client privilege, the attorney work product protection, common interest

10   privilege, or any other privileges or immunities.  UBC further objects to this Request on the

11   grounds that it seeks documents and information that are not relevant to any claim or defense

12   currently in this action and not proportional to the needs of the case, and because the burden and

13   expense to UBC outweighs any likely benefit to Defendant, including, but not limited to, the

14   extent it seeks information about "the first disclosure" in the absence of any dispute regarding this

15   subject matter, and to the extent that it seeks documents concerning "Related Patents and

16   Applications."  UBC further objects to this Request as overly broad and unduly burdensome to the

17   extent that it seeks "[a]ll Documents" regarding the requested subject matter.  UBC further objects

18   to this Request to the extent that it seeks expert testimony and/or legal conclusions.  UBC further

19   objects to this Request as unduly burdensome as Defendant is no more burdened by the task of

20   retrieving publicly available documents than is UBC.

21         Subject to and without waiver of the foregoing general and specific objections, and to the

22   extent that UBC understands the Request, UBC does not intend to produce any documents in

23   response to this Request as currently drafted.  UBC is willing to meet and confer regarding this

24   Request.

25   **REQUEST FOR PRODUCTION NO. 10:**

26         All Documents, including all laboratory notebooks and other records and data, research
     summaries, presentations, meeting minutes, and Communications referring or relating to the
27   conception, design, testing, reduction to practice, or development of devices and methods that are
     disclosed or claimed in the Asserted Patents or Related Patents and Applications, or (without

28

limitation) which you contend to be disclosed or claimed in the Asserted Patents or Related Patents and Applications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

UBC incorporates by reference each of the foregoing General Objections as if set forth herein.  UBC objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product protection, common interest privilege, or any other privileges or immunities.  UBC further objects to this Request on the grounds that it seeks documents and information that are not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to UBC outweighs any likely benefit to Defendant, including, but not limited to, the extent that it is unlimited in time and scope and does not concern any disputed issue in this case, including, but not limited to, the extent it seeks documents concerning "Related Patents and Applications."  UBC further objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents … and Communications" regarding the requested subject matter.  UBC further objects to the Request on the ground that the terms "other records," "data," "research summaries," "presentations," "meeting minutes," "design," "testing," and "development" are undefined, vague, and ambiguous.  UBC further objects to this Request to the extent that it prematurely seeks UBC's contentions and/or expert opinion(s) before any date(s) provided for in the Local Rules and/or any schedule agreed to by the parties and adopted by the Court.  UBC further objects to this Request to the extent that it seeks expert testimony and/or legal conclusions.  UBC further objects to this Request on the ground that it seeks information or documents that are not within UBC's possession, custody, or control.  UBC further objects to this Request as unduly burdensome as Defendant is no more burdened by the task of retrieving publicly available documents than is UBC.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that UBC understands the Request, UBC will search for and, if found, produce copies of documents that relate to the conception and reduction to practice of the inventions claimed in the asserted claims of the Asserted Patents to the extent that any such documents are not protected

from disclosure based on any applicable privilege or immunity.  UBC does not intend to produce any other documents in response to this Request as currently drafted.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents constituting, referring to, or relating to any comparison of the Asserted Patents and Related Patents and Applications, or the inventions claimed or disclosed in, or that You contend are claimed or disclosed in, the Asserted Patents and Related Patents and Applications, on the one hand, and the Accused Products, on the other hand, including without limitation any documents that include references to both the Accused Products and the Asserted Patents and Related Patents and Applications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

UBC incorporates by reference each of the foregoing General Objections as if set forth herein.  UBC objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product protection, common interest privilege, or any other privileges or immunities.  UBC further objects to this Request on the grounds that it seeks documents and information that are not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to UBC outweighs any likely benefit to Defendant, including, but not limited to, the extent that it is unlimited in time and scope and does not concern any disputed issue in this case, including, but not limited to, the extent it seeks documents concerning "Related Patents and Applications."  UBC further objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents" regarding the requested subject matter.  UBC further objects to this Request to the extent that it prematurely seeks UBC's contentions and/or expert opinion(s) before any date(s) provided for in the Local Rules and/or any schedule agreed to by the parties and adopted by the Court.  UBC further objects to this Request to the extent that it seeks expert testimony and/or legal conclusions.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that UBC understands the Request, UBC will produce its infringement contentions and associated documents in accordance with the Local Rules and any schedule adopted by the Court. UBC does not intend to produce any other documents in response to this Request as currently drafted.

