# EXHIBIT C

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Brian C. Cannon (Cal. Bar No. 193071)
2  briancannon@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
3  Redwood Shores, California 94065-2129
   (650) 801-5055 Tel.
4  (650) 801-5100 Fax

5  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Brian P. Biddinger (Cal. Bar No. 224604)
6  brianbiddinger@quinnemanuel.com
   51 Madison Avenue, 22nd Floor
7  New York, NY 10010
   (212) 849-7120 Tel.
8  (212) 849-7100 Fax

9  Attorneys for Plaintiffs
   ABCELLERA BIOLOGICS INC. and
10 THE UNIVERSITY OF BRITISH COLUMBIA

11 (additional counsel on signature page)

12                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
13                   SAN JOSE DIVISION

14 ABCELLERA BIOLOGICS INC. and THE        Case No. 5:20-cv-08624-LHK
   UNIVERSITY OF BRITISH COLUMBIA,         Case No. 5:20-cv-08626-LHK
15                                          Case No. 5:20-cv-08627-LHK
              Plaintiffs,
16
         vs.                               **ABCELLERA BIOLOGICS INC.'S**
17                                          **RESPONSES TO DEFENDANT**
   BERKELEY LIGHTS, INC.,                  **BERKELEY LIGHTS, INC.'S FIRST SET**
18                                          **OF INTERROGATORIES TO PLAINTIFF**
              Defendant.                   **ABCELLERA BIOLOGICS INC.**
19

20

21        Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the applicable

22 Local Civil of the United States District Court for the Northern District of California (the "Local

23 Rules"), Plaintiff AbCellera Biologics Inc. ("AbCellera") hereby objects and responds to

24 Defendant Berkeley Lights, Inc.'s First Set of Interrogatories to Plaintiff AbCellera Biologics Inc.

25 submitted by Defendant Berkeley Lights, Inc. ("Berkeley Lights" or "Defendant") as set forth

26 below.

27

28

## GENERAL RESPONSES

1.      AbCellera's responses to Defendant's First Set of Rule 33 Interrogatories are made to the best of AbCellera's present knowledge, information, and belief. Said responses are at all times subject to such additional or different information that discovery or further investigation may disclose.  AbCellera reserves the right to make any use of, or to introduce at any hearing and trial, information and/or documents responsive to Defendant's interrogatories but discovered subsequent to the date of these responses, including, but not limited to, any such information or documents obtained in discovery herein.

2.      AbCellera's statement that it "will identify" documents means that AbCellera will identify any documents in its production(s) based upon a reasonable search, and does not constitute a representation that such documents exist.

3.      AbCellera reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever of AbCellera's responses herein and any document or thing identified or provided in response to Defendant's interrogatories.

4.      AbCellera reserves the right to object on any ground at any time to such other or supplemental interrogatories as Defendant may at any time propound involving or relating to the subject matter of these interrogatories.

5.      AbCellera incorporates each of the following General Objections and Objections to Defendant's Definitions and Instructions into each of its responses to each of Defendant's interrogatories, whether or not expressly referred to in each such response.

6.      AbCellera reserves the right to supplement its answers, objections, or production if AbCellera uncovers additional documents or information appropriately called for by Defendant's interrogatories.

## GENERAL OBJECTIONS

AbCellera makes the following objections, whether or not separately set forth in response to each interrogatory and to each of Defendant's Definitions and Instructions, to the extent that they:

1. Are directed to matters that are not relevant to the subject matter at issue in this action and the burden of discovery respecting those matters is disproportionate to the needs of this litigation;

2. Seek information, documents, or things that are not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit;

3. Seek information or documents protected by the attorney-client privilege, work-product doctrine, or any other privilege, immunity, or protection afforded by law. Any inadvertent disclosure or production of such information or documents shall not be deemed a waiver of any privilege or work-product with respect to such information or documents;

4. Seek information or documents already known to Defendant or available to Defendant from documents in Defendant's own files or from other sources;

5. Are duplicative, vague, ambiguous, overly broad, or unduly burdensome;

6. Seek to assign meaning to words different from their plain and ordinary meaning;

7. Seek information or documents that are not in AbCellera's possession, custody, or control;

8. Seek information or documents subject to confidentiality agreements, protective orders, or any other obligation pursuant to which AbCellera is required to protect or maintain the confidentiality of any third party's information or documents. Inadvertent disclosure of any confidential information or documents shall not operate as a waiver of any applicable confidentiality protection or obligation;

9. Are unlimited in scope as to time; or

10. Attempt to impose obligations upon AbCellera that are not required by the Federal Rules of Civil Procedure, the Local Civil Rules, or any other applicable authority.

