UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ABCELLERA BIOLOGICS INC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BERKELEY LIGHTS, INC.,<br><br>Defendant. | Case Nos. 20-cv-08624-LHK (VKD)<br>20-cv-08626-LHK (VKD)<br>20-cv-08627-LHK (VKD)<br><br>**ORDER RE MAY 27, 2021 DISCOVERY DISPUTE LETTER**<br><br>Re: Dkt. No. 90 |

Plaintiffs AbCellera Biologics, Inc. ("AbCellera") and The University of British Columbia ("UBC") (collectively, "Plaintiffs") and defendant Berkeley Lights, Inc. ("Berkeley Lights") ask the Court to resolve certain disputes concerning Berkeley Lights's discovery requests to Plaintiffs in these consolidated actions.[1] Dkt. No. 90.[2]

The Court finds these disputes suitable for resolution without oral argument. Civil L.R. 7-1(b). The Court addresses each dispute below.

**1.  Agreed Supplemental Responses to Certain Discovery Requests**

According to the parties' joint submission, they have agreed that Plaintiffs will supplement their responses to Berkeley Lights's Interrogatories Nos. 1, 3, and 5 and Requests for Production Nos. 10 and 27-29. Berkeley Lights ask the Court to set a deadline for Plaintiffs to supplement

---

[1] The parties addressed their discovery dispute to Magistrate Judge van Keulen to whom the matter was referred at the time. The consolidated actions have since been referred to the undersigned magistrate judge for purposes of discovery. For future discovery disputes, the Court asks the parties to comply with Judge DeMarchi's Standing Order for Civil Cases. *See* https://cand.uscourts.gov/vkd_standing_order_for_civil_cases_jan_2021/

[2] All citations are to the docket of the lead case.

their responses. Plaintiffs propose that the parties agree on reciprocal dates for interrogatory responses, and further propose that neither party be required to answer contention interrogatories until later in the discovery period.

There is no reason for Plaintiffs to delay production of documents they have already agreed to produce in response to Requests for Productions Nos. 10 and 27-29. The Court notes that the Patent Local Rules require the early production of most, if not all, of the documents responsive to these requests. *See* Patent L.R. 3-2(b), (e); *see also* Dkt. No. 78. Likewise, there is no reason for Plaintiffs to delay supplementing their answers to Interrogatories Nos. 1, 3, and 5 concerning conception and reduction to practice of the claimed inventions, contributions of the named inventors, or practicing products and services, when they have already agreed to do so. Discovery has been underway for several months, and the information responsive to these interrogatories should be readily available to Plaintiffs. As the parties have already exchanged infringement and invalidity contentions, Plaintiffs should be prepared to answer these interrogatories.

Accordingly, Plaintiffs must produce, without further delay, all lab notebooks responsive to Request for Production No. 10 and all documents responsive to Requests for Production Nos. 27-29. Plaintiffs must serve their supplemental responses to Interrogatories Nos. 1, 3, and 5 no later than **June 30, 2021**.

### 2. Prosecution of the Asserted Patents

The parties also have agreed that Plaintiffs will supplement their responses to Berkeley Lights's Interrogatory No. 8. As before, they disagree about the timing of Plaintiffs' supplement. Interrogatory 8 asks for information concerning those persons who participated in prosecution of the asserted patents and related patents and applications. Apart from their suggestion that the parties agree on reciprocal dates for interrogatory responses, Plaintiffs do not offer any explanation for why they should not respond to Interrogatory No. 8 at this time. Accordingly, Plaintiffs must answer Interrogatory No. 8 no later than **June 30, 2021**.

Berkeley Lights's Request for Production No. 3 asks Plaintiffs to produce "all documents constituting, referring to, or relating to the preparation, filing, or prosecution of" the asserted patents and related patents and applications. Plaintiffs say they are not withholding from

production any non-privileged responsive documents. However, they are apparently withholding some responsive documents on grounds of privilege. Berkeley Lights asks the Court to order Plaintiffs to produce a privilege log for any such documents by June 30, 2021. However, as Plaintiffs point out, the parties have already agreed to exchange privilege logs within 30 days of the substantial completion of document production, which is December 22, 2021. Dkt. No. 67 at 8. While the Court generally recommends that parties exchange privilege logs periodically, as documents are reviewed and produced, *see* Judge DeMarchi's Standing Order for Civil Cases ("Standing Order"), sec. 4, the Court will enforce the parties' prior agreement. Plaintiffs shall serve a privilege log with respect to documents responsive to Request for Production No. 3 no later than **December 22, 2021**.

### 3. Communications Regarding Licensing of the Asserted Patents

The Court understands that the sole issue in dispute concerns the timing of Plaintiffs' privilege log for all documents responsive to Berkeley Lights's Requests for Production Nos. 5, 6, 14, and 15 that Plaintiffs have withheld on grounds of privilege. As to that dispute, and for the same reasons stated above, Plaintiffs shall serve a privilege log with respect to documents responsive to these requests no later than **December 22, 2021**.

If the parties have other disputes—such as, whether pre-agreement communications between AbCellera and UBC are relevant, or whether the common interest doctrine applies to communications between two independent parties involved in a license negotiation—those matters should be raised using the discovery dispute resolution procedures set forth in the Standing Order (sec. 4).

### 4. Knowledge of Accused Products

The parties dispute whether Plaintiffs should be required to produce documents responsive to Berkeley Lights's Requests for Production Nos. 12 and 13, which ask for documents reflecting Plaintiffs' first knowledge of Berkeley Lights and its products. Berkeley Lights says these documents are relevant to its contention that the asserted patents were filed after commercial release of the accused products. Plaintiffs disagree.

The parties' brief discussion of this dispute is not sufficient for the Court to resolve the

matter on the papers.  For this reason, the Court requests that the parties submit a joint discovery dispute letter that conforms to the requirements described in the Standing Order (sec. 4).

**IT IS SO ORDERED.**

Dated: June 17, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge