United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ABCELLERA BIOLOGICS INC and THE UNIVERSITY OF BRITISH COLUMBIA, <br><br> Plaintiffs, <br><br> v. <br><br> BERKELEY LIGHTS, INC., <br><br> Defendant. | Case Nos. 20-CV-08624-LHK <br> 20-CV-08626-LHK <br> 20-CV-08627-LHK <br><br> **ORDER GRANTING DEFENDANT LEAVE TO AMEND AND DENYING AS MOOT PLAINTIFFS' MOTIONS TO DISMISS AND STRIKE** <br><br> Re: Dkt. Nos. 40, 53 |

Plaintiffs AbCellera Biologics Inc. and The University of British Columbia have filed three patent infringement lawsuits against Defendant Berkeley Lights, Inc. ECF No. 1. These three lawsuits bear the case numbers, 20-CV-08624-LHK, 20-CV-08626-LHK, and 20-CV-08627-LHK. The Court related these three cases on February 8, 2021, ECF No. 51, and consolidated them on March 11, 2021. ECF No. 70.

In response, Defendant pled affirmative defenses and counterclaims. ECF No. 18. Before the Court are two related motions: (1) Defendant's motion to amend its answer and counterclaims, ECF No. 53; and (2) Plaintiffs' motions to dismiss and strike certain counterclaims and affirmative

defenses, ECF No. 40 ("Pls' MTD").[1] Having considered the parties' briefing, the relevant law, and the record in this case, the Court (1) GRANTS Defendant's motion to amend; and (2) DENIES as moot Plaintiffs' motion to dismiss and strike.

## I. BACKGROUND

### A. Factual Background

AbCellera Biologics Inc. ("AbCellera") is a biotechnology company that discovers antibodies for the prevention and treatment of disease. Compl. ¶ 9, ECF No. 1. For instance, AbCellera's technology was recently used to develop a monoclonal antibody for treating COVID-19. *Id.* ¶ 10. Together with the University of British Columbia ("UBC"), AbCellera patented (1) certain uses of microfluidic devices for secretion assays; and (2) certain methods for identifying the sequences of an antibody that reacts with a disease-related antigen. *Id.* Here, as Plaintiffs, AbCellera and UBC allege that Defendant Berkeley Lights has infringed two families of patents. *See* Pls. MTD at 1, 3 (summarizing consolidated cases). UBC owns the patents, and AbCellera is their exclusive licensee. *Id.*

Relevant to the instant motions, Defendant seeks to file amended pleadings asserting two unfair competition counterclaims: one under the Lanham Act § 43(a) (15 U.S.C. § 1125); and the other under California's Unfair Competition Law (Cal. Bus. Prof. Code §§ 17200, *et seq.*). ECF No. 53 ("motion to amend" or "Mot."); *see* Proposed Answer and Am. Aff. Defenses to Compl. & Second Am. Countercls., ECF No. 53-1 ("Proposed Counterclaims").

For the Lanham Act claim, Defendant seeks to plead that "AbCellera has made false statements of fact about the Threatened Patents and about [Defendant]'s technologies and products, including false statements to [Defendant]'s customers." Proposed Counterclaims at 52. What Defendant calls the "Threatened Patents" comprise 12 patents, some of which are also

---

[1] Before Plaintiffs' three cases were related or consolidated, Plaintiffs filed three "substantively identical" motions to dismiss and to strike certain counterclaims and affirmative defenses. *E.g.*, ECF No. 40 at 1. For brevity, the Court refers to these substantively identical motions as "Plaintiffs' motion to dismiss" or "Pls. MTD."

2
Case Nos. 20-CV-08624-LHK; 20-CV-08626-LHK; AND 20-CV-08627-LHK
ORDER GRANTING DEFENDANT LEAVE TO AMEND AND DENYING AS MOOT PLAINTIFFS' MOTIONS TO DISMISS AND STRIKE

patents that Plaintiffs allege were infringed. *See* Proposed Counterclaims at 16, 18.

