July 21, 2021

Magistrate Judge Virginia K. DeMarchi
United States District Court, Northern District of California
Robert F. Peckham Federal Building & United States Courthouse
Office of the Clerk
280 South 1st Street
San Jose, CA 95113

**Re:     Case No. 20-cv-08624-LHK (VKD)**
**         Case No. 20-cv-08626-LHK (VKD)**
**         Case No. 20-cv-08627-LHK (VKD)**

***AbCellera Biologics Inc, et al. v. Berkeley Lights, Inc.***

Dear Judge DeMarchi:

## I.     Statement of the Dispute Requiring Resolution

The parties respectfully submit to the Court a dispute concerning Defendant Berkeley Lights, Inc.'s ("Berkeley" or "Berkeley Lights") responses to multiple Requests for Production ("RFPs") served by Plaintiffs AbCellera Biologics, Inc. and The University of British Columbia (together, "Plaintiffs").  Plaintiffs request that Berkeley be compelled to produce documents responsive to the full scope of RFP Nos. 9, 10, 13-17, 20, 25, 32-34, 47, 68, 70, and 74-76.

## II.     Parties' Positions

### A.     Plaintiffs' Position

Plaintiffs have served RFPs seeking information regarding: (1) the specifications and function of the accused products (Nos. 9, 10, 13-17, and 20); (2) infringement and the validity of the patents-in-suit (Nos. 25 and 32-34); and (3) damages (Nos. 47, 68, 70, and 74-76).  *See* Exhibit A.  Although Berkeley has agreed to provide some materials, *see* Exhibits B-C, its responses and document production are deficient.  Plaintiffs therefore respectfully request that Berkeley be compelled to produce the discovery described below.

#### 1.     Documents "Sufficient to Show"

RFP Nos. 9, 10, 13-17, and 20 seek relevant materials related to the specifications, functions, and uses of the accused devices.  Berkeley's June 25, 2021 Amended Responses indicate that Berkeley will only produce "final" documents that are "sufficient to show" certain information based on "Plaintiffs' Infringement Contentions."  *See* Exhibit C.[1]  Berkeley's attempt to limit the production of responsive documents is improper.

---

[1]  Berkeley originally further limited its agreement to only produce documents that were sent to its customers.  During the exchanges of the parties' respective sections of this joint dispute letter,

1

Berkeley "is not entitled to decide what information is 'sufficient' when [Plaintiffs have] requested relevant, discoverable documents." *Strand v. USANA Health Scis., Inc.*, No. 17-00925, 2019 WL 2745537, at *4 (D. Utah June 28, 2019); *see also Laryngeal Mask Co. Ltd. v. Ambu A/S*, No. 07-1988, 2009 WL 10672487, at *2 (S.D. Cal. Jan. 27, 2009) (defendant's "unilateral narrowing of the requests for all documents to those 'sufficient to show' is improper"); *Rosales v. FitFlop USA, LLC*, No. 11-0973, 2012 WL 13176110, at *4 (S.D. Cal. Dec. 10, 2012) (litigant "improperly limited its response … to documents sufficient to show").

Moreover, technical documents are relevant and proportional to the needs of the case even if they are not "final." Plaintiffs allege, *inter alia*, that **Berkeley directly infringes** the asserted claims under 35 U.S.C. 271(a) because **Berkeley practices** the infringing methods itself. *See, e.g.*, No. 20cv8624, ECF. No. 1, ¶¶ 15-16, 42, 65, 87. But Berkeley ignores its own use of the claimed methods in an attempt to limit production. In-house technical documents, including drafts, are plainly relevant to Berkeley's infringement and should be produced. *See, e.g., AFG Indus., Inc. v. Cardinal IG Co.*, 375 F.3d 1367, 1373 (Fed. Cir. 2004) (holding that a "document internal to [defendant that] refers to its products as containing five layers … may [be] relevant in determining whether [the accused] products meet the limitations of the [asserted] claim."). Berkeley attempt to limit its productions to documents that are marked as "final" is unsupportable.

