UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ABCELLERA BIOLOGICS INC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BERKELEY LIGHTS, INC.,<br><br>Defendant. | Case No. 20-cv-08624-LHK   (VKD)<br>20-cv-08626-LHK   (VKD)<br>20-cv-08627-LHK   (VKD)<br><br>**ORDER RE JULY 13, 2021 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 102 |

Plaintiffs AbCellera Biologics, Inc. and The University of British Columbia (collectively, "Plaintiffs") and defendant Berkeley Lights, Inc. ("Berkeley Lights") ask the Court to resolve their dispute concerning Plaintiffs' refusal to produce documents responsive to Berkeley Lights's Request No. 12. Dkt. No. 102.[1] The Court finds this dispute suitable for resolution without oral argument. Civil L.R. 7-1(b).

For the reasons explained below, the Court denies Berkeley Lights's request for an order compelling discovery.

I. **BACKGROUND**

In these consolidated actions, Plaintiffs contend that Berkeley Lights infringes several patents relating to the use of microfluidic devices for assays in the discovery of antibodies for the treatment of disease, and methods for isolating antibody sequences of interest. *See* Dkt. No. 98 at 2. Plaintiffs have identified Berkeley Lights's Beacon® system as an accused instrumentality and allege that Berkeley Lights infringement is willful. Dkt. No. 1 (-8624) ¶¶ 41, 64, 86; Dkt. No. 10

---

[1] Unless otherwise noted, all citations are to the docket of the lead case.

(-8626) ¶¶ 42, 65, 86, 110; Dkt. No. 11 (-8627) ¶¶ 45, 66, 87, 108, 131, 155, 176, 198. Berkeley Lights denies the allegations of infringement and alleges that all asserted patents are invalid and unenforceable due to inequitable conduct. Dkt. No. 106 (-8624); Dkt. No. 73 (-8626); Dkt. No. 75 (-8627).

As relevant to this dispute, Berkeley Lights asks for an order compelling Plaintiffs to produce documents responsive to Plaintiffs' Request No. 12, which asks for:

> All Documents referring or relating to the date(s) on which or the circumstances under which You first became aware of the Beacon® system or any documents, including scientific articles or patent applications, concerning the Beacon® system.

Dkt. No. 102 at 1. Plaintiffs principally object to this request on the ground that the discovery is not relevant to any issue in the case. *Id*. at 3.

## II. DISCUSSION

A party may obtain discovery of any matter that is relevant to a claim or defense and that is "proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Berkeley Lights offers several arguments for why it believes this discovery is relevant.

First, Berkeley Lights argues that Plaintiffs' first awareness of Beacon® system is relevant to Plaintiffs' claim that Berkeley Lights's infringement was willful because Plaintiffs filed the asserted patents after the commercial release of the accused system. Dkt. No. 102 at 2. The Court is puzzled by this argument. The fact that a defendant offered an accused product in the market before *the defendant* had knowledge of the patent or before the patent had even issued may be evidence that the defendant's conduct was *not* willful, but the Court does not understand how *the plaintiff's* knowledge of the accused product in advance of a patent's filing or issuance has any bearing on the defendant's willfulness or lack thereof. The Court agrees with Plaintiffs that no authority supports Berkeley Lights's theory on this point. *See id.* at 3-4.

Second, Berkeley Lights argues that the discovery is relevant to establishing when

1  Plaintiffs "knew or should have known of potential infringement." *Id.* at 2.  Here, Berkeley Lights
2  relies on the determination in *Sun Microsystems Inc. v. Network Appliance*, No. C-08-01641 EDL,
3  2009 WL 5125817, at *6 (N.D. Cal. Dec. 21, 2009) that evidence concerning a plaintiff's early
4  knowledge of the accused product is relevant to "infringement and laches, and therefore
5  damages." *Id.*  Plaintiffs respond that laches is no longer an available defense, in view of the
6  Supreme Court's decision in *SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod., LLC,* 137
7  S. Ct. 954, 967 (2017) (abrogating *A.C. Aukerman Co. v. R. L. Chaides Construction Co.*, 960
8  F.2d 1020 (Fed. Cir. 1998), and therefore, Plaintiffs' first awareness of Berkeley Lights' potential
9  infringement is not relevant to any laches defense at issue in the case. Dkt. No. 102 at 4.  Berkeley
10 Lights does not contest this point.  However, it contends that evidence showing periods of time
11 during which Plaintiffs knew of the Beacon® system and yet did not assert that the system
12 infringed its patents "could lend itself to inferences that Plaintiffs had concluded there was no
13 infringement, or that [Plaintiffs] did not think the patents were valuable enough." *Id.* at 2.  While
14 there may be circumstances in which such inferences could be drawn, Berkeley Lights does not
15 explain how Plaintiffs' knowledge of the Beacon® system would support any such inferences
16 here.  Plaintiffs say that they attempted to discuss their infringement claims with Berkeley Lights
17 for over nine months and filed the consolidated actions only after those efforts were unsuccessful.
18 *Id.* at 4.  In addition, Plaintiffs point out that for some asserted patents, Plaintiffs filed their
19 complaint only days after the patent issued.  *Id.*  Berkeley Lights does not contradict any of these
20 assertions; indeed, it acknowledges that Plaintiffs did *not* assert infringement of Plaintiffs' earlier
21 issued patents. *Id.* at 2.  On the present record, the Court is not persuaded that Plaintiffs' decision
22 to not assert that the Beacon® system infringes the earlier patents supports an inference that
23 Plaintiffs also believe the system does not infringe the later-issued patents or that those later-
24 issued patents are not valuable.

