1

2

3

4          UNITED STATES DISTRICT COURT

5          NORTHERN DISTRICT OF CALIFORNIA

6          SAN JOSE DIVISION

7

8     ABCELLERA BIOLOGICS INC, et al.,        Case No. 20-cv-08624-LHK   (VKD)
                                                        20-cv-08626-LHK   (VKD)
9                Plaintiffs,                            20-cv-08627-LHK   (VKD)

10          v.                                 **ORDER RE JULY 21, 2021
                                               DISCOVERY DISPUTE**
11    BERKELEY LIGHTS, INC.,
                                               Re: Dkt. No. 105
12               Defendant.

13

14          Plaintiffs AbCellera Biologics, Inc. and The University of British Columbia (collectively,

15    "Plaintiffs") and defendant Berkeley Lights, Inc. ("Berkeley Lights") ask the Court to resolve their

16    dispute concerning Plaintiffs' document requests to Berkeley Lights.  Dkt. No. 105.[1]  The Court

17    finds this dispute suitable for resolution without oral argument.  Civil L.R. 7-1(b).

18          For the reasons explained below, the Court grants in part and denies in part Plaintiffs'

19    request for an order compelling Berkeley Lights to produce responsive documents.

20    **I.      BACKGROUND**

21          In these consolidated actions, Plaintiffs contend that Berkeley Lights infringes several

22    patents relating to the use of microfluidic devices for assays in the discovery of antibodies for the

23    treatment of disease, and methods for isolating antibody sequences of interest.  *See* Dkt. No. 98 at

24    2.

25          This dispute concerns Plaintiffs' requests for production of documents to Berkeley Lights.

26    The parties' joint submission addresses four categories of documents requests: (1) documents

27

28    _____

      [1] Unless otherwise noted, all citations are to the docket of the lead case.

United States District Court
Northern District of California

1    concerning the operation and use of the accused products, (2) documents related to Berkeley

2    Lights' non-infringement, invalidity, and unenforceability defenses, (3) a single document

3    concerning a product that is not accused, and (4) documents relating to damages.

4    **II.    DISCUSSION**

5         A party may obtain discovery of any matter that is relevant to a claim or defense and that is

6    "proportional to the needs of case, considering the importance of the issues at stake in the action,

7    the amount in controversy, the parties' relative access to relevant information, the parties'

8    resources, the importance of the discovery in resolving the issues, and whether the burden or

9    expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

10        The parties dispute whether the document discovery Plaintiffs seek is relevant and/or

11   proportional to the needs of the case.

12        **A.    Plaintiffs' Requests for Production Nos. 9, 10, 13-17, and 20**

13        Plaintiffs' Requests for Production Nos. 9, 10, 13-17, and 20 are generally directed to

14   technical documents describing the operations, functions, and uses of the accused products.

15   Berkeley Lights objects to the production of technical documents that are non-final drafts or that

16   exceed the requirements of Patent Local Rule 3-4(a).

17        As an initial matter, Patent Local Rule 3-4(a) does not require (as Plaintiffs contend) that

18   an accused infringer produce "any and all documents" that describe the operation of the accused

19   products, but only documents "sufficient to show" such operation.  *See* N.D. Cal. Patent L.R. 3-

20   4(a).  However, this rule sets requirements for early disclosure of information in a patent case.  It

21   does not limit or preclude the discovery of additional documents concerning the operation of the

22   accused products.  *See* N.D. Cal. Patent L.R. 2-5.  Further, while nothing in the Patent Local Rules

23   or the Federal Rules of Civil Procedure bars the discovery of draft technical documents, it is not

24   self-evident that discovery of *all* drafts of *all* technical documents that describe the operation,

25   function, and use of an accused product is relevant and proportional to the needs of these cases.

26   Absent further explanation regarding the need for discovery of interim drafts, the Court will not

27   require Berkeley Lights to produce such drafts.  Berkeley Lights may not limit its production to

28   "current" documents but must also produce responsive documents that were considered complete

*United States District Court*
*Northern District of California*

2

1    at the time they were prepared (whether marked "final" or not), even if they were later superseded

2    or updated.

3          The parties have chosen to submit their dispute regarding these document requests at a

4    high level of generality.  The Court is unable to discern if there is some particular documentation

5    or further detail that Plaintiffs require in order to understand that operations, functions, and uses of

6    the accused products.  If the parties require more specific relief from the Court, they will need to

7    confer further before seeking additional relief and must explain their dispute in more detail.

8          **B.      Plaintiffs' Requests for Production Nos. 25 and 32-34**

9          Plaintiffs' Requests for Production Nos. 25, 32, and 34, collectively, ask for documents

10   that "support," "contradict," "refute," "affect," "limit," "bear on," "concern," or "are otherwise

11   related to" infringement, validity, enforceability, or interpretation of the asserted claims.  Berkeley

12   Lights objects that these requests are overly broad and ambiguous because they require Berkeley

13   Lights to determine, for example, whether a document "supports" or "contradicts" or merely

14   "concerns" Plaintiffs' or its own positions on infringement, validity, enforceability, or claim

15   construction.

16         While Plaintiffs are correct that Berkeley Lights may not limit its production to documents

17   favorable to its own positions, the Court agrees with Berkeley Lights that it is difficult to discern

18   and comply with the "full scope" of a request that asks for documents that "affect," "concern,"

19   "bear on," or "are otherwise related to" the subject matter of the request.

20         Berkeley Lights should be able to identify non-privileged documents in its possession that,

21   for example, discuss the accused products or the prior art, and it must produce those documents

22   that support its positions on infringement or validity, as well as those that tend to contradict those

23   positions.  However, to the extent these requests require subjective judgments about which

24   documents are responsive—i.e., those that "affect," "limit," "bear on," "concern," or "are

25   otherwise related to" particular subject matter—the Court agrees that they are ambiguous.

26   Accordingly, Berkeley Lights must produce documents responsive to Requests for Production

27   Nos. 25, 32, and 34 that support or contradict its positions with respect to the subject matter

28   identified in the requests.  Absent further particularization, the Court will not require Berkeley

United States District Court
Northern District of California

3

1    Lights to produce documents that relate in some unspecified way to that subject matter.

2         Plaintiffs' Request for Production No. 33 asks for documents "concerning the level of

3    ordinary skill in the art, or a person of ordinary skill in the art, for each of the Patents-in-Suit."

4    Defining the level of ordinary skill in the art of the field(s) of the claimed invention(s) is necessary

5    for purposes of claim construction, *Phillips v. AWH Corp.,* 415 F.3d 1303, 1313 (Fed. Cir. 2005)

6    (en banc), and the Court expects both sides will brief the issue to the Court.  To the extent

7    Berkeley Lights has in its possession non-privileged documents that describe or reflect the level of

8    ordinary skill in the relevant art or the characteristics of a person having ordinary in skill in the art,

9    it must produce those documents without delay.

10        **C.      Plaintiffs' Request for Production No. 13: OptoSelect 20k Chip Product Insert**

11        Plaintiffs ask the Court to order Berkeley Lights to produce a single document, the

12   OptoSelect 20k Chip Product Insert, which they contend is responsive to at least Request for

13   Production No. 13.  Plaintiffs have not identified this chip as an accused product, but they ask for

14   this document "so that they can evaluate the information to determine the extent of any

15   amendments to their [infringement contentions]."  Dkt. No. 105 at 3.  Berkeley Lights objects to

16   producing discovery regarding products that are not accused of infringement.  *Id.* at 6.

17        The Court denies Plaintiffs' request for this discovery.  Not only is the 20k chip product

18   not accused, but Plaintiffs also articulate no basis for their belief that the product infringes one or

19   more claims of a patent-in-suit.  *See, e.g., Monolithic Power Sys. v. Silergy Corp.*, No. 14-01745-

20   VC (KAW), 2015 WL 5897719, at *3 (N.D. Cal. Oct. 9, 2015) (requiring plaintiff to explain why

21   it believes the unaccused product infringes as a condition for obtaining discovery) (citing *Infineon*

22   *Techs. AG v. Volterra Semiconductor Corp.,* No. C 11-6239 MMC (DMR), 2012 WL 6184394, at

23   *3 (N.D. Cal. Dec. 11, 2012).

24        **D.      Plaintiffs' Requests for Production Nos. 47, 68, 70, and 74-76**

25        Plaintiffs' Requests for Production Nos. 68, 70, and 74-76 ask for documents relevant to

26   damages, such as licenses for technology used in the accused products, valuations of the patents-

27   in-suit, and Berkeley Lights's calculation of damages.  Berkeley Lights does not object to

28   producing documents responsive to these requests; it objects to "the timing and sequence of that

United States District Court
Northern District of California

4

1    discovery." Dkt. No. 105 at 6.  Berkeley Lights does not say when it plans to produce responsive

2    documents.

3         With respect to Requests for Production Nos. 68 (licensing) and 70 (valuation), Berkeley

4    Lights must produce responsive documents in its possession without delay and without regard to

5    the schedule for disclosure of damages contentions.  Requests for Production Nos. 74-76 refer to

6    documents supporting Berkeley Lights's damages contentions.  Once Berkeley Lights has

7    disclosed its responsive contentions, as required by Patent Local Rule 3-9, it shall produce all

8    documents supporting those responsive contentions within 14 days.  The presiding judge has set

9    November 12, 2021 as the date for substantial completion of document discovery.  Dkt. No. 70 at

10   3.  Berkeley Lights must produce any additional documents on which it intends to rely in support

11   of its damages case by that date.

12        Request for Production No. 47 asks for documents "relating to Berkeley's communications

13   with any stock analyst, investor or potential investor concerning the Beacon."  Berkeley Lights

14   does not dispute that these documents are relevant, but objects to the timing of production based

15   on its contention that responsive documents will be included in later-scheduled email discovery.

16   Plaintiffs argue that responsive documents are likely to be found in transcripts of investor or

17   analyst calls, slide presentations, and call notes that are likely maintained in central files, not

18   custodial email.

19        With respect to Request for Production No. 47, Berkeley Lights must identify the central

20   repository most likely to contain responsive documents and search it for communications, which it

21   shall then produce to Plaintiffs.  Berkeley Lights need not search custodial email for responsive

22   documents at this time but may delay that search and production until the parties' later-scheduled

23   email discovery.

24   **III.    CONCLUSION**

25        The Court grants in part and denies in part Plaintiffs' request for an order compelling

26   Berkeley Lights to produce documents responsive to Plaintiffs' Requests for Production Nos. 9,

27   10, 13-17, 20, 25, 32, 34, 47, and 74-76; grants Plaintiffs' request for an order compelling

28   Berkeley Lights to produce documents responsive to Plaintiffs' Requests for Production Nos. 33,

United States District Court
Northern District of California

1   68, and 70; and denies Plaintiffs' request for an order compelling Berkeley Lights to produce the

2   OptoSelect 20k Chip Product Insert.

3       **IT IS SO ORDERED.**

4   Dated: August 2, 2021

5

6

7   VIRGINIA K. DEMARCHI
    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

6