1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ABCELLERA BIOLOGICS INC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BERKELEY LIGHTS, INC.,<br><br>Defendant. | Case No. 20-CV-08624-LHK<br><br>**ORDER GRANTING MOTION TO STAY CASE PENDING INTER PARTES REVIEW**<br><br>Re: Dkt. No. 103 |

Before the Court is Defendant Berkeley Lights, Inc.'s ("Defendant") Motion to Stay Case Pending Inter Partes Review ("IPR") filed on July 25, 2021. ECF No. 103 ("Mot."). Defendant states that it has timely filed three petitions for IPRs with the Patent Trial and Appeal Board ("PTAB") at the U.S. Patent and Trademark Office challenging nearly all the asserted claims of three patents-in-suit as invalid. *Id.* at 2. Plaintiff AbCellera Biologics Inc. ("Plaintiff") opposed on August 5, 2021. ECF No. 114. Defendant filed a reply on August 12, 2021. ECF No. 118. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS Defendant's motion and STAYS the instant case until resolution of the IPRs.

The power to stay proceedings in a case is a matter within the Court's discretion. *See Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 806 (N.D. Cal. 1998) (citing *Landis v.*

1

Case No. 20-CV-08624-LHK
ORDER GRANTING MOTION TO STAY CASE PENDING INTER PARTES REVIEW

1   *Am. Water Works & Elec. Co.*, 299 U.S. 248, 254–55 (1936)).  "Courts have inherent power to

2   manage their dockets and stay proceedings, including the authority to order a stay pending

3   conclusion of a PTO reexamination."  *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1035

4   (N.D. Cal. 2015) (quoting *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988)).

5   Courts have recognized "a liberal policy in favor of granting motions to stay proceedings pending

6   the outcome of USPTO reexamination or reissuance proceedings."  *Id.* (citation omitted).

7           Courts consider three factors when determining whether to grant a stay pending IPR.  The

8   first factor is whether the litigation has progressed significantly enough for a stay to be disfavored.

9   *See AT&T Intellectual Prop. I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1052 (N.D. Cal. 2011) (granting

10  stay where parties had not exchanged expert reports and court had not held claim construction

11  hearing).  Here, the parties have not yet filed any of their claim construction briefs, which

12  demonstrates that the case is still in its early stages.  ECF No. 99 ("Case Management Order").

13  Additionally, the parties are still at the beginning of fact discovery.  According to Defendant,

14  Plaintiff had produced only 261 documents as of August 5, 2021.  ECF No. 118-1.

15          The second factor is whether granting a stay could simplify the litigation.  *Finjan*, 139 F.

16  Supp. 3d at 1035 (citation omitted).  "A stay may also be granted in order to avoid inconsistent

17  results . . . or avoid needless waste of judicial resources."  *Evolutionary Intelligence LLC v. Apple,*

18  *Inc.*, 2014 WL 93954, at *2 (N.D. Cal. Jan. 9, 2014).  Here, Plaintiff has asserted seven patents,

19  including U.S. Patent No. 10,087,408 and two related patents ("the '408 family").  Because the

20  pending IPRs could result in invalidation of all the asserted claims of the '408 family, the second

21  factor weighs in favor of a stay.  Although the PTAB has not yet instituted the IPRs, courts

22  routinely stay lawsuits pending institution decisions.  *PersonalWeb Tech., LLC v. Apple Inc.*, 69 F.

23  Supp. 3d 1022, 1027 (N.D. Cal. 2014).

24          Finally, the third factor—whether a stay prejudices Plaintiff or gives Defendant a clear

25  tactical advantage—does not weigh against a stay at this early litigation stage.  *Id.* at 1029

26  (collecting cases for proposition that "delay necessarily inherent in any stay" does not constitute

27  undue prejudice).  Moreover, Defendant filed its motion to stay just two weeks after filing its IPR

28

United States District Court
Northern District of California

2

petitions, and there is no evidence of gamesmanship on Defendant's part.  *See* Mot. at 3.

Therefore, the Court, in its discretion, hereby STAYS the case until the Court orders otherwise.  The parties shall inform the Court within two business days of the PTAB's completion of the three IPRs.  The Clerk shall administratively close the file.  This is a purely administrative procedure that does not affect the rights of the parties.

**IT IS SO ORDERED.**

Dated: August 26, 2021

_Lucy H. Koh_

LUCY H. KOH
United States District Judge

United States District Court
Northern District of California

Case No. 20-CV-08624-LHK
ORDER GRANTING MOTION TO STAY CASE PENDING INTER PARTES REVIEW

3