United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ABCELLERA BIOLOGICS INC, et al.,
Plaintiffs,

v.

BRUKER CELLULAR ANALYSIS, INC.,
Defendant.

Case No. 20-cv-08624-JST

**ORDER DENYING DEFENDANT'S MOTION TO ENLARGE TIME FOR INVALIDITY CONTENTIONS, CLAIM CONSTRUCTION, AND DAMAGES CONTENTIONS**

Re: ECF No. 199

Before the Court is Defendant Bruker Cellular Analysis, Inc.'s ("Defendant") motion to enlarge time for invalidity contentions, claim construction, and damages contentions. ECF No. 199 ("Mot."). For the reasons set forth below, the Court will deny the motion.

## I. PROCEDURAL BACKGROUND

As relevant to this motion, this case is a consolidated action incorporating three patent infringement cases brought by Plaintiffs AbCellera Biologics, Inc. ("AbCellera") and the University of British Columbia ("UBC") (collectively, "Plaintiffs). The case was stayed for approximately two years pending *inter partes* review. ECF No. 123. After lifting the stay on August 4, 2023, ECF No. 143, the Court set a schedule of deadlines pursuant to the Patent Local Rules, and set a July 15, 2024 claim construction hearing. ECF No. 154.

Pursuant to the scheduling order and Patent Local Rule 3-1, Plaintiffs served its amended disclosure of accused products and instrumentalities on November 2, 2023, and its amended disclosure of asserted claims and infringement contentions on December 29, 2023. *See* ECF Nos. 181-10, 192-3. In response, Defendant has filed two motions to strike: a first motion to strike Plaintiffs' new accused products and instrumentalities from its amended Patent L.R. 3-1(b) disclosure (ECF No. 181) and a second motion to strike Plaintiffs' amended disclosure of asserted

claims and infringement contentions (ECF No. 192). Both motions to strike are set to be heard before Magistrate Judge DeMarchi on February 20, 2024. *See* ECF No. 200.

Defendant now moves for an order enlarging time, requesting the Court extend its deadline to serve amended invalidity contentions. Specifically, Defendant requests an order that, if Judge DeMarchi grants its motion to strike Plaintiffs' amended infringement contentions, its amended invalidity contentions be due five weeks after Plaintiffs comply with a hypothetical order to further amend their invalidity contention, and if Judge DeMarchi denies its motion to strike, that its amended invalidity contentions be due five weeks after that ruling. Mot. at 4. Defendant further requests that all subsequent claim construction deadlines be extended by the same five week interval. *Id.* Finally, Defendant requests an extension of the parties' damages contention deadlines "only as necessary to have Plaintiffs' amended preliminary damages contentions follow a ruling on Bruker Cellular's motion to strike Plaintiff's improperly added accused instrumentalities." *Id.*

## II. DISCUSSION

The Court finds unpersuasive Defendant's arguments that a five week extension of deadlines is necessary or appropriate at this point in the proceedings. Under the current schedule, Defendant's deadline to serve amended invalidity contentions is February 2, 2024. ECF No. 154. Defendant argues that it should be permitted additional time to serve its amended invalidity contentions because Judge DeMarchi might grant its pending motion to strike Plaintiffs' amended infringement contentions, but that argument is predicated on a hypothetical order that may or may not even require further amendments to the infringement contentions. More importantly, even if Judge DeMarchi did order Plaintiffs to further amend their infringement contentions, the Court fails to see how that order (relating to Plaintiffs infringement theories) would have any bearing on Defendant's ability to adequately disclose its invalidity positions under the Patent Local Rules. *See Uniloc 2017 LLC v. Apple, Inc.*, No. 19-CV-01929-EJD (VKD), 2020 WL 978678, at *7 (N.D. Cal. Feb. 28, 2020) (denying request to further amend invalidity contentions after permitting amendments to infringement contentions, because those amendments "may have no bearing on any invalidity or claim construction positions [Defendant] has asserted to date.").

United States District Court
Northern District of California

At minimum, the Court finds that Defendant's motion is premature. Defendant will suffer no prejudice in having to serve amended invalidity contentions on February 2, before the resolution of its pending motions to strike. If Plaintiffs are in fact required to further amend their infringement contentions, they do so, and the amended contentions bear on Defendant's invalidity contentions, it can seek relief from the Court at that time. For the same reasons, the Court finds no reason to extend the claim construction and damages contentions deadlines by at least five weeks, as Defendant requests, on the mere possibility that Plaintiffs may be required to further amend their infringement contentions, especially given that the earliest of those deadlines is over a month after the hearing on Defendant's motions to strike. Defendant's reliance on the Courts January 28, 2019 order in *Finjan, Inc. v. Zscaler, Inc.*, No. 3:17-cv-06946-JST, Dkt. No. 105 (N.D. Cal. Jan. 28, 2019) is misplaced, as there the Court had already concluded the infringement contentions were deficient.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to enlarge time for invalidity contentions, claim construction, and damages contentions is denied.

**IT IS SO ORDERED.**

Dated: January 26, 2024



JON S. TIGAR
United States District Judge