UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABCELLERA BIOLOGICS INC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BRUKER CELLULAR ANALYSIS, INC.<br><br>Defendant. | Case No. 20-cv-08624-JST (VKD)<br><br>**ORDER REQUIRING PLAINTIFF TO SERVE AMENDED INFRINGEMENT CONTENTIONS**<br><br>Re: Dkt. No. 192 |

In this consolidated action, plaintiffs AbCellera Biologics Inc. and The University of British Columbia (collectively, "AbCellera") allege infringement of fifteen patents.[1] The asserted patents are generally directed to methods that use microfluidics in cell analyses. *See* Dkt. No. 164. Defendant Bruker Cellular Analysis ("Bruker Cellular") now moves for an order striking AbCellera's amended infringement contentions, arguing that AbCellera's contentions do not comply with Patent L.R. 3-1. Dkt. No. 192. AbCellera opposes the motion. Dkt. No. 209. Upon consideration of the moving and responding papers, as well as the arguments presented at the February 20, 2024 hearing, the Court orders AbCellera to serve amended infringement contentions that comply with the Court's direction below.

**I.   BACKGROUND**

On March 31, 2021, AbCellera served its Patent Local Rule 3-1 disclosures, including infringement contentions regarding seven accused instrumentalities. Dkt. No. 192 at 1-2. On November 2, 2023, AbCellera served amended Patent Local Rule 3-1(b) disclosures, identifying

---

[1] U.S. Patent Nos. U.S. Patent Nos. 10,087,408; 10,107,812; 10,274,494; 10,421,936; 10,466,241; 10,578,618; 10,697,962; 10,704,018; 10,718,768; 10,738,270; 10,746,737; 10,753,933; 10,775,376; 10,775,377; and 10,775,378.

many additional accused instrumentalities.[2]  *Id.* at 2-3.

On December 29, 2023, AbCellera served amended disclosures of asserted claims and infringement contentions directed to asserted claims in seven patents.  *Id.* at 3, 7.  The amended infringement contentions purport to incorporate both AbCellera's original March 31, 2021 Patent Local Rule 3-1 disclosures and its November 2, 2023 amended Patent Local Rule 3-1(b) disclosures.  Dkt. No. 192-1, Ex. B & Exs. 1-7.  That is, AbCellera's December 29, 2023 amended infringement contentions supplement, but do not replace, AbCellera's earlier disclosures.  *Id.*  Although AbCellera identifies several accused instrumentalities, its contentions are presented in a single chart for each asserted patent.  *Id.*

## II.   LEGAL STANDARD

Among other things, Patent Local Rule 3-1 requires "a party claiming patent infringement" to identify for each asserted claim "each accused apparatus, product, device, process, method, act, or other instrumentality . . . of which the party is aware."  Patent L.R. 3-1(b).  This identification must be "as specific as possible," including "by name or model number, if known."  *Id.*  "[A]ll courts agree that the degree of specificity under [Patent] Local Rule 3-1 must be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a 'reasonable chance of proving infringement.'"  *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) (quoting *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000)).  The Patent Local Rules do not "require the disclosure of specific evidence nor do they require a plaintiff to prove its infringement case," but "a patentee must nevertheless disclose what in each accused instrumentality it contends practices each and every limitation of each asserted claim to the extent appropriate information is reasonably available to it."  *DCG Sys. v. Checkpoint Techs., LLC*, No. 11-cv-03792-PSG, 2012 WL 1309161, at *2 (N.D. Cal. Apr. 16, 2012) (internal quotations and citation omitted).

"Striking a patentee's infringement contentions is a severe sanction that should be used

---

[2] By separate order, the Court grants Bruker Cellular's motion to strike new accused products with respect to AbCellera's amended Patent Local Rule 3-1(b) disclosures.

sparingly and only for good cause." *Avago Techs., Inc. v. IPtronics Inc.*, No. 10-cv-02863-EJD, 2015 WL 4647923, at *2 (N.D. Cal. Aug. 5, 2015) (citation omitted). As a result, "motions to strike initial infringement [contentions] are frequently treated as motions to compel amendment of the infringement contentions." *Geovector Corp. v. Samsung Elecs. Co.*, No. 16-cv-02463-WHO, 2017 WL 76950, at *7 (N.D. Cal. Jan. 9, 2017).

## III.   DISCUSSION

Bruker Cellular moves to strike AbCellera's amended infringement contentions on several grounds. The Court addresses the parties' arguments with respect to each ground.

### A.   Whether the Amended Contentions Disclose How the Accused Instrumentalities Infringe the Claimed Methods

Observing that all of the asserted claims at issue are method claims, Bruker Cellular argues that AbCellera's contentions do not provide reasonable notice of how the accused instrumentalities practice each limitation of the claimed methods. According to Bruker Cellular, the contentions focus almost exclusively on the components of the accused Beacon systems, with no explanation of how those systems are used to perform each step of each claimed method. Dkt. No. 192 at 7-9. In addition, Bruker Cellular complains that while AbCellera's contentions quote extensively from Bruker Cellular's technical documentation, the contentions do not actually explain or describe how any accused instrumentality infringes. *Id.* at 11-16.

AbCellera responds that its contentions provide sufficient notice of its infringement theories because they "make clear that use of the accused systems and supporting technologies in performance of the accused workflows practice the claimed methods." Dkt. No. 209 at 16.[3] AbCellera notes that its contentions quote in detail and at length from Bruker's Cellular's own documents and that those documents use many of the same terms that appear in the asserted claims. *Id.* at 16-18. AbCellera argues that it would be premature to require further elaboration of its infringement theories before the Court issues a claim construction order. *See id.* at 20.

---

[3] AbCellera complains that Bruker Cellular has not produced technical documents sufficient to show the operation of all accused instrumentalities, but AbCellera argues, that despite this deficient document production, its amended contentions comply with Patent Local Rule 3-1(c). *See* Dkt. No. 209 at 15-16.

3

1    The Court agrees with Bruker Cellular that AbCellera's amended infringement contentions
2    do not provide reasonable notice of how the accused instrumentalities practice each limitation of
3    the claimed methods. For each such limitation, AbCellera must identify "where and how" the
4    limitation is found. Patent L.R. 3-1(c). Because method claims are infringed only when the
5    method is performed, *see Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774-75 (Fed. Cir. 1993),
6    AbCellera must disclose more than a system that is "capable of" performing the patented methods.
7    More importantly, AbCellera must actually disclose what its contentions are; it may not rely
8    exclusively on inferences that must be drawn from materials cited or quoted in the contentions.

9    AbCellera is correct that the claimed methods are methods for using a system and its
10   components, and that its contentions necessarily identify those systems and components. But
11   simply identifying the systems and components is not sufficient. For example, showing the
12   existence of a "cell" in a "chamber" does not fully address the first limitation of claim 1 of the
13   '408 patent, which requires "*retaining* the cell *at a retaining position within* an individual chamber
14   of a microfabricated device." Similarly, identifying how an accused instrumentality meets the
15   second limitation of claim 1 of the '408 patent—"perfusing the cell with a perfusion fluid by
16   flowing the perfusion fluid into the individual chamber though an inlet and out of the chamber
17   through an outlet, wherein the outlet is positioned such that gravitational forces acting on the cell
18   to keep it at or near the retaining position exceed hydrodynamic forces acting on the cell to move
19   it toward the outlet"—requires the patentee to identify not only where the "chamber," "inlet," and
20   "outlet" are found in the system, but also how the accused use of the system results in "*flowing the
21   perfusion fluid into* the individual chamber *through* an inlet *and out of* the chamber *through* an
22   outlet." Dkt. No. 164-1 at ECF 289.

23   The principal difficulty with AbCellera's amended infringement contentions is that they
24   fail to give reasonable notice of what AbCellera's infringement theory is for each asserted claim.
25   Showing that the same words appear in the claims and in Bruker Cellular's technical documents
26   carries only so much water; if the basis for the alleged infringement cannot be easily inferred from
27   the juxtaposition of the claim language and the cited material in a claim chart, a patentee must do
28   more to disclose its infringement contentions. And where the words of the claim do *not* appear in

4

any of the cited material, AbCellera's pattern-matching approach necessarily falls short.  While AbCellera's contentions do indeed include extensive citations to and quotations from Bruker Cellular's documents, in most instances it is not self-evident how AbCellera believes Bruker Cellular (or users of Bruker Cellular's systems) practices each limitation of each claimed method.[4]

AbCellera is not required to prove infringement at this stage, but it must make its infringement *contentions* explicit.  It may not simply quote or paraphrase the claim language, as it has done for each of the limitations, but must instead state where and how each limitation is found in the accused instrumentalities.  There is nothing premature about this requirement.  The Patent Local Rules require the patentee to disclose its infringement contentions and the accused infringer to disclose its invalidity contentions *before* the parties disclose their respective claim construction positions.  *See* Patent L.R. 3-1, 3-3, 4-1.  While AbCellera need not anticipate every possible claim construction, the Court agrees with Bruker Cellular that AbCellera must disclose at least one infringement theory based on at least one claim construction for each accused instrumentality, *see* Dkt. No. 212 at 7, and may not simply "wait and see" how the Court ultimately construes disputed claim terms.

### B. Whether the Amended Contentions Comply with the Requirements of Patent Local Rule 3-1(c) to Separately Chart Each Accused Instrumentality

Bruker Cellular argues that AbCellera's contentions do not comply with Patent Local Rule 3-1(c), which requires "[a] chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality," because the contentions rely on a single claim chart for all accused instrumentalities.  Dkt. No. 192 at 9-11.  AbCellera responds that the accused Beacon systems can be used in combination with "various OptoSelect® chips and other supporting technologies to perform Defendant's workflows," and that the contentions do not mix and match features of distinct accused instrumentalities.  Dkt. No. 209 at 19.

Based on the discussion at the hearing, the Court understands that the three accused

---

[4] Indeed, when the Court asked AbCellera's counsel to explain one of AbCellera's infringement theories, counsel could not directly answer the question.  *See* Dkt. No. 216 at 84:9-87:19.

Beacon systems are not materially distinct as relevant to AbCellera's infringement theories. While it appears to be undisputed that there are differences between and among the chips and workflows that may be used with these systems, *see* Dkt. No. 216 at 62:10-65:11, the parties disagree vigorously whether those differences matter for purposes of AbCellera's infringement contentions, *see id.* at 73:9-78:15.

The Court is not persuaded that AbCellera has adequately complied with the requirement of Patent Local Rule 3-1(c) to provide "a chart . . . for each Accused Instrumentality." Assuming that an "accused instrumentality" is a workflow performed using a Beacon system and a chip, AbCellera must separately chart each such distinct infringing combination. While it may be permissible to group like systems (e.g., all three Beacon systems), like workflows (e.g., the Opto Plasma B Discovery Workflows), and like chips (if any) in a single chart, AbCellera may not lump *all* accused systems, workflows, and chips together in a single chart for each asserted patent, leaving Bruker Cellular to figure out which combinations are accused. Rather, AbCellera must separately chart distinct infringing combinations, and if the chart relies on groupings of like systems, workflows, or chips, the chart must make this clear.

### C.  Whether the Amended Contentions Comply with the Requirements of Patent Local Rule 3-1(e)

Bruker Cellular argues that, with one exception, AbCellera's contentions rely on generic placeholder language regarding infringement under the doctrine of equivalents that does not comply with Patent Local Rule 3-1(e). Dkt. No. 192 at 16-17. AbCellera responds that it has adequately disclosed its doctrine of equivalents contentions by citing to and quoting from Bruker Cellular's technical documents. Dkt. No. 209 at 21-23.

With the exception of AbCellera's disclosure regarding the "1,600 to 20,000 microfluidic chambers" limitation, which appears in the '936 patent and in the '270 patent, AbCellera's doctrine of equivalents contentions fall short of what Patent Local Rule 3-1(e) requires. Although that rule states that a patentee must disclose "[w]hether" a limited is present under the doctrine of equivalents, courts in this District have required a patentee to do more than simply recite, for every limitation, that the accused instrumentality practices the limitation "or an equivalent thereof." *See,*

6

*e.g., Geovector*, 2017 WL 76950, at *7-8 (striking doctrine of equivalents contentions); *Dynetix Design Sols., Inc. v. Synopsys, Inc*., No. 11-cv-5973 PSG, 2013 WL 4537838, at *1 (N.D. Cal. Aug. 22, 2013) ("Even though the magic 'function, way, result' words are not specifically required, a party looking to rely on equivalents still has to describe how these requirements are met.  Boilerplate is not enough.").

Here, with the one exception noted above, AbCellera fails to provide any explanation for why any limitation of any asserted claim is met under the doctrine of equivalents.  Merely citing to or quoting from Bruker Cellular's technical documents, without more, is insufficient disclosure.  If AbCellera cannot articulate a basis for a doctrine of equivalents contention, it must remove the "and equivalents thereof" language from the contention.

**D.     Whether the Amended Contentions Comply with the Requirements of Patent Local Rule 3-1(f)**

Bruker Cellular argues that AbCellera should not be permitted to rely on contentions that disclose a priority date described as "no later than X," but must instead assert a specific priority date.  Dkt. No. 192 at 18-19.  AbCellera argues that it has fully complied with its disclosure obligations because it "incorporated by reference responses to interrogatories concerning conception and reduction to practice, and produced documents evidencing the conception and reduction to practice of the claimed inventions[.]"  Dkt. No. 209 at 24.

Patent Local Rule 3-1(f) requires a patentee to disclose "[f]or any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled."  Patent L.R. 3-1(f).  Here, AbCellera asserts that the priority date of each asserted claim is "no later than" July 7, 2010 or July 16, 2010, depending on the patent family.  This contention does not comply with Patent Local Rule 3-1(f) which requires a patentee to take a position with respect to the earliest priority application on a claim-by-claim basis.  *See Blue Spike, LLC v. Adobe Sys., Inc.,* No. 14-cv-01647-YGR(JSC), 2015 WL 335842, at *7 (N.D. Cal. Jan. 26, 2015) (Rule 3-1(f) "requires a patentee to assert a particular date—not a start date, end date, or date range.").  This disclosure does not depend on any issue of conception or reduction to practice, but is concerned only with identifying the date of the *patent application* to which there is a claim of

priority.

Accordingly, AbCellera may not rely on a "not later than" date, but must instead identify a specific priority date for each asserted claim.

## IV. CONCLUSION

As explained above, the Court finds Bruker Cellular's arguments persuasive. However, instead of striking AbCellera's infringement contentions, the Court orders AbCellera to amend its contentions to address the deficiencies described above. By separate order, the Court has granted Bruker Cellular's motion to strike new accused products AbCellera's amended Patent Local Rule 3-1(b) disclosures. Accordingly, AbCellera's amended infringement contentions shall also be limited to the accused instrumentalities permitted by that separate order.

AbCellera's amended Patent Local Rule 3-1 disclosures, including its amended contentions under subsections (c), (e), and (f), must be served by **April 8, 2024**.

**IT IS SO ORDERED.**

Dated: March 18, 2024

Virginia K. DeMarchi
United States Magistrate Judge