1

2

3

4                       UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7   ABCELLERA BIOLOGICS INC, et al.,          Case No.  20-cv-08624-JST (VKD)

8                  Plaintiffs,

9            v.                               **ORDER RE JUNE 17, 2024
                                              DISCOVERY DISPUTE RE
10  BRUKER CELLULAR ANALYSIS, INC.,           PLAINTIFFS' INTERROGATORIES
                                              NOS. 7 AND 9**
                   Defendant.
11                                            Re: Dkt. No. 249

12

13        AbCellera Biologics, Inc. ("AbCellera") and The University of British Columbia ("UBC")

14  (collectively, "AbCellera") and defendant Bruker Cellular ("Bruker Cellular") (formerly known as

15  Berkeley Lights, Inc.) ask the Court to resolve their dispute concerning the sufficiency of Bruker

16  Cellular's responses to Interrogatories Nos. 7 and 9.  Dkt. No. 249.  The Court finds this dispute

17  suitable for resolution without oral argument.  Civil L.R. 7-1(b).

18        For the reasons explained below, the Court requires Bruker Cellular to amend its responses

19  to these interrogatories in some respects.

20  **I.      BACKGROUND**

21        In these consolidated actions, AbCellera alleges that Bruker Cellular infringes several

22  patents relating to the use of microfluidic devices for assays that can be applied to the discovery of

23  antibodies for the treatment of disease and methods for isolating antibody sequences of interest.[1]

24  _____

25  [1] According to the Second Amended Consolidated Complaint, AbCellera asserts fifteen patents:
    United States Patent Nos. 10,107,812 ("the '812 patent"), 10,274,494 ("the '494 patent"),
26  10,466,241 ("the '241 patent"), 10,578,618 ("the '618 patent"), 10,697,962 ("the '962 patent"),
    10,775,376 ("the '376 patent"), 10,775,377 ("the '377 patent"), 10,775,378 ("the '378 patent"),
27  10,718,768 ("the '768 patent"), 10,746,737 ("the '737 patent"), and 10,753,933 ("the '933 patent")
    (collectively, "the '812 patent family"), and United States Patent Nos. 10,087,408 ("the '408
28  patent"), 10,421,936 ("the '936 patent"), 10,704,018 ("the '018 patent"), and 10,738,270 ("the
    '270 patent") (collectively, "the '408 patent family").  Dkt. No. 254 ¶¶ 20-35; see Dkt. No. 252 at

United States District Court
Northern District of California

1    *See* Dkt. No. 254 ¶ 19.  Bruker Cellular denies the allegations of infringement and contends that

2    all of the asserted patents are invalid.  *See* Dkt. Nos. 106, 204.

3            In its answer to AbCellera's allegations of infringement, Bruker Cellular asserts an

4    affirmative defense that the asserted patents are invalid for improper inventorship.  *See* Dkt. No.

5    204 at 43-44 (third affirmative defense).  In its Interrogatory No. 7, AbCellera asks Bruker

6    Cellular to "[i]dentify and describe the legal and factual basis for Bruker's contention that the

7    Patents-in-Suit are invalid for improper inventorship . . . including by, without limitation,

8    explaining all legal bases for such contentions and identifying all facts, circumstances, and

9    documents supporting, refuting, or relating to Bruker's contention."  Dkt. No. 249-1 at 6.

10           AbCellera alleges that Bruker Cellular's infringement of the asserted patents was willful,

11   and that it intentionally induced others to infringe or was willfully blind to the possibility that its

12   acts would cause infringement.  *See, e.g.,* Dkt. No. 254 ¶¶ 102, 111 (addressing the '812 patent).

13   Bruker Cellular denies these allegations.  *See, e.g.,* Dkt. No. 204 ¶¶ 77, 86 (addressing the '812

14   patent).  In its Interrogatory No. 9, AbCellera asks Bruker Cellular to "[i]dentify and describe the

15   dates and circumstances of Bruker's first awareness and/or knowledge of AbCellera and each of

16   the Patents-in-Suit including by, without limitation, describing communications regarding, and

17   identifying all facts and circumstances relating to, all documents concerning, and the persons most

18   knowledgeable about, Bruker's first awareness and/or knowledge of AbCellera as a company,

19   AbCellera's technology and services, each of the patents-in-Suit, and Dr. Carl Hansen's research

20   at The University of British Columbia."  Dkt. No. 249-1 at 11.

21           AbCellera argues that Bruker Cellular's responses to Interrogatories Nos. 7 and 9 are

22   incomplete and insufficiently detailed.  Dkt. No. 249 at 1-4.  With respect to Interrogatory No. 7,

23   Bruker Cellular responds that it intends to amend its response to this interrogatory, but only after

24   AbCellera substantially completes its own document production and responds to Bruker Cellular's

25   Interrogatory No. 1.  With respect to Interrogatory No. 9, Bruker Cellular objects to some aspects

---

2.  The docket indicates that, pursuant to a case management order, plaintiffs have identified 50
claims from seven patents to assert against Bruker Cellular.  *See* Dkt. Nos. 70, 192 at 2, 209 at 8;
*see also* Dkt. Nos. 218, 238 (referring to '408, '936, '270, '962, '933, '378, and '376 patents).

United States District Court
Northern District of California

United States District Court
Northern District of California

1  of the interrogatory and argues that it has fully responded to the remainder.  *Id.* at 4-6.

2  **II.  DISCUSSION**

3    **A.  Interrogatory No. 7**

4      AbCellera complains that Bruker Cellular's response to this interrogatory includes "non-

5  responsive, conclusory statements without any of the requested 'legal and factual bases' to support

6  Bruker's contention" about improper inventorship.  *Id.* at 1.  Bruker Cellular says that its response

7  is "complete based on discovery provided by Plaintiffs and analysis to date."  *Id.* at 4.

8      The Court has reviewed Bruker Cellular's current response to Interrogatory No. 7.  The

9  response principally describes the bases for Bruker Cellular's contention that Dr. Singhal is not an

10  inventor with respect to the '408 patent.  That description does not rely merely on conclusory

11  statements, as AbCellera asserts.  *See* Dkt. No. 249-1 at 7-9.  While AbCellera may be correct that

12  the circumstances Bruker Cellular describes are legally insufficient to overcome the presumption

13  that the patent correctly names Dr. Singhal as an inventor, that is a question for determination on

14  the merits—not a discovery matter.

15      Bruker Cellular's response to Interrogatory No. 7 also contains the following statement:

16  "[T]he documents identified by Plaintiffs related to conception and reduction to practice do not

17  show any inventive contributions at the time of the purported conception by named inventors

18  Hansen or Piret with regard to the '408, '936, or '270 patents, any inventive contributions by

19  named inventor Singhal with regard to the '936 or '270 patents, or any inventive contributions by

20  named inventors Hansen, Schrader, Haynes, or Da Costa with regard to the '962, '933, '376, or

21  '378 patents."  *Id.* at 9.  The Court agrees with AbCellera that this statement is conclusory and

22  does not fairly respond to Interrogatory No. 7.  For example, the response does not identify the

23  documents "related to conception and reduction to practice" or the purported date of conception to

24  which Bruker Cellular refers.  Moreover, to the extent AbCellera has elsewhere described its

25  position regarding the inventive contributions of these individuals (in response to Bruker

26  Cellular's Interrogatory No. 1 or otherwise), Bruker Cellular's response does not address

27  AbCellera's position.

28      By separate order, the Court will require AbCellera to amend its response to Bruker

Cellular's Interrogatory No. 1 concerning conception and reduction to practice.  Bruker Cellular must amend its response to AbCellera's Interrogatory No. 7 no later than 14 days after service of Bruker Cellular's amended response.

### B.      Interrogatory No. 9

In response to Interrogatory No. 9, Bruker Cellular describes when and how it first became aware of each of the asserted patents.  Dkt. No. 249-1 at 12.  Bruker Cellular does not describe when and how it first became aware of AbCellera, AbCellera's technology and services, and Dr. Hansen's research, although it identifies the "persons most knowledgeable" about those matters and identifies two documents, which is says are the "earliest documents . . . referencing AbCellera."  *See id.*; Dkt. No. 249 at 3.

The parties disagree about whether Bruker Cellular's awareness of AbCellera, AbCellera's technology and services, and Dr. Hansen's research is relevant to AbCellera's allegations of willful infringement and willful blindness.  *See* Dkt. No. 249 at 3, 6.  AbCellera emphasizes that willfulness is assessed based on a totality of the circumstances.  *Id.* at 3.  Bruker Cellular responds that its awareness of AbCellera, its technology and services, and Dr. Hansen's work has little to do with the question of willful infringement, which depends on knowledge of the *asserted patents*, the first of which issued in 2018.  *Id.* at 6.  Bruker Cellular objects to this part of Interrogatory No. 9 on relevance grounds.  *Id.*

Willful infringement requires a showing that the accused infringer had a specific intent to infringe at the time of the challenged conduct.  *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987 (Fed. Cir. 2021).  Mere awareness of a patent is not sufficient.  *Id.*  Specific intent for purposes of willful infringement and inducement of infringement may be established by showing that an accused infringer was "willfully blind" in the sense that the accused infringer took "deliberate actions to avoid confirming a high probability of wrongdoing . . . ."  *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011).

Bruker Cellular asserts that its knowledge of AbCellera and Dr. Hansen's research pre-date its knowledge of the asserted patents by a few years, suggesting that these circumstances could not support a claim that Bruker Cellular had a specific intent to infringe or induce infringement of the

United States District Court
Northern District of California

patents.  However, AbCellera's theory is that Dr. Singhal, who later joined Bruker Cellular, knew of Dr. Hansen's work at UBC and of AbCellera's development of the patents at issue, and that Bruker Cellular therefore knew (or deliberately avoided confirming the likely possibility) that it was using AbCellera's patented technology.  *See* Dkt. No. 249 at 3-4.  AbCellera is entitled to explore this theory in discovery.

Accordingly, Bruker Cellular must amend its response to Interrogatory No. 9 to identify and describe the dates and circumstances of Bruker Cellular's first awareness or knowledge of AbCellera, AbCellera's technology and services, and Dr. Hansen's research at The University of British Columbia.

## III.   CONCLUSION

Bruker Cellular must amend its response to Interrogatory No. 7, as directed above, no later than 14 days after service of Bruker Cellular's amended response to AbCellera's Interrogatory No. 1, unless the parties agree otherwise.  Bruker Cellular must amend its response to Interrogatory No. 9, as directed above no later than **August 15, 2024**, unless the parties agree otherwise.

**IT IS SO ORDERED.**

Dated: July 18, 2024

Virginia K. DeMarchi
United States Magistrate Judge