Case Nos. 20-cv-08624-LHK, 20-cv-08626-LHK, 20-cv-08627-LHK
UNIVERSITY OF BRITISH COLUMBIA'S RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 12:**

All Documents referring or relating to the date(s) on which or the circumstances under which You first became aware of the Beacon® system or any documents, including scientific articles or patent applications, concerning the Beacon® system.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

UBC incorporates by reference each of the foregoing General Objections as if set forth herein. UBC objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product protection, common interest privilege, or any other privileges or immunities. UBC further objects to this Request on the grounds that it seeks documents and information that are not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to UBC outweighs any likely benefit to Defendant, including, but not limited to, the extent that it is unlimited in time and scope and does not concern any disputed issue in this case, including, but not limited to, the extent it seeks documents concerning when UBC first became aware of the Beacon system. UBC further objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents" regarding the requested subject matter. UBC further objects to this Request as unduly burdensome as Defendant is no more burdened by the task of retrieving publicly available documents than is UBC.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that UBC understands the Request, UBC does not intend to produce any documents in response to this Request as currently drafted. UBC is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents or Communications, including any Communications with any third party, that discuss or reference Berkeley Lights the Accused Products, or other Berkeley Lights products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

UBC incorporates by reference each of the foregoing General Objections as if set forth herein. UBC objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product protection, common interest

privilege, or any other privileges or immunities.  UBC further objects to this Request on the grounds that it seeks documents and information that are not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to UBC outweighs any likely benefit to Defendant, including, but not limited to, the extent that it is unlimited in time and scope and does not concern any disputed issue in this case. UBC further objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents or Communications" regarding the requested subject matter.  UBC further objects to the Request on the ground that the phrases "other Berkeley Lights products" and "any third party" are undefined, vague, and ambiguous.  UBC further objects to this Request on the ground that it seeks information or documents that are not within UBC's possession, custody, or control.  UBC further objects to this Request as unduly burdensome as Defendant is no more burdened by the task of retrieving publicly available documents than is UBC.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that UBC understands the Request, UBC does not intend to produce any documents in response to this request as currently drafted.  UBC is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents constituting, referring to, or relating to AbCellera's license agreement with UBC for the Asserted Patents, including without limitation any Documents referencing proposed financial terms in this agreement and any alternative drafts of this agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

UBC incorporates by reference each of the foregoing General Objections as if set forth herein.  UBC objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product protection, common interest privilege, or any other privileges or immunities.  UBC further objects to this Request on the grounds that it seeks documents and information that are not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to UBC outweighs any likely benefit to Defendant, including, but not limited to, the extent that it is unlimited in time and scope and does not concern any disputed issue in this case,

including, but not limited to, the extent it seeks documents regarding "any alternative drafts of this agreement." UBC further objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents" regarding the requested subject matter. UBC further objects to the Request on the ground that the phrase "referencing proposed financial terms" is undefined, vague, and ambiguous.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that UBC understands the Request, UBC intends to produce AbCellera's license agreement with UBC for the Asserted Patents. UBC does not intend to produce any other documents in response to this Request as currently drafted.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents referring or relating to Your licensing policies, practices, and/ or procedures, including without limitation, Documents referring or relating to any calculation or determination of, or to any policy practice relating to the calculation or determination of, any royalty or royalty rate.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

UBC incorporates by reference each of the foregoing General Objections as if set forth herein. UBC objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product protection, common interest privilege, or any other privileges or immunities. UBC further objects to this Request on the grounds that it seeks documents and information that are not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to UBC outweighs any likely benefit to Defendant, including, but not limited to, the extent that it is unlimited in time and scope and does not concern any disputed issue in this case. UBC further objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents" regarding the requested subject matter. UBC further objects to the Request on the ground that the terms "licensing policies," "practices," "procedures," "policy practice," "royalty," and "royalty rate" are undefined, vague, and ambiguous.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that UBC understands the Request, UBC does not intend to produce any documents in

response to this Request as currently drafted. UBC is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents constituting, referring to, or relating to any valuation or appraisal of any of the Asserted Patents or Related Patents and Applications, including any Documents Concerning valuation of the Asserted Patents or Related Patents and Applications for purposes of licensing or for purposes of potential investment by prospective investors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

UBC incorporates by reference each of the foregoing General Objections as if set forth herein. UBC objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product protection, common interest privilege, or any other privileges or immunities. UBC further objects to this Request on the grounds that it seeks documents and information that are not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to UBC outweighs any likely benefit to Defendant, including, but not limited to, the extent that it is unlimited in time and scope and does not concern any disputed issue in this case, including, but not limited to, the extent it seeks documents concerning "Related Patents and Applications." UBC further objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents" regarding the requested subject matter. UBC further objects to the Request on the ground that the terms "valuation," "appraisal," "potential investment," "prospective investors" are undefined, vague, and ambiguous. UBC further objects to this Request to the extent that it prematurely seeks UBC's contentions and/or expert opinion(s) before any date(s) provided for in the Local Rules and/or any schedule agreed to by the parties and adopted by the Court. UBC further objects to this Request to the extent that it seeks expert testimony and/or legal conclusions.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that UBC understands the Request, UBC does not intend to produce any documents in response to this Request as currently drafted. UBC is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents that support, contradict, or Concern Your contention that You are entitled to damages pursuant to 35 U.S.C. § 284.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

UBC incorporates by reference each of the foregoing General Objections as if set forth herein.  UBC objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product protection, common interest privilege, or any other privileges or immunities.  UBC further objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents" regarding the requested subject matter.  UBC further objects to this Request to the extent that it prematurely seeks UBC's contentions and/or expert opinion(s) before any date(s) provided for in the Local Rules and/or any schedule agreed to by the parties and adopted by the Court.  UBC further objects to this Request to the extent that it seeks expert testimony and/or legal conclusions.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that UBC understands the Request, UBC will produce its contentions and associated documents in accordance with the Local Rules and any schedule adopted by the Court.  UBC does not intend to produce any other documents in response to this Request as currently drafted.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents that support, contradict, or Concern Your contention that You are entitled to attorney's fees and costs under 35 U.S.C. § 285.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

UBC incorporates by reference each of the foregoing General Objections as if set forth herein.  UBC objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product protection, common interest privilege, or any other privileges or immunities.  UBC further objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents" regarding the requested subject matter.  UBC further objects to this Request to the extent that it prematurely seeks UBC's contentions and/or expert opinion(s) before any date(s) provided for in the Local Rules and/or any

schedule agreed to by the parties and adopted by the Court.  UBC further objects to this Request to the extent that it seeks expert testimony and/or legal conclusions.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that UBC understands the Request, UBC does not intend to produce any documents in response to this Request as currently drafted.  UBC is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents that support, contradict, or Concern Your request for enhanced damages up to and including treble damages.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

UBC incorporates by reference each of the foregoing General Objections as if set forth herein.  UBC objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product protection, common interest privilege, or any other privileges or immunities.  UBC further objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents" regarding the requested subject matter.  UBC further objects to this Request to the extent that it prematurely seeks UBC's contentions and/or expert opinion(s) before any date(s) provided for in the Local Rules and/or any schedule agreed to by the parties and adopted by the Court.  UBC further objects to this Request to the extent that it seeks expert testimony and/or legal conclusions.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that UBC understands the Request, UBC does not intend to produce any documents in response to this Request as currently drafted.  UBC is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents supporting, contradicting, or Relating to Your contention that You are entitled to costs and reasonable expenses to the fullest extent permitted by law.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

UBC incorporates by reference each of the foregoing General Objections as if set forth herein.  UBC objects to this Request to the extent that it seeks information protected from

disclosure by the attorney-client privilege, the attorney work product protection, common interest privilege, or any other privileges or immunities.  UBC further objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents" regarding the requested subject matter.  UBC further objects to this Request to the extent that it prematurely seeks UBC's contentions and/or expert opinion(s) before any date(s) provided for in the Local Rules and/or any schedule agreed to by the parties and adopted by the Court.  UBC further objects to this Request to the extent that it seeks expert testimony and/or legal conclusions.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that UBC understands the Request, UBC does not intend to produce any documents in response to this Request as currently drafted.  UBC is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents that support, contradict, or concern Your Contention that Berkeley Lights' alleged infringement of any claim of the Asserted Patents has caused, is causing, and/ or will cause You irreparable harm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

UBC incorporates by reference each of the foregoing General Objections as if set forth herein.  UBC objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product protection, common interest privilege, or any other privileges or immunities.  UBC further objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents" regarding the requested subject matter.  UBC further objects to this Request to the extent that it prematurely seeks UBC's contentions and/or expert opinion(s) before any date(s) provided for in the Local Rules and/or any schedule agreed to by the parties and adopted by the Court.  UBC further objects to this Request to the extent that it seeks expert testimony and/or legal conclusions.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that UBC understands the Request, UBC does not intend to produce any documents in response to this Request as currently drafted.  UBC is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents identified in Your responses to any interrogatory or request for admission propounded by Berkeley Lights in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

UBC incorporates by reference each of the foregoing General Objections as if set forth herein.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that UBC understands the Request, UBC will conduct a reasonable search for and, if found, will produce non-public documents explicitly identified in its Responses to BLI's First Set of Interrogatories to UBC (Nos. 1-9) that have not otherwise been produced.  UBC does not intend to produce any other documents in response to this Request as currently drafted.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents concerning Berkeley Lights' research and development efforts, including without limitation Documents concerning Berkeley Lights' design and development of the Accused Products and Berkeley Lights' design and development of other products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

UBC incorporates by reference each of the foregoing General Objections as if set forth herein.  UBC objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product protection, common interest privilege, or any other privileges or immunities.  UBC further objects to this Request on the grounds that it seeks documents and information that are not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to UBC outweighs any likely benefit to Defendant, including, but not limited to, the extent that it is unlimited in time and scope and does not concern any disputed issue in this case.  UBC further objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents" regarding the requested subject matter.  UBC further objects to this Request on the ground that it seeks information or documents that are not within UBC's possession, custody, or control; but rather is in the possession, custody, or control of Defendant.

UBC further objects to this Request as unduly burdensome as Defendant is no more burdened by the task of retrieving publicly available documents than is UBC.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that UBC understands the Request, UBC does not intend to produce any documents in response to this Request as currently drafted.  UBC is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents constituting, referring to, or relating to any analysis of any product other than the Accused Products, infringes any of the Asserted Patents or Related Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

UBC incorporates by reference each of the foregoing General Objections as if set forth herein.  UBC objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product protection, common interest privilege, or any other privileges or immunities.  UBC further objects to this Request on the grounds that it seeks documents and information that are not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to UBC outweighs any likely benefit to Defendant, including, but not limited to, the extent that it is unlimited in time and scope and does not concern any disputed issue in this case to the extent it seeks documents concerning "Related Patents" and documents concerning products not at issue in this action.  UBC further objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents" regarding the requested subject matter. UBC further objects to the Request on the ground that the phrase "any product other than the Accused Products" is undefined, vague, and ambiguous.  UBC further objects to this Request on the ground that it seeks information or documents that are not within UBC's possession, custody, or control.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that UBC understands the Request, UBC does not intend to produce any documents in

1  response to this Request as currently drafted.  UBC is willing to meet and confer regarding this

2  Request.

3  **REQUEST FOR PRODUCTION NO. 25:**

4       All Documents referring or relating to whether or not the Beacon® system, the Culture
   Station™ system, or the Opto™ Plasma B Discovery Workflow satisfies any elements of the
5  Asserted Claims.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

7       UBC incorporates by reference each of the foregoing General Objections as if set forth

8  herein.  UBC objects to this Request to the extent that it seeks information protected from

9  disclosure by the attorney-client privilege, the attorney work product protection, common interest

10 privilege, or any other privileges or immunities.  UBC further objects to this Request on the

11 grounds that it seeks documents and information that are not relevant to any claim or defense

12 currently in this action and not proportional to the needs of the case, and because the burden and

13 expense to UBC outweighs any likely benefit to Defendant, including, but not limited to, the

14 extent that it is unlimited in time and scope and does not concern any disputed issue in this case.

15 UBC further objects to this Request as overly broad and unduly burdensome to the extent that it

16 seeks "[a]ll Documents" regarding the requested subject matter.  UBC further objects to the

17 Request on the ground that the phrase "Asserted Claims" is undefined, vague, and ambiguous.

18 UBC further objects to this Request on the ground that it seeks information or documents that are

19 not within UBC's possession, custody, or control.

20      Subject to and without waiver of the foregoing general and specific objections, and to the

21 extent that UBC understands the Request, UBC will produce its infringement contentions and

22 associated documents in accordance with the Local Rules and any schedule adopted by the Court.

23 UBC does not intend to produce any other documents in response to this Request as currently

24 drafted.

25 **REQUEST FOR PRODUCTION NO. 26:**

26      All Documents referring or relating to UBC's decision to sue Berkeley Lights for
   infringement of the Asserted Patents.

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

UBC incorporates by reference each of the foregoing General Objections as if set forth herein.  UBC objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product protection, common interest privilege, or any other privileges or immunities.  UBC further objects to this Request on the grounds that it seeks documents and information that are not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to UBC outweighs any likely benefit to Defendant, including, but not limited to, the extent that it is unlimited in time and scope and does not concern any disputed issue in this case.  UBC further objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents" regarding the requested subject matter.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that UBC understands the Request, UBC does not intend to produce any documents in response to this Request as currently drafted.  UBC is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents sufficient to show the identity, structure, and operation of any products You contend embody the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

UBC incorporates by reference each of the foregoing General Objections as if set forth herein.  UBC objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product protection, common interest privilege, or any other privileges or immunities.  UBC further objects to this Request on the grounds that it seeks documents and information that are not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to UBC outweighs any likely benefit to Defendant, including, but not limited to, the extent that it is unlimited in time and scope and does not concern any disputed issue in this case. UBC further objects to this Request as overly broad and unduly burdensome to the extent that it

seeks "[a]ll Documents" regarding the requested subject matter.  UBC further objects to the Request on the ground that the phrases "identity, structure, and operation," "any products," and "embody the Asserted Patents" are undefined, vague, and ambiguous.  UBC further objects to this Request to the extent that it prematurely seeks UBC's contentions and/or expert opinion(s) before any date(s) provided for in the Local Rules and/or any schedule agreed to by the parties and adopted by the Court.  UBC further objects to this Request to the extent that it seeks expert testimony and/or legal conclusions.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that UBC understands the Request, UBC does not intend to produce any documents in response to this Request as currently drafted.  UBC is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents that refer or relate to the design and development of any products You contend embody the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

UBC incorporates by reference each of the foregoing General Objections as if set forth herein.  UBC objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product protection, common interest privilege, or any other privileges or immunities.  UBC further objects to this Request on the grounds that it seeks documents and information that are not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to UBC outweighs any likely benefit to Defendant, including, but not limited to, the extent that it is unlimited in time and scope and does not concern any disputed issue in this case, including, but not limited to, the extent it seeks documents concerning products not at issue in this litigation.  UBC further objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents" regarding the requested subject matter.  UBC further objects to the Request on the ground that the terms and phrases "design," "development," "any products" and "embody the Asserted Patents" are undefined, vague, and ambiguous.  UBC further objects to

this Request to the extent that it prematurely seeks UBC's contentions and/or expert opinion(s) before any date(s) provided for in the Local Rules and/or any schedule agreed to by the parties and adopted by the Court.  UBC further objects to this Request to the extent that it seeks expert testimony and/or legal conclusions.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that UBC understands the Request, UBC does not intend to produce any documents in response to this Request as currently drafted.  UBC is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 29:**

Documents sufficient to show all customers of any products You contend embody the Asserted Patents, including when those customers became Your customers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

UBC incorporates by reference each of the foregoing General Objections as if set forth herein.  UBC objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product protection, common interest privilege, or any other privileges or immunities.  UBC further objects to this Request on the grounds that it seeks documents and information that are not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to UBC outweighs any likely benefit to Defendant, including, but not limited to, the extent that it is unlimited in time and scope and does not concern any disputed issue in this case, including, but not limited to, the extent it seeks documents concerning products not at issue in this litigation.  UBC further objects to this Request as overly broad and unduly burdensome to the extent that it seeks documents concerning "[a]ll customers" of "any products" regarding the requested subject matter.  UBC further objects to the Request on the ground that the phrases "customers," "any products," and "embody the Asserted Patents" are undefined, vague, and ambiguous.  UBC further objects to this Request on the ground that it seeks information or documents that are not within UBC's possession, custody, or control.

1    Subject to and without waiver of the foregoing general and specific objections, and to the

2    extent that UBC understands the Request, UBC does not intend to produce any documents in

3    response to this Request as currently drafted.  UBC is willing to meet and confer regarding this

4    Request.

5    **REQUEST FOR PRODUCTION NO. 30:**

6    Any agreements, including without limitation agreements between AbCellera and UBC,
relating or referring to this Litigation.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

8    UBC incorporates by reference each of the foregoing General Objections as if set forth

9    herein.  UBC objects to this Request to the extent that it seeks information protected from

10   disclosure by the attorney-client privilege, the attorney work product protection, common interest

11   privilege, or any other privileges or immunities.  UBC further objects to this Request on the

12   grounds that it seeks documents and information that are not relevant to any claim or defense

13   currently in this action and not proportional to the needs of the case, and because the burden and

14   expense to UBC outweighs any likely benefit to Defendant, including, but not limited to, the

15   extent that it is unlimited in time and scope and does not concern any disputed issues in this case.

16   UBC further objects to this Request as overly broad and unduly burdensome to the extent that it

17   seeks "[a]ny agreements" regarding the requested subject matter.

18   Subject to and without waiver of the foregoing general and specific objections, and to the

19   extent that UBC understands the Request, UBC does not intend to produce any documents in

20   response to this Request as currently drafted.  UBC is willing to meet and confer regarding this

21   Request.

22   **REQUEST FOR PRODUCTION NO. 31:**

23   All Communications between AbCellera and UBC referring or relating to the decision to
sue Berkeley Lights in the Litigation.

24

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

26   UBC incorporates by reference each of the foregoing General Objections as if set forth

27   herein.  UBC objects to this Request to the extent that it seeks information protected from

28   disclosure by the attorney-client privilege, the attorney work product protection, common interest

privilege, or any other privileges or immunities.  UBC further objects to this Request on the grounds that it seeks documents and information that are not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to UBC outweighs any likely benefit to Defendant, including, but not limited to, the extent that it is unlimited in time and scope and does not concern any disputed issues in this case. UBC further objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll communications" regarding the requested subject matter.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that UBC understands the Request, UBC does not intend to produce any documents in response to this Request as currently drafted.  UBC is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents constituting, referring or relating to any analysis of Berkeley Lights' patents, patent applications, or technologies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

UBC incorporates by reference each of the foregoing General Objections as if set forth herein.  UBC objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product protection, common interest privilege, or any other privileges or immunities.  UBC further objects to this Request on the grounds that it seeks documents and information that are not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to UBC outweighs any likely benefit to Defendant, including, but not limited to, the extent that it is unlimited in time and scope and does not concern any disputed issue in this case, including, but not limited to, the extent it seeks documents concerning patents other than the Asserted Patents.  UBC further objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll documents" regarding the requested subject matter.  UBC further objects to this Request to the extent that it seeks expert testimony and/or legal conclusions.  UBC

further objects to this Request on the ground that it seeks information or documents that are not within UBC's possession, custody, or control.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that UBC understands the Request, UBC does not intend to produce any documents in response to this Request as currently drafted. UBC is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 33:**

All lab notebooks from 2007-present date for each of the named inventors on the inventions claimed or disclosed in, or that You contend are claimed or disclosed in, the Asserted Patents and Related Patents and Applications, including abandoned patent applications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

UBC incorporates by reference each of the foregoing General Objections as if set forth herein. UBC objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product protection, common interest privilege, or any other privileges or immunities. UBC further objects to this Request on the grounds that it seeks documents and information that are not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to UBC outweighs any likely benefit to Defendant, including, but not limited to, the extent that it is unlimited in time and scope and does not concern any disputed issue in this case, including, but not limited to, the extent it seeks documents concerning "Related Patents and Applications, including abandoned patent applications" and inventions not "claimed or disclosed" in the Asserted Patents. UBC further objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll laboratory notebooks" regarding the requested subject matter. UBC further objects to this Request to the extent that it seeks expert testimony and/or legal conclusions. UBC further objects to this Request on the ground that it seeks information or documents that are not within UBC's possession, custody, or control.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that UBC understands the Request, UBC does not intend to produce any documents in

response to this Request as currently drafted.  UBC is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents or Communications, including Communications between AbCellera and UBC, referring to or relating to the Petition filed for Post-Grant Review of U.S. Patent No. 10,646,871.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

UBC incorporates by reference each of the foregoing General Objections as if set forth herein.  UBC objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product protection, common interest privilege, or any other privileges or immunities.  UBC further objects to this Request on the grounds that it seeks documents and information that are not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to UBC outweighs any likely benefit to Defendant, including, but not limited to, the extent that it is unlimited in time and scope and does not concern any disputed issue in this case, including, but not limited to, the extent it seeks documents concerning patents other than the Asserted Patents.  UBC further objects to this Request as overly broad and unduly burdensome to the extent it seeks "[a]ll Documents or Communications" regarding the requested subject matter. UBC further objects to this Request as unduly burdensome as Defendant is no more burdened by the task of retrieving publicly available documents than is UBC.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that UBC understands the Request, UBC does not intend to produce any documents in response to this Request as currently drafted.  UBC is willing to meet and confer regarding this Request.

Dated: March 26, 2021                          By:    /s/ Eric C. Stops

Eric C. Stops (admitted *pro hac vice*)
ericstops@quinnemanuel.com
F. Dominic Cerrito (admitted *pro hac vice*)
nickcerrito@quinnemanuel.com)
Angus Chen, Ph.D. (admitted *pro hac vice*)
anguschen@quinnemanuel.com
Brian P. Biddinger (Cal. Bar No. 224604)
brianbiddinger@quinnemanuel.com
Catherine T. Mattes (*pro hac vice* pending)
catherinemattes@quinnemanuel.com
Brian J. Forsatz, Ph.D. (admitted *pro hac vice*)
brianforsatz@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

Brian C. Cannon (Cal. Bar No. 193071)
briancannon@quinnemanuel.com
Bingxue (Allison) Que (Cal. Bar No. 324044)
allisonque@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000

Nathan N. Sun (Cal. Bar No. 284782)
nathansun@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600

*Attorneys for Plaintiffs*
*AbCellera Biologics Inc. and The University of*
*British Columbia*

## **CERTIFICATE OF SERVICE**

I, Eric Stops, am employed in the County of New York, State of New York.  I am over the age of eighteen years and not a party to the within action; my business address is 51 Madison Avenue, 22nd Floor, New York, New York 10010.

On March 26, 2021, I served a true copy of **UNIVERSITY OF BRITISH COLUMBIA'S RESPONSES TO DEFENDANT BERKELEY LIGHTS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF UNIVERSITY OF BRITISH COLUMBIA** via email, on the interested parties in this action addressed as follows:

| | |
|---|---|
| IRELL & MANELLA LLP | TURNER BOYD LLP |
| Morgan Chu | Karen I. Boyd |
| mchu@irell.com | boyd@turnerboyd.com |
| Alan J. Heinrich | Jennifer Seraphine |
| aheinrich@irell.com | seraphine@turnerboyd.com |
| Keith A. Orso | Keeley I. Vega |
| korso@irell.com | vega@turnerboyd.com |
| Elizabeth C. Tuan | Marc David Peters |
| etuan@irell.com | mdpeters@turnerboyd.com |
| Dennis Courtney | Louis L. Wai |
| dcourtney@irell.com | wai@turnerboyd.com |
| IRELL & MANELLA LLP | TURNER BOYD LLP |
| 1800 Avenue of the Stars, Suite 900 | 702 Marshall Street, Suite 640 |
| Los Angeles, California 90067 | Redwood City, California 94063 |
| Telephone: (310) 277-1010 | Telephone: (650) 521-5930 |
| Facsimile: (310) 203-7199 | Facsimile: (650) 521-5931 |
| *Attorneys for Defendant Berkeley Lights, Inc.* | *Attorneys for Defendant Berkeley Lights, Inc.* |

**BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from ericstops@quinnemanuel.com on March 26, 2021, by transmitting PDF format copies of such documents to each such person at the e-mail address specified above. The documents were transmitted by electronic transmission and such transmission was reported as complete and without error. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 26, 2021, at New York, New York.

/s/ Eric C. Stops
Eric Stops