1      **OBJECTIONS TO DEFENDANT'S DEFINITIONS AND INSTRUCTIONS**

2          1.      AbCellera objects to the definitions of "AbCellera," "You," and "Your" as overly

3   broad, unduly burdensome, vague, ambiguous, and as not relevant nor proportionate to the needs

4   of the case, to the extent that it refers to any person or entity other than the Plaintiff, The

5   University of British Columbia.

6          2.      AbCellera objects to the definition of "Berkeley Lights" as not commensurate in

7   scope with Defendant's definition of AbCellera.

8          3.      AbCellera objects to the definition of the term "Patent" as overly broad, unduly

9   burdensome, vague, ambiguous, and as not relevant nor proportionate to the needs of the case, to

10  the extent that it refers to any patent not specifically enumerated in an interrogatory.

11         4.      AbCellera objects to the definition of the term "Prior Art" as it is Defendant's

12  obligation to identify prior art to the Asserted Patents in the first instance.

13         5.      AbCellera objects to the definition of the phrase "Related Patents and

14  Applications" as overly broad, unduly burdensome, vague, ambiguous, and as not relevant nor

15  proportionate to the needs of the case, including, but not limited, to the extent the phrase involves

16  patents, applications, and/or other issues that are irrelevant to any claim or defense in the above-

17  captioned cases.

18         6.      AbCellera objects to the definitions of the terms "Person," "relate to," "reflecting,"

19  "relating to," "concerning," and "Document," to the extent that they seek to impose obligations

20  upon AbCellera that are not required by the Federal Rules of Civil Procedure, the Local Civil

21  Rules, or any other applicable authority.

22         7.      AbCellera objects to paragraphs 12, 14, and 16-21 to the extent that they seek to

23  impose obligations upon AbCellera that are not required by the Federal Rules of Civil Procedure,

24  the Local Civil Rules, or any other applicable authority.

25         8.      AbCellera additionally objects to paragraph 18 as confusing.  Plaintiffs will assume

26  that if a defined term or phrase is capitalized, then the meaning ascribed to it shall be used.  If not

27  capitalized, Plaintiffs will assume the term to have its plain and ordinary meaning.

28

1

## RESPONSES TO INTERROGATORIES

2  INTERROGATORY NO. 1:

3      Describe in detail the dates and circumstances of the conception and actual and/or
constructive reduction to practice for the inventions claimed or disclosed, or that You contend are
4  claimed or disclosed, in the Asserted Patents, including but not limited to identifying all
Documents, materials and/or witnesses that AbCellera contend(s) corroborate or support the dates
5  and circumstances identified or that contradict or may contradict AbCellera contentions as to such
dates and circumstances.

6

7  RESPONSE TO INTERROGATORY NO. 1:

8      AbCellera objects to this Interrogatory as being compound, consisting of several discrete

9  subparts comprising multiple questions improperly joined together in one interrogatory in an

10 improper attempt to circumvent the requirements of Rule 33 and the Court's Scheduling Order

11 governing the permissible number of interrogatories in this case.  AbCellera objects to this

12 Interrogatory to the extent that it seeks information protected from disclosure by the attorney-

13 client privilege, the attorney work product protection, common interest privilege, or any other

14 privileges or immunities.  AbCellera further objects to this Interrogatory on the grounds that it

15 seeks information that is not relevant to any claim or defense currently in this action and not

16 proportional to the needs of the case, and because the burden and expense to AbCellera outweighs

17 any likely benefit to Defendant, including, but not limited to, the extent that it is unlimited in time

18 and scope and does not concern any disputed issue in this case, including, but not limited to, the

19 extent that it seeks information about conception and reduction to practice in the absence of any

20 dispute implicating those issues and to the extent it seeks information about inventions not

21 claimed in the Asserted Patents.  AbCellera further objects to this Interrogatory on the ground that

22 the terms "dates and circumstances," "materials," and "witnesses" are undefined, vague, and/or

23 ambiguous.  AbCellera further objects to this Interrogatory to the extent that it prematurely seeks

24 AbCellera's contentions and/or expert opinion(s) before any date(s) provided for in the Local

25 Rules and/or any schedule agreed to by the parties and adopted by the Court.  AbCellera further

26 objects to this Interrogatory as improperly calling for a legal conclusion and/or expert testimony.

27      Subject to and without waiver of the foregoing general and specific objections, and to the

28 extent that AbCellera understands the Interrogatory, AbCellera will identify documents, if any,

Case Nos. 20-cv-08624-LHK, 20-cv-08626-LHK, 20-cv-08627-LHK
ABCELLERA BIOLOGICS INC.'S RESPONSES TO DEFENDANT FIRST SET OF INTERROGATORIES

1 | from which Defendant can derive or ascertain (with substantially the same or less burden as

2 | AbCellera) information that is responsive to this Interrogatory that relates to the conception and

3 | reduction to practice of the inventions claimed in the asserted claims of the Asserted Patents when

4 | it serves its responsive contentions pursuant to the Scheduling Order and Local Patent Rules.

5 |      Discovery has just begun, and the foregoing response is based on information and

6 | documents currently available to AbCellera.  AbCellera is still conducting its inquiry into the facts

7 | and circumstances at issue in the present litigation.  Accordingly, AbCellera reserves the right to

8 | modify or supplement its response to this Interrogatory based on any additional discovery

9 | provided in this case or other information located by AbCellera through additional investigation.

10 | AbCellera further reserves the right to supplement or amend its response to this Interrogatory

11 | pursuant to Federal Rule of Civil Procedure 26(e).

12 | <u>INTERROGATORY NO. 2</u>:

13 |      Describe in detail the facts and circumstances surrounding UBC's decision to grant a
license to AbCellera, and AbCellera's decision to license, the Asserted Patents or any Related

14 | Patents and Applications, including any valuations of the Asserted Patents or any Related Patents
and Applications performed by or on behalf of AbCellera in connection with any licensing

15 | decision, and identify the Persons involved in license negotiations and all Documents that
AbCellera reviewed or consulted in deciding whether to license the Asserted Patents or any

16 | Related Patents and Applications.

17 | <u>RESPONSE TO INTERROGATORY NO. 2</u>:

18 |      AbCellera objects to this Interrogatory as being compound, consisting of several discrete

19 | subparts comprising multiple questions improperly joined together in one interrogatory in an

20 | improper attempt to circumvent the requirements of Rule 33 and the Court's Scheduling Order

21 | governing the permissible number of interrogatories in this case.  AbCellera objects to this

22 | Interrogatory to the extent that it seeks information protected from disclosure by the attorney-

23 | client privilege, the attorney work product protection, common interest privilege, or any other

24 | privileges or immunities.  AbCellera further objects to this Interrogatory on the grounds that it

25 | seeks information that is not relevant to any claim or defense currently in this action and not

26 | proportional to the needs of the case, and because the burden and expense to AbCellera outweighs

27 | any likely benefit to Defendant, including, but not limited to, the extent that it is unlimited in time

28 | and scope and does not concern any disputed issue in this case, including, but not limited to, the

1    extent that it seeks information concerning "any Related Patents and Applications."  AbCellera

2    further objects to the Interrogatory on the ground that the terms "decision to license," "valuations,"

3    "licensing decision," "reviewed," and "consulted" are undefined, vague, and/or ambiguous.

4    AbCellera further objects to this Interrogatory as overly broad and unduly burdensome to the

5    extent that it seeks "all Documents" regarding the requested subject matter.  AbCellera further

6    objects to this Interrogatory to the extent that it seeks expert testimony and/or legal conclusions.

7    AbCellera further objects to this Interrogatory on the ground that it seeks information or

8    documents that are not within AbCellera's possession, custody, or control.

9           Subject to and without waiver of the foregoing general and specific objections, and to the

10   extent that AbCellera understands the Interrogatory, AbCellera responds as follows: AbCellera is

11   willing to meet and confer regarding this Interrogatory.

12          Discovery has just begun, and the foregoing response is based on information and

13   documents currently available to AbCellera.  AbCellera is still conducting its inquiry into the facts

14   and circumstances at issue in the present litigation.  Accordingly, AbCellera reserves the right to

15   modify or supplement its response to this Interrogatory based on any additional discovery

16   provided in this case or other information located by AbCellera through additional investigation.

17   AbCellera further reserves the right to supplement or amend its response to this Interrogatory

18   pursuant to Federal Rule of Civil Procedure 26(e).

19   INTERROGATORY NO. 3:

20          State whether You contend that any of Your products or services practice one or more
     claims of the Asserted Patents, and for each product or service that You contend practices one or
21   more claims of the Asserted Patents state all bases for that contention, including a chart
     identifying specifically where each limitation of each claim is found within each product or
22   service and whether each limitation of each Asserted Claim that you assert is present is alleged to
     be literally present in each product or service on the one hand or present under the doctrine of
23   equivalents on the other hand and identify all Documents relating to your contentions and all
     Persons with knowledge of those facts.

24   RESPONSE TO INTERROGATORY NO. 3:

25          AbCellera objects to this Interrogatory as being compound, consisting of several discrete

26   subparts comprising multiple questions improperly joined together in one interrogatory in an

27   improper attempt to circumvent the requirements of Rule 33 and the Court's Scheduling Order

28

1  governing the permissible number of interrogatories in this case.  AbCellera objects to this

2  Interrogatory to the extent that it seeks information protected from disclosure by the attorney-

3  client privilege, the attorney work product protection, common interest privilege, or any other

4  privileges or immunities.  AbCellera further objects to this Interrogatory on the grounds that it

5  seeks information that is not relevant to any claim or defense currently in this action and not

6  proportional to the needs of the case, and because the burden and expense to AbCellera outweighs

7  any likely benefit to Defendant, including, but not limited to, the extent that it is unlimited in time

8  and scope and does not concern any disputed issue in this case, including, but not limited to, the

9  extent that it seeks information concerning products not at issue in this action.  AbCellera further

10  objects to this Interrogatory on the ground that the terms "Your products or services" and

11  "Asserted Claim" are undefined, vague, and/or ambiguous.  AbCellera further objects to this

12  Interrogatory as overly broad and unduly burdensome to the extent that it seeks "all Documents"

13  regarding the requested subject matter.  AbCellera further objects to this Interrogatory to the

14  extent that it prematurely seeks AbCellera's contentions and/or expert opinion(s) before any

15  date(s) provided for in the Local Rules and/or any schedule agreed to by the parties and adopted

16  by the Court.  AbCellera further objects to this Interrogatory to the extent that it seeks expert

17  testimony and/or legal conclusions.  AbCellera further objects to this Interrogatory on the ground

18  that it seeks information or documents that are not within AbCellera's possession, custody, or

19  control.

20        Subject to and without waiver of the foregoing general and specific objections, and to the

21  extent that AbCellera understands the Interrogatory, AbCellera responds as follows: AbCellera is

22  willing to meet and confer regarding this Interrogatory.

23        Discovery has just begun, and the foregoing response is based on information and

24  documents currently available to AbCellera.  AbCellera is still conducting its inquiry into the facts

25  and circumstances at issue in the present litigation.  Accordingly, AbCellera reserves the right to

26  modify or supplement its response to this Interrogatory based on any additional discovery

27  provided in this case or other information located by AbCellera through additional investigation.

28

1  AbCellera further reserves the right to supplement or amend its response to this Interrogatory

2  pursuant to Federal Rule of Civil Procedure 26(e).

3  INTERROGATORY NO. 4:

4      Describe in detail any efforts to commercialize, sell, license, sublicense, assign, or
   otherwise transfer any rights related to the Asserted Patents or any Related Patents and
5  Applications by You or by anyone on Your behalf, including those that did not lead to a sales
   agreement or an executed license agreement or assignment or other, explain why such agreements
6  were not executed, and identify all Documents and evidence relating to any such effort.

7  RESPONSE TO INTERROGATORY NO. 4:

8      AbCellera objects to this Interrogatory as being compound, consisting of several discrete

9  subparts comprising multiple questions improperly joined together in one interrogatory in an

10 improper attempt to circumvent the requirements of Rule 33 and the Court's Scheduling Order

11 governing the permissible number of interrogatories in this case.  AbCellera objects to this

12 Interrogatory to the extent that it seeks information protected from disclosure by the attorney-

13 client privilege, the attorney work product protection, common interest privilege, or any other

14 privileges or immunities.  AbCellera further objects to this Interrogatory on the grounds that it

15 seeks information that is not relevant to any claim or defense currently in this action and not

16 proportional to the needs of the case, and because the burden and expense to AbCellera outweighs

17 any likely benefit to Defendant, including, but not limited to, the extent that it is unlimited in time

18 and scope and does not concern any disputed issue in this case, including, but not limited to, the

19 extent that it seeks information concerning "any Related Patents and Applications."  AbCellera

20 further objects to the Interrogatory on the ground that the terms "commercialize," "sell," "license,"

21 "sublicense," "assign," "transfer any rights," "sales agreement," and "assignment" are undefined,

22 vague, and/or ambiguous.  AbCellera further objects to this Interrogatory as overly broad and

23 unduly burdensome to the extent that it seeks "all Documents" regarding the requested subject

24 matter.  AbCellera further objects to this Interrogatory to the extent that it prematurely seeks

25 AbCellera's contentions and/or expert opinion(s) before any date(s) provided for in the Local

26 Rules and/or any schedule agreed to by the parties and adopted by the Court.  AbCellera further

27 objects to this Interrogatory on the ground that it seeks information or documents that are not

28 within AbCellera's possession, custody, or control.

1    Subject to and without waiver of the foregoing general and specific objections, and to the

2    extent that AbCellera understands the Interrogatory, AbCellera responds as follows:  Pursuant to

3    Rule 33(d), AbCellera identifies the following as containing information responsive to this

4    Interrogatory:  AbCellera will produce the license agreement between UBC and AbCellera for the

5    Asserted Patents.

6    Discovery has just begun, and the foregoing response is based on information and

7    documents currently available to AbCellera.  AbCellera is still conducting its inquiry into the facts

8    and circumstances at issue in the present litigation.  Accordingly, AbCellera reserves the right to

9    modify or supplement its response to this Interrogatory based on any additional discovery

10   provided in this case or other information located by AbCellera through additional investigation.

11   AbCellera further reserves the right to supplement or amend its response to this Interrogatory

12   pursuant to Federal Rule of Civil Procedure 26(e).

13   INTERROGATORY NO. 5:

14   For each Asserted Patent, describe separately in detail the contributions of each of the
named inventors to the invention(s) claimed therein.

15   RESPONSE TO INTERROGATORY NO. 5:

16   AbCellera objects to this Interrogatory as being compound, consisting of several discrete

17   subparts comprising multiple questions improperly joined together in one interrogatory in an

18   improper attempt to circumvent the requirements of Rule 33 and the Court's Scheduling Order

19   governing the permissible number of interrogatories in this case.  AbCellera objects to this

20   Interrogatory to the extent that it seeks information protected from disclosure by the attorney-

21   client privilege, the attorney work product protection, common interest privilege, or any other

22   privileges or immunities.  AbCellera further objects to this Interrogatory on the grounds that it

23   seeks information that is not relevant to any claim or defense currently in this action and not

24   proportional to the needs of the case, and because the burden and expense to AbCellera outweighs

25   any likely benefit to Defendant, including, but not limited to, the extent that it is unlimited in time

26   and scope and does not concern any disputed issue in this case.  AbCellera further objects to the

27   Interrogatory on the ground that the term "contributions" is undefined, vague, and/or ambiguous.

28

1  AbCellera further objects to this Interrogatory to the extent that it prematurely seeks AbCellera's

2  contentions and/or expert opinion(s) before any date(s) provided for in the Local Rules and/or any

3  schedule agreed to by the parties and adopted by the Court.  AbCellera further objects to this

4  Interrogatory to the extent that it seeks expert testimony and/or legal conclusions.

5       Subject to and without waiver of the foregoing general and specific objections, and to the

6  extent that AbCellera understands the Interrogatory, AbCellera responds as follows:  AbCellera is

7  willing to meet and confer regarding this Interrogatory.

8       Discovery has just begun, and the foregoing response is based on information and

9  documents currently available to AbCellera.  AbCellera is still conducting its inquiry into the facts

10 and circumstances at issue in the present litigation.  Accordingly, AbCellera reserves the right to

11 modify or supplement its response to this Interrogatory based on any additional discovery

12 provided in this case or other information located by AbCellera through additional investigation.

13 AbCellera further reserves the right to supplement or amend its response to this Interrogatory

14 pursuant to Federal Rule of Civil Procedure 26(e).

15 INTERROGATORY NO. 6:

16      Provide a complete statement of the legal and factual bases for Your contention in Your
   Complaint that Berkeley Lights induced or contributed to the infringement of each of the Asserted
17 Patents, separately for each patent, and identify all Documents relating to your contentions and all
   Persons with knowledge of those facts.
18
   RESPONSE TO INTERROGATORY NO. 6:
19
        AbCellera objects to this Interrogatory as being compound, consisting of several discrete
20
   subparts comprising multiple questions improperly joined together in one interrogatory in an
21
   improper attempt to circumvent the requirements of Rule 33 and the Court's Scheduling Order
22
   governing the permissible number of interrogatories in this case.  AbCellera objects to this
23
   Interrogatory to the extent that it seeks information protected from disclosure by the attorney-
24
   client privilege, the attorney work product protection, common interest privilege, or any other
25
   privileges or immunities.  AbCellera further objects to this Interrogatory as overly broad and
26
   unduly burdensome to the extent that it seeks "all Documents" and "all Persons" regarding the
27
   requested subject matter.  AbCellera further objects to this Interrogatory to the extent that it
28

Case Nos. 20-cv-08624-LHK, 20-cv-08626-LHK, 20-cv-08627-LHK

ABCELLERA BIOLOGICS INC.'S RESPONSES TO DEFENDANT FIRST SET OF INTERROGATORIES

1  prematurely seeks AbCellera's contentions and/or expert opinion(s) before any date(s) provided

2  for in the Local Rules and/or any schedule agreed to by the parties and adopted by the Court.

3  AbCellera further objects to this Interrogatory to the extent that it seeks expert testimony and/or

4  legal conclusions.

5        Subject to and without waiver of the foregoing general and specific objections, and to the

6  extent that AbCellera understands the Interrogatory, AbCellera responds as follows:  AbCellera

7  will address Defendant's induced or contributory infringement of each of the Asserted Patents in

8  its infringement contentions and associated documents pursuant to the Scheduling Order and

9  Local Rules.

10       Discovery has just begun, and the foregoing response is based on information and

11  documents currently available to AbCellera.  AbCellera is still conducting its inquiry into the facts

12  and circumstances at issue in the present litigation.  Accordingly, AbCellera reserves the right to

13  modify or supplement its response to this Interrogatory based on any additional discovery

14  provided in this case or other information located by AbCellera through additional investigation.

15  AbCellera further reserves the right to supplement or amend its response to this Interrogatory

16  pursuant to Federal Rule of Civil Procedure 26(e).

17  INTERROGATORY NO. 7:

18       Provide a complete statement of the legal and factual bases for Your contention in Your
Complaint that Berkeley Lights willfully infringed each of the Asserted Patents, separately for
19  each patent, and identify all Documents relating to your contentions and all Persons with
knowledge of those facts.
20
   RESPONSE TO INTERROGATORY NO. 7:
21
        AbCellera objects to this Interrogatory as being compound, consisting of several discrete
22
   subparts comprising multiple questions improperly joined together in one interrogatory in an
23
   improper attempt to circumvent the requirements of Rule 33 and the Court's Scheduling Order
24
   governing the permissible number of interrogatories in this case.  AbCellera objects to this
25
   Interrogatory to the extent that it seeks information protected from disclosure by the attorney-
26
   client privilege, the attorney work product protection, common interest privilege, or any other
27
   privileges or immunities.  AbCellera further objects to this Interrogatory as overly broad and
28

1   unduly burdensome to the extent that it seeks "all Documents" and "all Persons" regarding the

2   requested subject matter.  AbCellera further objects to this Interrogatory to the extent that it

3   prematurely seeks AbCellera's contentions and/or expert opinion(s) before any date(s) provided

4   for in the Local Rules and/or any schedule agreed to by the parties and adopted by the Court.

5   AbCellera further objects to this Interrogatory to the extent that it seeks expert testimony and/or

6   legal conclusions.

7           Subject to and without waiver of the foregoing general and specific objections, and to the

8   extent that AbCellera understands the Interrogatory, AbCellera responds as follows:  AbCellera is

9   willing to meet and confer regarding this Interrogatory.

10          Discovery has just begun, and the foregoing response is based on information and

11  documents currently available to AbCellera.  AbCellera is still conducting its inquiry into the facts

12  and circumstances at issue in the present litigation.  Accordingly, AbCellera reserves the right to

13  modify or supplement its response to this Interrogatory based on any additional discovery

14  provided in this case or other information located by AbCellera through additional investigation.

15  AbCellera further reserves the right to supplement or amend its response to this Interrogatory

16  pursuant to Federal Rule of Civil Procedure 26(e).

17  <u>INTERROGATORY NO. 8</u>:

18          Identify all persons who participated in the prosecution of the Asserted Patents and any
    foreign counterparts of the Asserted Patents and Related Patents and Applications, including but
19  not limited to all attorneys and patent agents, and for each describe the timing and substance of
    their participation and state whether they were acting for UBC, AbCellera, or some other party.
20
    <u>RESPONSE TO INTERROGATORY NO. 8</u>:
21
            AbCellera objects to this Interrogatory as being compound, consisting of several discrete
22
    subparts comprising multiple questions improperly joined together in one interrogatory in an
23
    improper attempt to circumvent the requirements of Rule 33 and the Court's Scheduling Order
24
    governing the permissible number of interrogatories in this case.  AbCellera objects to this
25
    Interrogatory to the extent that it seeks information protected from disclosure by the attorney-
26
    client privilege, the attorney work product protection, common interest privilege, or any other
27
    privileges or immunities.  AbCellera further objects to this Interrogatory on the grounds that it
28

1  seeks information that is not relevant to any claim or defense currently in this action and not

2  proportional to the needs of the case, and because the burden and expense to AbCellera outweighs

3  any likely benefit to Defendant, including, but not limited to, the extent that it is unlimited in time

4  and scope and does not concern any disputed issue in this case, including, but not limited to, the

5  extent that it seeks information concerning "any foreign counterparts" and "Related Patents and

6  Applications."  AbCellera further objects to the Interrogatory on the ground that the terms

7  "participated," "foreign counterpart," and "some other party" are undefined, vague, and/or

8  ambiguous.  AbCellera further objects to this Interrogatory as overly broad and unduly

9  burdensome to the extent that it seeks "all attorneys and patent agents" regarding the requested

10  subject matter.  AbCellera further objects to this Interrogatory to the extent that it prematurely

11  seeks AbCellera's contentions and/or expert opinion(s) before any date(s) provided for in the

12  Local Rules and/or any schedule agreed to by the parties and adopted by the Court.  AbCellera

13  further objects to this Interrogatory to the extent that it seeks expert testimony and/or legal

14  conclusions.

15         Subject to and without waiver of the foregoing general and specific objections, and to the

16  extent that AbCellera understands the Interrogatory, AbCellera responds as follows:  Pursuant to

17  Rule 33(d), AbCellera identifies the Asserted Patents and the certified file histories of the Asserted

18  Patents as containing information responsive to this Interrogatory.

19         Discovery has just begun, and the foregoing response is based on information and

20  documents currently available to AbCellera.  AbCellera is still conducting its inquiry into the facts

21  and circumstances at issue in the present litigation.  Accordingly, AbCellera reserves the right to

22  modify or supplement its response to this Interrogatory based on any additional discovery

23  provided in this case or other information located by AbCellera through additional investigation.

24  AbCellera further reserves the right to supplement or amend its response to this Interrogatory

25  pursuant to Federal Rule of Civil Procedure 26(e).

26  INTERROGATORY NO. 9:

27         Describe in detail the dates and circumstances on which You and each named inventor on
the Asserted Patents became aware of each of the prior art references identified in Berkeley

28  Lights' inequitable conduct counterclaims.

1   RESPONSE TO INTERROGATORY NO. 9:

2         AbCellera objects to this Interrogatory as being compound, consisting of several discrete

3   subparts comprising multiple questions improperly joined together in one interrogatory in an

4   improper attempt to circumvent the requirements of Rule 33 and the Court's Scheduling Order

5   governing the permissible number of interrogatories in this case.  AbCellera objects to this

6   Interrogatory to the extent that it seeks information protected from disclosure by the attorney-

7   client privilege, the attorney work product protection, common interest privilege, or any other

8   privileges or immunities.  AbCellera further objects to this Interrogatory on the grounds that it

9   seeks information that is not relevant to any claim or defense currently in this action and not

10  proportional to the needs of the case, and because the burden and expense to AbCellera outweighs

11  any likely benefit to Defendant, including, but not limited to, the extent that it is unlimited in time

12  and scope and does not concern any disputed issue in this case as Defendant's inequitable conduct

13  claims are subject to a pending motion to dismiss.  AbCellera further objects to the Interrogatory

14  on the ground that the phrase "prior art references" is undefined, vague, and/or ambiguous.

15  AbCellera further objects to this Interrogatory to the extent that it prematurely seeks AbCellera's

16  contentions and/or expert opinion(s) before any date(s) provided for in the Local Rules and/or any

17  schedule agreed to by the parties and adopted by the Court.  AbCellera further objects to this

18  Interrogatory to the extent that it seeks expert testimony and/or legal conclusions.

19        Subject to and without waiver of the foregoing general and specific objections, and to the

20  extent that AbCellera understands the Interrogatory, AbCellera responds as follows:  AbCellera

21  does not intend on providing a response to this Interrogatory given its motion to dismiss and strike

22  Defendant's counterclaims of inequitable conduct.  *See* C.A. No. 20-8624, Dkt. No. 40; C.A. No.

23  20-8626, Dkt. No. 42; C.A. No. 20-8627, Dkt. No. 44.

24        Discovery has just begun, and the foregoing response is based on information and

25  documents currently available to AbCellera.  AbCellera is still conducting its inquiry into the facts

26  and circumstances at issue in the present litigation.  Accordingly, AbCellera reserves the right to

27  modify or supplement its response to this Interrogatory based on any additional discovery

28  provided in this case or other information located by AbCellera through additional investigation.

1  AbCellera further reserves the right to supplement or amend its response to this Interrogatory

2  pursuant to Federal Rule of Civil Procedure 26(e).

3

Dated: March 26, 2021                    By:   */s/ Eric C. Stops*
4                                               Eric C. Stops (admitted *pro hac vice*)
                                                ericstops@quinnemanuel.com
5                                               F. Dominic Cerrito (admitted *pro hac vice*)
                                                nickcerrito@quinnemanuel.com)
6                                               Angus Chen, Ph.D. (admitted *pro hac vice*)
                                                anguschen@quinnemanuel.com
7                                               Brian P. Biddinger (Cal. Bar No. 224604)
                                                brianbiddinger@quinnemanuel.com
8                                               Catherine T. Mattes (*pro hac vice* pending)
                                                catherinemattes@quinnemanuel.com
9                                               Brian J. Forsatz, Ph.D. (admitted *pro hac vice*)
                                                brianforsatz@quinnemanuel.com
10                                              QUINN EMANUEL URQUHART & SULLIVAN, LLP
                                                51 Madison Avenue, 22nd Floor
11                                              New York, New York 10010
                                                (212) 849-7000
12
                                                Brian C. Cannon (Cal. Bar No. 193071)
13                                              briancannon@quinnemanuel.com
                                                Bingxue (Allison) Que (Cal. Bar No. 324044)
14                                              allisonque@quinnemanuel.com
                                                QUINN EMANUEL URQUHART & SULLIVAN, LLP
15                                              555 Twin Dolphin Drive, 5th Floor
                                                Redwood Shores, CA 94065
16                                              (650) 801-5000

17                                              Nathan N. Sun (Cal. Bar No. 284782)
                                                nathansun@quinnemanuel.com
18                                              QUINN EMANUEL URQUHART & SULLIVAN, LLP
                                                50 California Street, 22nd Floor
19                                              San Francisco, CA 94111
                                                (415) 875-6600
20
                                                *Attorneys for Plaintiffs*
21                                              *AbCellera Biologics Inc., and The University of*
                                                *British Columbia*
22

23

24

25

26

27

28

Case Nos. 20-cv-08624-LHK, 20-cv-08626-LHK, 20-cv-08627-LHK
ABCELLERA BIOLOGICS INC.'S RESPONSES TO DEFENDANT FIRST SET OF INTERROGATORIES

**CERTIFICATE OF SERVICE**

I, Eric Stops, am employed in the County of New York, State of New York.  I am over the age of eighteen years and not a party to the within action; my business address is 51 Madison Avenue, 22nd Floor, New York, New York 10010.

On March 26, 2021, I served a true copy of  **ABCELLERA BIOLOGICS INC.'S RESPONSES TO DEFENDANT BERKELEY LIGHTS, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF ABCELLERA BIOLOGICS INC.** via email, on the interested parties in this action addressed as follows:

| | |
|---|---|
| IRELL & MANELLA LLP<br>Morgan Chu<br>mchu@irell.com<br>Alan J. Heinrich<br>aheinrich@irell.com<br>Keith A. Orso<br>korso@irell.com<br>Elizabeth C. Tuan<br>etuan@irell.com<br>Dennis Courtney<br>dcourtney@irell.com<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, California 90067<br>Telephone: (310) 277-1010<br>Facsimile: (310) 203-7199<br>*Attorneys for Defendant Berkeley Lights, Inc.* | TURNER BOYD LLP<br>Karen I. Boyd<br>boyd@turnerboyd.com<br>Jennifer Seraphine<br>seraphine@turnerboyd.com<br>Keeley I. Vega<br>vega@turnerboyd.com<br>Marc David Peters<br>mdpeters@turnerboyd.com<br>Louis L. Wai<br>wai@turnerboyd.com<br>TURNER BOYD LLP<br>702 Marshall Street, Suite 640<br>Redwood City, California 94063<br>Telephone: (650) 521-5930<br>Facsimile: (650) 521-5931<br>*Attorneys for Defendant Berkeley Lights, Inc.* |

**BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from ericstops@quinnemanuel.com on March 26, 2021, by transmitting PDF format copies of such documents to each such person at the e-mail address specified above. The documents were transmitted by electronic transmission and such transmission was reported as complete and without error. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 26, 2021, at New York, New York.

*/s/ Eric C. Stops*
Eric Stops