Defendant's proposed counterclaims hinge on letters that AbCellera sent to Defendant's customers. In these letters, AbCellera allegedly implied that Defendant's "Beacon" product violated six Threatened Patents. *Id.* at 18–20. Yet, in fact, "publicly available information on [Defendant]'s Beacon system" allegedly shows that Beacon could not have infringed these six Threatened Patents. *Id.* at 20. Defendant's proposed pleading offers three examples of "objectively baseless" and "bad faith" statements:

- "The '689, '240, '811, and '180 patents claim specific methods involving sequencing. The Berkeley Lights Beacon system, the Berkeley Lights product referenced in AbCellera's letters to customers, is not a sequencer, and Berkeley Lights does not direct its customers to use the Beacon® system to perform the methods claimed by the '689, '240, '811, or '180 patents."

- "[T]he '593 patent requires determination of binding kinetics between a protein and a biomolecule. As described above, neither Berkeley Lights nor its customers use the Berkeley Lights Beacon® system to do so."

- "[T]he '839 patent requires 'a plurality of compartments' and 'merging the interior of the compartments comprising RNA with the interior of a set of compartments comprising target oligonucleotides.' None of Berkeley Lights's technologies or products use a method that comprises merging of compartments."

*Id.* at 52–53.

**B. Procedural History**

The instant consolidated case comprises three patent infringement cases first filed in the United States District Court for the District of Delaware. Each case was eventually transferred to this district, found to be related, and then consolidated before the Court. Below, the Court recounts the filing of the three cases and another relevant case in this district pending before United States District Judge Jeffrey S. White.

On July 9, 2020, AbCellera filed suit against Berkeley Lights in the District of Delaware, alleging infringement of eight patents, all assigned to UBC. *See* Case No. 3:20-CV-08627 (the "8627 Case"), Dkt. No. 1.

On August 25, 2020, AbCellera filed its second lawsuit against Berkeley Lights, again in the District of Delaware and again alleging infringement of four patents assigned to UBC. *See* Case No. 3:20-CV-08626 (the "8626 Case"), Dkt. No. 1.

On August 31, 2020, Berkeley Lights filed motions to dismiss in both cases based on AbCellera's failure to join UBC, the owner of the patents-in-suit. *See* Case No. 3:20-CV-08627, Dkt. No. 9; Case No. 3:20-CV-08626, Dkt. No. 7. In response, AbCellera filed amended complaints joining UBC in both cases on September 1, 2020 (for the 8626 Case) and September 4, 2020 (for the 8627 Case). Berkeley Lights answered the complaints, filed counterclaims, and moved to transfer the cases to the United States District Court for the Northern District of California. *See, e.g.*, Case No. 3:20-CV-08627, Dkt. Nos. 13 (motion to transfer), 27 (amended answer and counterclaims).

On September 16, 2020, while Berkeley Lights's motion to transfer was pending, AbCellera and UBC filed a third lawsuit against Berkeley Lights in the District of Delaware, this time alleging infringement of three patents assigned to UBC. *See* ECF No. 1 (complaint in the instant case, 20-CV-08624). Berkeley Lights answered the complaint, filed counterclaims, and moved to transfer to this district. *See* ECF Nos. 10 (answer and counterclaims), 12 (motion to transfer), 18 (amended answer and counterclaims).

On December 7, 2020, District of Delaware transferred all three cases to this district. ECF No. 26.

Before the transfer order, Berkeley Lights filed a separate action against AbCellera and Lineage Biologics, Inc. ("Lineage") in the United States District Court for the Northern District of California before Judge White (the "5957 Case"). *See* Case No. 4:20-CV-5957-JSW, Dkt. No. 1 (filed August 24, 2020). In the 5957 Case, Berkeley Lights alleged, as relevant here, that AbCellera had engaged in unfair competition in violation of § 43(a) of the Lanham Act (15 U.S.C. § 1125), and California Business & Professions Code § 17200, *et seq*. AbCellera and Lineage filed a motion to dismiss based on lack of personal jurisdiction. Although Judge White granted the

4

motion to dismiss on January 29, 2021, Judge White also permitted Berkeley Lights to conduct jurisdictional discovery through April 23, 2021. *See* Case No. 4:20-CV-5957-JSW, Dkt. No. 36.

On January 21, 2021, prior to issuing his order on the motion to dismiss, Judge White declined to relate the 5957 Case with the three actions transferred from the District of Delaware. See Case No. 4:20-cv-5957-JSW, Dkt. No. 35.

On December 9, 2020, the instant case was assigned to this Court. ECF No. 35. On December 23, 2020, Plaintiffs filed a motion to relate this action with the other two transferred actions (the 8626 Case and the 8627 Case). ECF No. 38. The Court granted the motion and related the three cases on February 8, 2021. ECF No. 51.

Before the cases were related, however, Plaintiffs filed three "substantively identical" motions to dismiss and to strike certain counterclaims and affirmative defenses. *E.g.*, 20-CV-08624, ECF No. 40 at 1 (filed on Dec. 28, 2020) (noting "substantively identical versions of this motion"). For brevity, the Court refers to these substantively identical motions as "Plaintiffs' motion to dismiss" or "Pls. MTD."[2] Defendant filed its opposition to the motion to dismiss on January 11, 2021. ECF No. 42. Plaintiffs filed their reply on January 19, 2021.

On February 22, 2021, Defendant filed the instant motion to amend Defendant's answer and counterclaims. ECF No. 53 ("motion to amend" or "Mot."). Plaintiffs filed their opposition to the instant motion to amend on March 8, 2021. ECF No. 64 ("Opp'n"). Defendant filed its reply on March 15, 2021. ECF No. 71.

Meanwhile, on March 11, 2021, the Court consolidated the three related cases (the 8626 Case, 8627 Case, and the instant case) and set a case schedule through trial. ECF No. 70.

## II.   LEGAL STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely

---

[2] Plaintiffs' motion to dismiss contains a notice of motion that is separately paginated from the memorandum of points and authorities in support of the motion. Civil Local Rule 7-2(b) provides that the notice of motion and the points and authorities in support of the motion must be contained in one document with a combined limit of 25 pages.

granted when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and alterations omitted). Generally, leave to amend shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Whether to grant leave to amend a pleading under Rule 15(a) is a procedural matter governed by the law of the regional circuit. *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1318 (Fed. Cir. 2009).

## III. DISCUSSION

Defendant moves to file a second amended answer and counterclaims. Plaintiffs oppose Defendant's motion to amend on three grounds. First, Plaintiffs argue that the Court lacks personal jurisdiction over the two proposed unfair competition counterclaims ("proposed counterclaims" for short). Second, Plaintiffs argue that the proposed counterclaims duplicate claims pending before Judge White. Third, Plaintiffs argue that amendment would be futile.

The Court analyzes Plaintiffs' arguments below and holds that each lacks merit. Thus, the Court grants Defendant leave to amend Defendant's answer and counterclaims. Moreover, because Defendant will amend its pleadings, the Court denies as moot Plaintiffs' motion to dismiss certain counterclaims and affirmative defenses.

### A. Plaintiffs have waived any objection to personal jurisdiction.

Plaintiffs first argue that the Court lacks personal jurisdiction. For support, Plaintiffs cite *Berkeley Lights, Inc. v. AbCellera Biologics Inc. & Lineage Biosciences, Inc.*, 20-CV-5957-JSW (N.D. Cal.) ("5957 Case"), a case in which Berkeley Lights (here, Defendant) has sued AbCellera (here, one of two Plaintiffs). Opp'n at 2. On January 29, 2021, Judge White found no personal jurisdiction over claims virtually identical to the proposed counterclaims here: claims against AbCellera of "unfair competition under the Lanham Act and the California Unfair Competition Law." *Berkeley Lights, Inc. v. AbCellera Biologics Inc. et al.*, No. 20-CV-5957-JSW (N.D. Cal.

Jan. 29, 2021), Dkt No. 36 at 3. However, Judge White granted Berkeley Lights jurisdictional discovery through April 23, 2021. *Id.* at 14. Plaintiffs argue that the Court should follow its sister court and dismiss Defendant's proposed counterclaims for lack of personal jurisdiction.

The Court disagrees. Judge White had different facts and a different procedural posture before him. In his case, Judge White merely needed to consider whether AbCellera's infringement letters—which were sent to only one California-based customer of Berkeley Lights—sufficed for personal jurisdiction over AbCellera as a defendant. *Id.* at 2, 10.

Here, by contrast, AbCellera is a *plaintiff* in three cases that have been transferred to and consolidated in this Court. ECF No. 70 (consolidating cases). As a plaintiff in these cases against Berkeley Lights, AbCellera has taken the "voluntary act [of] demanding justice from the [D]efendant." *Adam v. Saenger*, 303 U.S. 59, 67 (1938). Furthermore, because Berkeley Lights has represented that it will dismiss its case before Judge White, Berkeley Lights will not be bringing duplicative claims against AbCellera. Mot. at 2. Thus, as the United States Supreme Court has explained, AbCellera and its co-Plaintiff UBC have "submitted [them]sel[ves] to the jurisdiction of the court, [for] there is nothing arbitrary or unreasonable in treating [them] as being there *for all purposes* for which justice to the [D]efendant requires [Plaintiffs'] presence." *Id.* at 67–68 (emphasis added).

Plaintiffs try to distinguish this blackletter rule in two ways, but neither is persuasive. First, Plaintiffs argue that the Court only has personal jurisdiction over compulsory counterclaims, not permissive counterclaims such as those proposed. Opp'n at 4. Yet Plaintiffs cite no authority for this proposition. To the contrary, a leading treatise asserts that "if defendant interposes a permissive counterclaim, plaintiff cannot object that the court lacks personal jurisdiction or that venue is improper for purposes of adjudicating the claim." 6 Wright & Miller's Federal Practice & Procedure: Civil § 1424 & nn.1, 6–7 (3d ed. Apr. 2021 update) (collecting cases).

Second, Plaintiffs note that the instant case was transferred to this district over Plaintiffs' objection. Opp'n at 5. That transfer is immaterial, however. Courts regularly exercise personal

jurisdiction over counterclaims even where, as here, a case was transferred from another district over plaintiff's objection. *See, e.g.*, *Competitive Techs. v. Fujitsu Ltd.*, 286 F. Supp. 2d 1118, 1141 (N.D. Cal. 2003) (rejecting argument against personal jurisdiction after contested transfer from Illinois); *Grupke v. Linda Lori Sportswear, Inc.*, 174 F.R.D. 15, 19 (E.D.N.Y. 1997) (same after contested transfer from Wisconsin); *Star Brite Distributing, Inc. v. Gavin*, 746 F. Supp. 633, 634–36 (N.D. Miss. 1990) (same after contested transfer from Florida).

Regardless, the fact that Plaintiffs have "continued to litigate in this [C]ourt" extinguishes any doubt as to personal jurisdiction. *Grupke*, 174 F.R.D. at 19. "[B]y doing so, [Plaintiffs] have waived any objections to the [C]ourt's exercise of personal jurisdiction to adjudicate claims ancillary to their own." *Id.* A summary of Plaintiffs' active litigation conduct illustrates why. Since the instant case was transferred from the District of Delaware on December 7, 2020, Plaintiffs have (1) filed a motion to dismiss and strike, ECF No. 40; (2) proposed a case schedule through trial, ECF No. 67; (3) asked to modify the case schedule to facilitate discovery, ECF No. 76; and (4) and sought adjudication of discovery disputes, ECF No. 90. Together, these actions show that Plaintiff has invoked the jurisdiction of the Court. Thus, it is immaterial that "this district is not the forum of [Plaintiffs'] choosing." *Grupke*, 174 F.R.D. at 19. The Court has personal jurisdiction over Plaintiffs.

**B. Granting leave to amend would not violate the rule against claim splitting.**

Plaintiffs next argue that the proposed counterclaims violate the rule against claim splitting Opp'n at 6. The rule protects parties "from being harassed by repetitive actions based on the same claim." *Ramachandran v. Best Best & Krieger*, No. 20-CV-03693-BLF, 2021 WL 428654, at *7 (N.D. Cal. Feb. 8, 2021) (quoting *Clements v. Airport Authority of Washoe County*, 69 F.3d 321, 328 (9th Cir. 1995)). Here, the proposed counterclaims duplicate claims in the 5957 Case pending before Judge White. Opp'n at 6–7. Plaintiffs thus argue that the Court should deny Defendant leave to amend to add the proposed counterclaims here. *Id.*

Defendant represents, however, that it offered to dismiss the 5957 Case if Plaintiffs

consented to amendment here. Mot. at 4. Plaintiffs refused Defendant's offer without explanation. *Id.* Even so, Defendant still represents that it will not "maintain two separate actions involving the same claims." Reply at 4. Defendant will instead "try all of its claims against Plaintiffs together by amending its pleadings in this case to include the unfair competition claims from the 5957 Case and simultaneously dismissing the 5957 Case." *Id.* Given this representation, there is no risk that Defendant will "maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Ramachandran*, 2021 WL 428654, at *7 (quoting *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *rev'd on other grounds*, *Taylor v. Sturgell*, 553 U.S. 880, 904 (2008)). Accordingly, granting leave to amend would not violate the rule against claim splitting.

### C. Amendment is not futile.

Lastly, Plaintiffs argue that Defendant's proposed counterclaims are legally futile. Plaintiffs do not argue that Berkeley Lights' amendment would be prejudicial, cause undue delay or were brought in bad faith. Defendant responds that Plaintiffs' merits arguments are not only premature at the motion to amend stage, but also insufficient to support dismissal. Reply at 4–10.

The Court agrees with Defendant that amendment is not futile. Compelling this conclusion are the lenient legal standard for granting amendment coupled with Defendant's proposed allegations. As to the legal standard, courts must grant leave to amend "with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). In applying this lenient standard, courts weigh many factors, of which futility is only one. These factors include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Id.* at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Among these factors, "prejudice to the opposing party [] carries the most weight." *Id.* Here,

Plaintiffs do not argue that amendment would prejudice them. Nor could they. As Defendant notes, "Plaintiffs will not suffer undue prejudice given the early stage of this litigation." Mot. at 2. Thus, the "most weight[y]" factor for evaluating the instant motion supports granting leave to amend. *Eminence Cap.*, 316 F.3d at 1052.

Plaintiffs' only argument is that amendment would be futile. Plaintiffs cite two grounds for futility. First, the *Noerr-Pennington* doctrine supposedly bars both proposed counterclaims. Opp'n at 8–13. Second, the proposed UCL counterclaim supposedly cannot be adequately pled under any UCL prong. *Id.* at 13–16. Neither ground outweighs the Court's "extreme liberality" in granting leave to amend in the absence of delay, bad faith, dilatory motive, failure to cure prior deficiencies, or undue prejudice. *See id.* at 1052 (listing factors from *Foman*, 371 U.S. at 182). Indeed, "denial of a motion for leave to amend on the ground of futility 'is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'" *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No. 16-CV-01393-JST, 2017 WL 3149297, at *4 (N.D. Cal. July 25, 2017) (quoting *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010)).

The Court analyzes both purported grounds for futility, starting with Plaintiffs' asserted immunity under the *Noerr-Pennington* doctrine. "[C]ourts rarely award *Noerr-Pennington* immunity at the motion to dismiss stage," *Sonus Networks, Inc. v. Inventergy, Inc.*, No. 15-CV-0322-EMC, 2015 WL 4539814, at *2 (N.D. Cal. July 27, 2015)—let alone at the motion for leave to amend stage. The *Noerr-Pennington* doctrine, as relevant here, may immunize Plaintiffs from liability "for pre-litigation communications alleging patent infringement." *Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*, 362 F.3d 1367, 1377 (Fed. Cir. 2004). Such pre-litigation communications are the basis for Defendant's proposed counterclaims. *See* Section I-A, *supra* (detailing Plaintiffs' pre-litigation letters to Defendant's customers). *Noerr-Pennington* immunity fails to apply, however, if Plaintiffs "had no reasonable basis to believe that the accused infringing device infringed [Plaintiffs'] patents." *Globetrotter Software*, 362 F.3d at 1377 (emphasis omitted)

(quoting *Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1371 (Fed. Cir. 2002)). This "no reasonable basis" test requires a showing of both objective and subjective bad faith. *Id.* at 1376 & n.8.

Defendant's proposed counterclaims appear to plead objective and subjective bad faith. *See* Section I-A, *supra* (summarizing allegations). Defendant identifies three examples of bad faith in Plaintiffs' pre-litigation letters. First, Defendant alleges that Plaintiffs' letters cited patents that "claim specific methods involving sequencing," even though the "the Berkeley Lights product referenced in AbCellera's letters to customers[] is not a sequencer." Proposed Counterclaims at 52–53. Second, Defendant alleges that AbCellera "also identified the '593 patent in its letters to [Defendant]'s customers" even though that patent "requires determination of binding kinetics between a protein and a biomolecule"—something Defendant's Beacon product does not do. *Id.* at 21, 53. Third, Plaintiffs' letters also mentioned the '839 patent, which again claims capabilities that Defendant's products allegedly lack. *Id.* at 53. Given these allegations, the Court cannot conclude that *Noerr-Pennington* immunity renders amendment futile at this time. *Eminence Cap.*, 316 F.3d at 1051 (quoting *Owens*, 244 F.3d at 712).

As for the UCL counterclaim, Plaintiffs argue that Defendant cannot plausibly plead a claim under any UCL prong. Opp'n at 14–16. The Court disagrees. A tentative analysis of each UCL prong suggests that amendment is not currently futile. First, Defendant may plead a violation of the "unlawful" prong if the other proposed counterclaim—the Lanham Act counterclaim—survives. Opp'n at 16 (conceding same). Presently, Plaintiffs' only argument against the Lanham Act counterclaim is the *Noerr-Pennington* argument just rejected above. *Id.*

As to the "fraudulent" prong, Defendant could potentially plead the two elements challenged in Plaintiffs' Opposition to amendment. Mot. at 15–16. The first challenged element is that Plaintiffs' letters had "a likelihood of confounding an appreciable number of reasonably prudent purchasers exercising ordinary care." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1026 (9th Cir. 2008) (quoting *Brockey v. Moore*, 107 Cal. App. 4th 86, 99 (2003)). The other challenged element is that Plaintiffs' letters induced some reliance from Defendant. *Snapkeys, Ltd.*

*v. Google LLC*, No. 19-CV-02658-LHK, 2020 WL 6381354, at *6 (N.D. Cal. Oct. 30, 2020) (analyzing reliance requirement).

Lastly, Defendant could plead a violation of the "unfair" prong by alleging how Plaintiffs' unfair conduct "harm[ed] [] the market as a whole." *Id.* at *3.

In sum, neither of Plaintiffs' arguments overcomes the Court's "extreme liberality" in granting leave to amend in the absence of delay, bad faith, dilatory motive, failure to cure prior deficiencies, or undue prejudice. *Eminence Cap.*, 316 F.3d at 1052 (quoting *Owens*, 244 F.3d at 712). Thus, because granting Defendant leave to amend would not be futile, cause undue delay, or unduly prejudice Plaintiffs, and Defendant has not acted in bad faith, the Court GRANTS Defendant's motion for leave to amend. *See Leadsinger*, 512 F.3d at 532.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to amend its answer and counterclaims, ECF No. 53. Should Defendant choose to file a second amended answer and counterclaims, Defendant must do so within 21 days of this Order. Defendant may not add new affirmative defenses, counterclaims, or parties without a stipulation or leave of the Court. If Defendant files a second amended answer and counterclaims, Defendant must attach a redlined copy comparing the second amended pleadings with the first amended pleadings.

Moreover, because Defendant may file second amended pleadings, the Court DENIES as moot Plaintiffs' motion to dismiss and strike certain counterclaims and affirmative defenses, ECF No. 40. Plaintiffs may file another motion to dismiss once Defendant files second amended pleadings or the deadline for amendment has passed. The Court cautions Defendant that deficient counterclaims and affirmative defenses will be dismissed with prejudice if, on review of the merits, the Court finds that Defendant's second amended pleadings have failed to cure the deficiencies identified in this Order and in Plaintiffs' instant motion to dismiss, ECF No. 40.

**IT IS SO ORDERED.**

Dated: July 1, 2021

_____
LUCY H. KOH
United States District Judge