Berkeley's argument hinges on the false premise that it has met its discovery obligations because it has agreed to produce documents "sufficient to show the operation" of its products under Pat. L.R. 3-4(a). Berkeley misapprehends the Local Rule. The "sufficient to show" language of Patent L.R. 3-4(a) requires that Berkeley produce "**any and all** documents describing the operation or structures of [its] accused devices." *IXYS Corp. v. Advanced Power Tech.*, No. 02-03942, 2004 WL 1368860, at *3 (N.D. Cal. June 16, 2004) (emphasis added); *see also I-Flow Corp. v. Apex Med. Techs.*, 250 F.R.D. 508, 509-10, 511 (S.D. Cal. 2008) ("sufficient to show" in Southern District's substantively similar Rule 3.4(a) requires production of "any and all documents describing the operation, structure, and other technical details of the accused device"); *Edward D. Ioli Tr. v. Avigilon Corp.*, No. 10-605, 2012 WL 5830711, at *3 (E.D. Tex. Nov. 16, 2012) ("sufficient to show" in Eastern District of Texas's substantively similar Rule 3-4(a) "requires the alleged infringer to produce any and all documents describing the operation of any aspects or elements of an accused instrumentality.")

Even if Berkeley met the requirements of Patent L.R. 3-4(a) (it has not), Plaintiffs are entitled to a broader scope of responsive documents under Fed. R. Civ. P. 26 and 34. *Forterra Systems, Inc. v. Avatar Factory*, No. C-05-04472 PVT, 2006 WL 2458804, *1 (N.D. Cal. Aug. 22, 2006) (granting motion to compel additional technical information because it was relevant under Rule 26). Indeed, Berkeley's *Pragmatus* case acknowledged that, if not for the stay in discovery, "Pragmatus might otherwise be entitled to a greater universe of documents under Fed. R. Civ. P. 26 and 34" than under Patent L.R. 3-4(a). *Pragmatus AV, LLC v. Facebook, Inc*, No. 5:11-cv2168, 2012 WL 12355858, at *2 (N.D. Cal. July 5, 2012).

Accordingly, Berkeley should be compelled to provide discovery responsive to the full scope of Plaintiffs' RFP Nos. 9, 10, 13-17, and 20.

---

however, Berkeley has now agreed to produce documents "whether or not those documents are internal or intended for customers."

### 2.        Documents that Only "Support" Berkeley's Litigation Positions

RFP Nos. 25 and 32-34 seek materials concerning the validity and infringement of the patents-in-suit.  *See* Exhibit C.  Berkeley's Amended Responses admit relevance, but Berkeley attempts to limit its production to "documents that support" its claims and defenses.  *Id.* Berkeley's position is improper.  Berkeley cannot satisfy its obligations by only producing materials that support its claims or defenses, to the exclusion of materials that would undermine its positions.  It is axiomatic that the "purpose of discovery is to uncover not only the documents that support a claim or defense, but also the documents that do not."  *Loc. Access, LLC v. Peerless Network, Inc.*, No. 17-236, 2018 WL 2938393, at *7 n.4 (M.D. Fla. June 12, 2018).  Berkeley's argument that it understands the word "support," but cannot comprehend the words "contradict," "limit," or "refute" also strains credulity.  *Microsoft Corp. v. Softicle.com*, No. 16-cv-02762, 2017 WL 4387376, at *3 (D.N.J. Oct. 2, 2017) ("The responding party shall use common sense and reason, and hyper-technical, quibbling, or evasive objections will be viewed unfavorably.") Accordingly, Berkeley should be compelled to provide discovery responsive to the full scope of Plaintiffs' RFP Nos. 25 and 32-34.

### 3.        The OptoSelect 20k Chip Product Insert

Plaintiffs seek a specific document, referred to as the "OptoSelect 20k Chip Product Insert," which provides the "specifications" and "purpose" of the chip.  The document is responsive to at least RFP No. 13.  *See* Exhibit A at 4.  Berkeley refuses to provide this information because the 20k Chip was not specifically identified in Plaintiffs' March 31, 2021 Infringement Contentions. However, Plaintiffs only learned of it through Berkeley's subsequent productions.  Plaintiffs seek this 20k Chip Product Insert so that they can evaluate the information to determine the extent of any amendments to their Contentions.  "[C]ourts in this district have found that discovery of unaccused products is permissible if the plaintiff does not know of the allegedly infringing product when it serves its infringement contentions and could not have discovered the product absent discovery."  *Monolithic Power Sys. v. Silergy Corp.*, No. 14-01745, 2015 WL 5897719, at *3 (N.D. Cal. Oct. 9, 2015) (collecting cases).  Berkeley's *Kelora* case is inapposite.  There, "Kelora could have determined whether the public websites infringed on its patents without needing any discovery." *Kelora Sys., LLC v. Target Corp.*, No.11-01548, 2011 WL 5444419, at *2 (N.D. Cal. Nov. 9, 2011).  Here, as of mid-July 2021, the 20k Chip is not even found on Berkeley's website (unlike other chips that were identified as part of the Accused Instrumentality).  Accordingly, Berkeley should be compelled to produce the OptoSelect 20k Chip Product Insert.

### 4.        Documents Related to Damages

RFPs Nos. 47, 68, 70, and 74-76 seek materials relevant to Plaintiffs' damages claims. Berkeley refuses to provide discovery—beyond 14 documents—in response to these RFPs arguing that it is "premature" because Berkeley has not yet served its Patent L.R. 3-9 disclosures. Rule 3-9 has no provision relating to document production.  It neither dictates the timing of document discovery nor authorizes an accused infringer to withhold documents until after it serves Responsive Damages Contentions.  To the contrary, there is an "expectation built into … L.R. 3-9, that there is discovery—perhaps significant discovery—still to be conducted" separate from Damages Contentions.  *Twilio, Inc. v. Telesign Corp.*, No. 16-06925, 2017 WL 5525929, at *3 (N.D. Cal. Nov. 17, 2017).

Although Berkeley concedes relevance, it further contends that production of documents responsive to RFP No. 47 should be delayed until "custodial discovery" occurs. This position is meritless. RFP No. 47 seeks documents regarding "Berkeley's communications with any stock analyst, investor or potential investor concerning the Beacon" and is not limited to email communications. *See* Exhibit A at 8. Responsive material includes, e.g., transcripts of investor/analyst calls, slide presentations, and call notes that are normally maintained in a company's central files. Notably, Berkeley does not represent that responsive documents do not exist, only that "duplicative" material would be found during later-scheduled email discovery. Berkeley should not be permitted to delay this relevant discovery.

Therefore, Berkeley should be compelled to provide discovery responsive to RFPs Nos. 47, 68, 70, and 74-76.

For all these reasons, the requested discovery is relevant and proportional to the needs of the case. Berkeley should be compelled to produce documents responsive to the full scope of RFP Nos. 9, 10, 13-17, 20, 25, 32-34, 47, 68, 70, and 74-76.

### B.    Berkeley Lights's Position

#### 1.    Plaintiffs' Requests for Technical Documents

Fed. R. Civ. P 26(b)(1) subjects Berkeley Lights only to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and ***proportional to the needs of the case.***" Plaintiffs' RFP Nos. 9, 10, 13-17, and 20 request technical documents, including specifications and documents that detail the functions and uses of the accused products. Berkeley Lights agreed to produce documents that are sufficient to show the requested information, and further represented to Plaintiffs that Berkeley Lights would produce (and had already begun producing) any and all final versions of specifications, workflows, user guides, instrument guides, schematics, and other technical documents regarding the accused products, whether or not those documents are internal or intended for customers.[2] These documents are more than sufficient to demonstrate how the accused products work and how they are actually used by both Berkeley Lights and its customers. *See, e.g.*, *Pragmatus AV, LLC v. Facebook, Inc*, No. 5:11-cv-2168, 2012 WL 12355858, at *2 (N.D. Cal. July 5, 2012) ("As to whether [patentee] is entitled to documents beyond those "sufficient to show" materials required under Patent L.R. 3–4(a), the answer is no.").

The dispute between the parties, therefore, lies squarely with whether Berkeley Lights should be required to produce draft versions of these technical documents. But draft versions of technical documents are not relevant to any claim or defense in this case, and they are certainly not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Importantly, Plaintiffs certainly have not identified a single reason in this letter why drafts might be so. Non-final, draft versions of technical documents are irrelevant because they may be inaccurate or may not represent versions of the products actually implemented or sold to customers. As Plaintiffs admitted in an earlier version of this letter, "[t]he relevant question [to infringement] is . . . whether the documents describe the operation, structure, or technical details of the accused products." Only final versions of technical documents can definitively do so.[3]

---

[2] Berkeley Lights's position that it would produce all final versions of technical documents, whether internal or external, was made clear to Plaintiffs during the course of meet and confers.

[3] Plaintiffs claimed, in an earlier version of this letter, that draft technical documents are relevant to

Plaintiffs' cases do not stand for the proposition that Berkeley Lights should be required to produce any and all technical documents. The language Plaintiffs cite from *Strand v. USANA Health Scis., Inc.*, No. 17-00925, 2019 WL 2745537, at *3 (D. Utah June 28, 2019) concerns interrogatory responses; the interrogatory at issue related to the plaintiff's income. *Laryngeal Mask Co. Ltd. v. Ambu A/S*, No. 07-1988, 2009 WL 10672487, at *2 (S.D. Cal. Jan. 27, 2009) was decided before Fed. R. Civ. P. 26 was amended from "reasonably calculated to lead to the discovery of admissible evidence" to "proportional to the needs of the case." *Id*. Indeed, the court in that case stated that "[t]his [pre-amendment] provision is liberally construed to provide wide-ranging discovery of information necessary for parties to evaluate and resolve their dispute." *Id*. *Rosales v. FitFlop USA, LLC*, No. 11-0973, 2012 WL 13176110, at *4 (S.D. Cal. Dec. 10, 2012) likewise concerns the pre-amendment Rule 26, and the responses at issue were also limited by substantive subject matter. *Id*.

In any event, N.D. Cal. Patent L.R. 3-4(a) itself specifically requires only that a defendant produce documents "sufficient to show the operation of any aspects or elements of an Accused Instrumentality." N.D. Cal. Pat. L.R. 3-4(a). Berkeley Lights has already agreed to produce documents beyond the scope of that rule. Plaintiffs' cited cases are inapposite. In *I-Flow Corp. v. Apex Med. Techs.*, 250 F.R.D. 508 (S.D. Cal. 2008), the defendants produced a mere "thirteen total pages of documents, including an eight page sales brochure and five pages of drawings, none of which demonstrate in adequate detail the structural components, technical specifications, or operation of the accused device." *Id*. at 509; *see also Edward D. Ioli Tr. v. Avigilon Corp.*, No. 10-605, 2012 WL 5830711, at *3 (E.D. Tex. Nov. 16, 2012) (accused infringer produced only 21 documents, and "only two describe the functionality of the software"). This is in sharp contrast to the situation here, where Berkeley Lights produced 845 documents as part of its 3-4(a) production. Plaintiffs have never before disputed that Berkeley Lights's fulsome 3-4(a) production describes in detail the operation of the accused Beacon products; they are simply fishing for more.

At most, these cases stand for the proposition that documents "describing the operation or structures of . . . accused devices" are relevant. *See IXYS Corp. v. Advanced Power Tech.*, No. 02-03942, 2004 WL 1368860, at *3 (N.D. Cal. June 16, 2004). But drafts of technical documents do not necessarily "describe the operation or structures" of Berkeley Lights's accused products, and Berkeley Lights has already agreed to produce those documents that *do* describe these features.

### 2. Plaintiffs' Requests for Documents that "Support" or "Contradict" a Legal Conclusion

Plaintiffs' RFP Nos. 25 and 32-34 request, for example, "Documents . . . that support, contradict, or concern whether the Beacon infringes the Patents-in-Suit" (RFP No. 25) and other documents that "support," "affect[]," "limit[]," or "refute" various issues. But, as written, these requests are overly broad, ambiguous, and put the onus on Berkeley Lights to interpret, for example, whether a document "support[s], contradict[s], or concern[s]" Plaintiffs' infringement claims. Berkeley Lights cannot—and should not be required to—develop Plaintiffs' case for them.

---

"reveal failed attempts by Berkeley to design-around the asserted claims." But Berkeley Lights already agreed to produce documents responsive to Plaintiffs' request for production No. 72 ("All Documents, Things, and Communications relating to any effort, attempt, implementation, or consideration by or for Berkeley, to design around any claims of the Patents-in-Suit."). *See* Exhibit B at 89-90.

### 3. The OptoSelect 20k Chip Product Insert

Plaintiffs' infringement contentions do not accuse the Optoselect™ 20k chip. During a meet-and-confer between the parties, Plaintiffs represented that they would be including Berkeley Lights's 20k chip in their amended infringement contentions, and Berkeley Lights responded that it would reconsider Plaintiffs' request if the 20k chip was an accused product. But this letter states that "Plaintiffs seek this discovery about the 20k Chip so that they can evaluate it to determine the extent of any amendments to their Contentions." *Supra* at Section II.A.3. This and other requests make clear that Plaintiffs are simply engaging in a fishing expedition, and Plaintiffs' request is inappropriate. *See Kelora Sys., LLC v. Target Corp.*, No.11-01548, 2011 WL 5444419, at *2 (N.D. Cal. Nov. 9, 2011) ("The court finds that, given the facts in this case, the goal of LRP 3-1, which is to make discovery manageable, is best served by denying discovery for instrumentalities that were not accused in the preliminary infringement contentions.").[4]

### 4. Plaintiffs' Requests for Certain Damages Documents

Plaintiffs again misrepresent Berkeley Lights's responses to Plaintiffs' RFP Nos. 68, 70, and 74-76. Berkeley Lights has not refused to produce documents responsive to these requests, and indeed, has already done so. *See, e.g.*, BLI00009823-BLI00009862; BLI00016429-BLI00018497.

However, as discussed above, Plaintiffs still have not served amended infringement contentions, and only recently served damages contentions, both of which are relevant to these RFPs. Berkeley Lights is not refusing to provide documents responsive to these requests during discovery, but simply objecting to the timing and sequence of that discovery.

Plaintiffs also misrepresent Berkeley Lights's position on Plaintiffs' RFP No. 47, which requests "communications" with stock analysts and investors regarding the Beacon. *See* Exhibit A at 8. Because this RFP specifically seeks "communications," this request falls squarely within the realm of custodial discovery. Based on Berkeley Lights's investigation to date, Berkeley Lights does not believe that any non-duplicative documents falling within the scope of this request would be stored outside of email sources. Notably, AbCellera has itself refused to produce documents responsive to Berkeley Lights's RFP No. 33, seeking documents provided to investors in connection with AbCellera's IPO relating to the Asserted Patents, Berkeley Lights, or to this litigation.

## III.   Parties' Views on Whether a Hearing is Needed

### A.   Plaintiffs' Position

Plaintiffs do not believe a hearing is needed to resolve this issue, but would welcome one should the Court have any questions.

### B.   Berkeley Lights's Position

Berkeley Lights does not believe a hearing is needed to resolve this issue, but would

---

[4] In *Kelora*, the fact that Kelora could have used public information to assess infringement was just one reason why a prior case was distinguishable, and why the court determined that discovery for non-accused products was unnecessary. Plaintiffs admit that they have already received some discovery on the 20k chip.

welcome one should the Court have any questions.

## IV.     Discovery Cut-off Dates for Fact and Expert Discovery

Pursuant to the Court's schedule (Dkt. No. 70), fact discovery closes on February 1, 2022, or 60 days following the claim construction ruling (whichever is later), and expert discovery closes on June 1, 2022, or 180 days following the claim construction ruling (whichever is later).

## V.      Statement of Compliance Regarding Lead Counsel Meet-and-Confer

On July 14, 2021, lead counsel for the parties met and conferred by telephone regarding the issues raised in this dispute letter.  Elizabeth Tuan, Monica Daegele, and Keely Vega participated for Berkeley Lights.  F. Dominic Cerrito, Eric C. Stops, and Krista M. Rycroft participated for Plaintiffs.

## VI.     Specific Discovery Material at Issue

| Exhibit No. | Subject Matter |
|---|---|
| Ex. A | Plaintiffs' Second Set of Requests for Documents and Things to Berkeley Lights (Nos. 3-76) |
| Ex. B | Berkeley Lights, Inc's Objections and Responses to Plaintiffs' First and Second Set of Requests for Production |
| Ex. C | Berkeley Lights, Inc.'s Amended Objections and Responses to Plaintiffs' Second Set of Requests for Production (Nos. 9, 10, 13-17, 20, 25, 32-34) |

Very truly yours,

QUINN EMANUEL URQUHART & SULLIVAN LLP       IRELL & MANELLA LLP

*/s/  F. Dominic Cerrito*                                  */s/  Elizabeth Tuan*

F. Dominic Cerrito                                         Elizabeth Tuan