25   Third, Berkeley Lights argues that the discovery is relevant to its contention that Plaintiffs'
26 claims and conduct in these actions render the consolidated cases "exceptional" pursuant to 35
27 U.S.C. § 285.  Apart from a cryptic reference to "noninfringement, invalidity, and unenforceability
28 issues" (*id.*), Berkeley Lights does not explain why it believes Plaintiffs' "diligence" is at issue or

how Plaintiffs' first awareness of the Beacon® system could otherwise support an exceptional case finding. To the extent Berkeley Lights suggests that information relating to Plaintiffs' pre-suit investigation is relevant and discoverable as a matter of course whenever a party invokes 35 U.S.C. § 285, the Court disagrees with that proposition. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014) ("[A]n 'exceptional' case is simply one that stands out from others with respect to *the substantive strength of a party's litigating position* (considering both the governing law and the facts of the case) *or the unreasonable manner in which the case was litigated*.") (emphasis added); *Nova Chemicals Corp. (Canada) v. Dow Chem. Co.*, 856 F.3d 1012, 1018 (Fed. Cir. 2017) ("We agree, as a general matter, that the extent of a party's pre-suit investigation or how fervently it believed in its allegations does not affect the objective strength of that party's litigating position."). Rather, Berkeley Lights must articulate some justification for why the requested discovery is relevant to its claim that Plaintiffs' litigating position or conduct in the litigation renders these cases "exceptional."

Fourth, Berkeley Lights argues that documents responsive to Request No. 12 "may also be relevant to [its] inequitable conduct claims." Dkt. No. 102 at 3. Again, Berkeley Lights does not explain how Plaintiffs' knowledge of the Beacon® system relates to its inequitable conduct claims. Plaintiffs assert, without contradiction, that all of the asserted patents claim priority to applications filed in 2010 and that these applications pre-date the Beacon® system by six years. *Id.* at 4. A claim of inequitable conduct based on a failure to disclose prior art requires clear and convincing evidence that the applicant made a deliberate decision to withhold a known material reference. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011). If the Beacon® system is not prior art (and Berkeley Lights does not say that it is), the Court does not understand how Plaintiffs' knowledge of it could support an alleged failure to disclose material information during prosecution. *See id.* at 1291 ("This court holds that, as a general matter, the materiality required to establish inequitable conduct is but-for materiality. When an applicant fails to disclose prior art to the PTO, that prior art is but-for material if the PTO would not have allowed a claim had it been aware of the undisclosed prior art."). To the extent Berkeley Lights suggests Plaintiffs deliberately drafted claims to cover the Beacon® system, that conduct

4

standing alone would not support a claim for inequitable conduct. *Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867, 874 (Fed. Cir. 1988) ("[T]here is nothing improper, illegal or inequitable in filing a patent application for the purpose of obtaining a right to exclude a known competitor's product from the market; nor is it in any manner improper to amend or insert claims intended to cover a competitor's product the applicant's attorney has learned about during the prosecution of a patent application."); *but cf. Synthes USA, LLC v. Spinal Kinetics, Inc.,* 734 F.3d 1332, 1341 (Fed. Cir. 2013) ("While broadening claims during prosecution to capture a competitor's products is not improper, the written description must support the broadened claims.").

### III. CONCLUSION

Because Berkeley Lights has not demonstrated that documents responsive to Request No. 12 would be relevant to any claim or defense in these cases, the Court will not require Plaintiffs to provide this discovery. The Court does not reach Plaintiffs' objections based on privilege. Berkeley Lights's request for an order compelling production is denied.

**IT IS SO ORDERED.**

Dated: July 30, 2021

*/s/ Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge