UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABCELLERA BIOLOGICS INC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BRUKER CELLULAR ANALYSIS, INC.,<br><br>Defendant. | Case No. 20-cv-08624-JST (VKD)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S INVALIDITY CONTENTIONS**<br><br>Re: Dkt. No. 235 |

Plaintiffs AbCellera Biologics, Inc. ("AbCellera") and The University of British Columbia ("UBC") (collectively, "AbCellera") move to strike portions of defendant Bruker Cellular Analysis, Inc.'s ("Bruker Cellular") February 2, 2024 amended invalidity contentions. Dkt. No. 235. Bruker Cellular opposes the motion. Dkt. No. 242. Upon consideration of the moving and responding papers, as well as the oral arguments presented, the Court grants in part and denies in part AbCellera's motion to strike portions of Bruker Cellular's invalidity contentions.

## I.   BACKGROUND

In these consolidated actions, AbCellera alleges that Bruker Cellular infringes several patents relating to the use of microfluidic devices for assays that can be applied to the discovery of antibodies for the treatment of disease and methods for isolating antibody sequences of interest.[1]

---

[1] According to the Second Amended Consolidated Complaint, AbCellera asserts fifteen patents: United States Patent Nos. 10,107,812 ("the '812 patent"), 10,274,494 ("the '494 patent"), 10,466,241 ("the '241 patent"), 10,578,618 ("the '618 patent"), 10,697,962 ("the '962 patent"), 10,775,376 ("the '376 patent"), 10,775,377 ("the '377 patent"), 10,775,378 ("the '378 patent"), 10,718,768 ("the '768 patent"), 10,746,737 ("the '737 patent"), and 10,753,933 ("the '933 patent") (collectively, "the '812 patent family"), and United States Patent Nos. 10,087,408 ("the '408 patent"), 10,421,936 ("the '936 patent"), 10,704,018 ("the '018 patent"), and 10,738,270 ("the '270 patent") (collectively, "the '408 patent family"). Dkt. No. 254 ¶¶ 20-35; *see* Dkt. No. 252 at 2. The docket indicates that, pursuant to a case management order, plaintiffs have identified 50 claims from seven patents to assert against Bruker Cellular. *See* Dkt. Nos. 70, 192 at 2, 209 at 8;

*See* Dkt. No. 254 ¶ 19. All asserted patents include only method claims. Dkt. No. 67 at 3. As a general matter, AbCellera contends that the asserted claims are infringed by use of a Beacon optofluidic system in combination with a workflow and an OptoSelect chip. *See* Dkt. No. 236 at 3 (citing infringement contentions). Bruker Cellular denies AbCellera's allegations of infringement and contends that all asserted claims are invalid. *See* Dkt. Nos. 106, 204, 265.

AbCellera now moves to strike portions of the amended invalidity contentions Bruker Cellular served on February 2, 2024. AbCellera argues that Bruker Cellular has not provided sufficient notice of its invalidity theories, as required by Patent Local Rule 3-3 for the '408, '936, and '270 patents. Additionally, AbCellera argues that Bruker Cellular's amended invalidity contentions improperly add new purported prior art, without leave of court, and attempt to rely on invalidity grounds that, AbCellera contends, Bruker Cellular is estopped from asserting under 35 U.S.C. § 315(e)(2). Dkt. Nos. 235, 245. Bruker Cellular essentially concedes that it must amend its contentions to address AbCellera's stated concerns about the invalidity charts for the '408, '936, and '270 patents. Bruker Cellular otherwise argues that it has provided as much specificity as it could, and that there is otherwise no reason to strike any portion of its invalidity contentions. Dkt. No. 242.

## II.   LEGAL STANDARD

This District's Patent Local Rules "require parties to state early in the litigation and with specificity their contentions with respect to infringement and invalidity." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1359 (Fed. Cir. 2006). Those rules are "designed specifically to require parties to crystallize their theories of the case early in the litigation" and "to proceed with diligence in amending those contentions when new information comes to light in the course of discovery." *Id.* at 1364, 1366 (quotations and citation omitted).

Patent Local Rule 3-3 requires a "party opposing a claim of patent infringement" to serve invalidity contentions that disclose, among other things, the "identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious"; "[w]hether each item of prior art

---

*see also* Dkt. Nos. 218, 238 (referring to '408, '936, '270, '962, '933, '378, and '376 patents).

anticipates each asserted claim or renders it obvious"; "[a] chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function"; and "[a]ny grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims." Patent L.R. 3-3(a)-(d). "[T]he level of specificity required by Rule 3-3(c) for invalidity contentions is the same as that required by Rule 3-1 for infringement contentions. *Slot Speaker Techs., Inc. v. Apple Inc.*, No. 13-cv-01161-HSG (DMR), 2017 WL 235049, at *2 (N.D. Cal. Jan. 19, 2017).

Invalidity contentions may be amended "only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. However, striking invalidity contentions, like striking infringement contentions, is considered a severe sanction, and the Court may instead treat a motion to strike as a motion to compel amendments. *See Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-cv-00876-RS (JSC), 2017 WL 5257001, at *7 (N.D. Cal. Nov. 13, 2017) (citing *Geovector Corp. v. Samsung Elecs. Co. Ltd.*, 16-cv-02463-WHO, 2017 WL 76950, at *7 (N.D. Cal. Jan. 9, 2017)).

### III. DISCUSSION

AbCellera moves to strike portions of Bruker Cellular's February 2, 2024 amended invalidity contentions on several grounds. The Court addresses the parties' arguments with respect to each ground.

#### A. Invalidity Charts for the '408, '936, and '270 Patents

AbCellera argues that Bruker Cellular fails to identify specifically where and how in each asserted prior art reference each limitation of the asserted claims of the '408, '936, and '270 patents is found, as required by Patent Local Rule 3-3(b) and (c). Dkt. No. 235 at 7. In particular, AbCellera asserts that Bruker Cellular merely "parrot[s]" the claim language and then reproduces block quotes from each prior art reference, without further explanation. *Id.* at 7-9.

Bruker Cellular essentially concedes that its invalidity charts for the '408, '936, and '270 patents do not comply with the requirements of Patent Local Rule 3-3(b) and (c). *See* Dkt. No.

3

242 at 4. It seeks leave to amend, arguing that in similar circumstances the Court permitted AbCellera leave to amend its infringement contentions. *Id.*

The Court agrees that Bruker Cellular's invalidity charts for the '408, '936, and '270 patents do not comply with the requirements of Patent Local Rule 3-3(b) and (c) for the reasons AbCellera identifies. Bruker Cellular's failure to comply with these requirements is particularly troubling given the arguments it made in its own motion to strike AbCellera's November 2, 2023 infringement contentions. *See* Dkt. No. 192 at 7-16; *see also* Dkt. No. 220 at 3-6. Nevertheless, the Court will permit Bruker Cellular to amend its contentions in lieu of striking them. Bruker Cellular must serve amended invalidity contentions for the '408, '936, and '270 patents stating whether each prior art reference anticipates each asserted claim or renders it obvious, and specifically identifying where and how in each prior art reference each limitation of each asserted claim is found.

### B.     Obviousness-Type Double Patenting Contentions

AbCellera argues that Bruker Cellular's obviousness-type double patenting contention fails to provide adequate notice of the basis for this defense under Patent Local Rule 3-3(b) and (c). Dkt. No. 235 at 10. Specifically, AbCellera contends that while Bruker Cellular asserts that the asserted claims of the '408 patent are not patentably distinct from the claims of an earlier patent, U.S. Patent No. 10,704,018 ("the '018 patent"), issued to the same inventors, Bruker Cellular does not explain how the claims of the '408 patent are obvious variations of the claims of the '018 patent. *Id.* at 11.

Bruker Cellular responds that Patent Local Rule 3-3 does not apply to its obviousness-type double patenting defense, but that it nevertheless disclosed the grounds for this defense, consistent with the disclosures required under Patent Local Rule 3-3(d) for an analogous "same invention" double patenting defense under 35 U.S.C. § 101. Dkt. No. 242 at 2-3.

"ODP is a judicially created doctrine that has its roots in 35 U.S.C. § 101, which states that an inventor may obtain 'a patent' (*i.e.*, a single patent) for an invention." *In re: Cellect, LLC*, 81 F.4th 1216, 1226 (Fed. Cir. 2023), *cert. denied sub nom. Cellect, LLC v. Vidal*, No. 23-1231, 2024 WL 4426602 (U.S. Oct. 7, 2024). "ODP 'is intended to prevent a patentee from obtaining a time-

4

1  wise extension of patent for the same invention or an obvious modification thereof' and prevents
2  an inventor from claiming a second patent for claims that are not patentably distinct from the
3  claims of a first patent." *Id.* (quoting *In re Lonardo*, 119 F.3d 960, 965 (Fed. Cir. 1997)).  An
4  obviousness-type double patenting analysis requires two steps:  First, the court construes the
5  claims in the earlier patent and the claims in the later patent and determines the differences.
6  *Pfizer, Inc. v. Teva Pharm.*, 518 F.3d 1353, 1363 (Fed. Cir. 2008) (citations omitted).  Second, the
7  court determines whether those differences render the claims patentably distinct.  *Id.*  "A later
8  patent claim is not patentably distinct from an earlier patent claim if the later claim is obvious
9  over, or anticipated by, the earlier claim." *Eli Lilly & Co. v. Barr Labs., Inc.*, 251 F.3d 955, 968
10 (Fed. Cir. 2001).

   AbCellera's argument by analogy to the disclosures required for prior art § 102 and § 103 contentions has some appeal.  However, it is not clear that an accused infringer must disclose its obviousness-type double patenting defense under Patent Local Rule 3-3(a)-(c) *or* Patent Local Rule 3-3(d).  *See, e.g., MLC Intell. Prop., LLC v. Micron Tech., Inc.*, No. 14-CV-03657-SI, 2016 WL 4192009, at *3 (N.D. Cal. Aug. 9, 2016) ("While it may be prudent for a party to disclose obviousness-type double patenting in its invalidity contentions, the Court agrees with Micron that such disclosures are not specifically required by the plain language of Local Rule 3-3 as either prior art disclosures covered by 3-3(a)-(c) or statutory defenses covered by 3-3(d).").  In any event, absent a clear requirement in the Patent Local Rules for greater specificity, the Court finds that Bruker Cellular's disclosure of specific claims of the '408 patent that it contends are not patentably distinct from specific claims of the '018 patent provides at least the notice that is generally considered sufficient under Patent Local Rule 3-3(d).  Nothing prevents AbCellera from seeking more detail from Bruker Cellular regarding this defense in discovery.

   For these reasons, the Court declines to strike Bruker Cellular's obviousness-type double patenting contentions for the '408 patent or require amendment of them.

   **C.   Identification of Prior Art Systems for the '962, '933, '376, and '378 Patents**

   AbCellera argues that Bruker Cellular fails to comply with the disclosure requirements of Patent Local Rule 3-3(a)-(c) with respect to 21 prior art systems listed in its invalidity contentions

for the '962, '933, '376, and '378 patents. Dkt. No. 235 at 12-13. Further, AbCellera argues that all of these prior art systems should be stricken from Bruker Cellular's contentions because reliance on them would exceed the limits imposed in the Court's July 1, 2021 case management order (Dkt. No. 99) limiting Bruker Cellular's prior art invalidity contentions to no more than 10 combinations per asserted claim. *Id.* at 3, 12.

Bruker Cellular acknowledges that the Court's case management orders imposed limits on the number of prior art combinations it may assert. Dkt. No. 242 at 5. It explains that it did not provide disclosures under Patent Local Rule 3-3(b) and (c) for any prior art systems because it does not rely on any such prior art systems at the present time, in view of those limits. *Id.* Bruker Cellular says that it nevertheless identified all prior art systems of which it is aware for purposes of Patent Local Rule 3-3(a). *Id.* at 5-6; *see also* Dkt. No. 264 at 63:23-64:2. Bruker Cellular further states that it has no additional information to disclose regarding the dates of any sale or public use of the prior art systems, or the persons or entities involved, beyond what is described in its February 2, 2024 invalidity contentions. Dkt. No. 242 at 5-6.

In view of Bruker Cellular's representation that it does not rely on any prior art systems for its invalidity contentions for the '962, '933, '376, and '378 patents, but has merely disclosed those systems for informational purposes, the Court sees no need to strike Bruker Cellular's disclosure or to require that it provide additional disclosures pursuant to Patent Local Rules 3-3(b) and (c).

### D. Prior Art References Subject to Estoppel for the '408 Patent

AbCellera argues that Bruker Cellular is estopped from relying on several references that it raised or reasonably could have raised in its unsuccessful petition for *inter partes review* ("IPR") of the '408 patent by operation of 35 U.S.C. § 315(e)(2). Dkt. No. 235 at 16-19; *see* Dkt. No. 133. Section 315(e) provides, in relevant part:

> The petitioner in an inter partes review of a claim in a patent under this chapter that results in a final written decision under section 318(a) . . . may not assert . . . in a civil action arising in whole or in part under section 1338 of title 28 . . . that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review.

35 U.S.C. § 315(e)(2). The parties refer to the prior art references in question as Dimov, Park

Diercks, Han, Young, Maerkl, and EMN ("IPR references"). Dkt. No. 245 at 8; Dkt. No. 264 at 67:8-13.

Bruker Cellular agrees that estoppel presently precludes its reliance on the IPR references with respect to the '408 patent. Dkt. No. 242 at 7; Dkt. No. 264 at 67:8-14. However, it argues that AbCellera's motion to strike is nevertheless premature. Specifically, Bruker Cellular argues that the Court should not strike the IPR references from its invalidity contentions for the '408 patent because the PTAB's final written decision might be reversed on appeal, in which case "the estoppel goes away." Dkt. No. 242 at 7. Bruker Cellular additionally argues that an order striking these references is tantamount to an order of summary judgment, a dispositive order that the undersigned magistrate judge lacks authority to issue. *Id.*

Bruker Cellular has appealed the PTAB's adverse IPR determination to the Federal Circuit. Dkt. No. 242 at 7. As of the date of this order, Bruker Cellular's Federal Circuit appeal has not been decided. *See Bruker Cellular Analysis, Inc. v. The University of British Columbia*, No. 23-2227 (Fed. Cir.).

The Court disagrees that it is premature to consider the question of whether Bruker Cellular may include the IPR references in its invalidity contentions for the '408 patent. Further, the Court disagrees that simply because the question of whether estoppel precludes an invalidity defense *may* be decided on summary judgment a magistrate judge lacks authority to determine whether Bruker Cellular may rely on prior art references that are undisputedly subject to statutory estoppel in its invalidity contentions, especially to the extent such contentions serve as a basis for obtaining discovery from AbCellera or third parties. However, the Court acknowledges that AbCellera's objection is essentially a merits argument against Bruker Cellular's ability to use the IPR references for its invalidity defense against the '408 patent—i.e. that statutory estoppel applies. This objection differs from questions of compliance with the Patent Local Rules that underlie AbCellera's other arguments in support of its motion to strike and which are typically with the scope of discovery referral to a magistrate judge.

The Court need not definitively resolve whether AbCellera's motion to strike requires the Court decide a dispositive issue. Bruker Cellular *concedes* that it may not presently rely on the

7

IPR references against the asserted claims of the '408 patent. Thus, Bruker Cellular may not seek discovery with respect to the IPR references in connection with the asserted claims of the '408 patent. It may (if it wishes) elect to use one or more of the IPR references as a placeholder prior art reference or combination, but such use will necessarily count against the 10 prior art combination limit per asserted claim of the '408 patent.

Nevertheless, the parties agree that Bruker Cellular *may* rely on the IPR references against other asserted patent claims, and that it may obtain discovery regarding these same IPR references that are asserted against these other patents. *See* Dkt. No. 264 at 52:13-25; 55:8-16; 67:8-14. Nothing in this order bars such discovery.

### E. Invalidity Contentions for the Love Reference

According to AbCellera, without providing notice to it or seeking leave, on February 2, 2024 Bruker Cellular amended its invalidity contentions for the '962, '933, '376, and '378 patents to add a prior art reference, U.S. Patent No. 7,776,553 ("the Love reference"). AbCellera argues that Bruker Cellular could have asserted the Love reference in its 2021 invalidity contentions but did not, and there is no justification for its delay. Dkt. No. 235 at 19.

Bruker Cellular responds that the parties' stipulation, which the Court entered as an order (Dkt. No. 154), afforded Bruker Cellular an unlimited opportunity to amend its invalidity contentions by February 2, 2024, without seeking leave. Dkt. No. 242 at 9. Additionally, Bruker Cellular argues that it has good cause to amend because after serving its initial invalidity contentions it came to understand in mid-July 2021 that AbCellera intended to advocate for a construction of "aperture" that "elevated the importance of the Love reference to Bruker Cellular's invalidity defense." *Id.* at 12.[2] However, Bruker Cellular concedes that it did not then notify AbCellera of its plan to amend at any time before the case was stayed on August 16, 2021, or at any time between August 4, 2023, after the stay was lifted, and February 2, 2024, when Bruker Cellular served its amended invalidity contentions. *Id.* at 11-12.

---

[2] It appears that the presiding judge may have since rejected the claim construction position advocated by AbCellera that Bruker Cellular says inspired its resort to the Love reference. *See* Dkt. No. 282 at 18.

8

The Court agrees with AbCellera that neither the parties' stipulation nor the Court's order on that stipulation affirmatively gave Bruker Cellular an unlimited opportunity to amend its invalidity contentions, without prior notice or agreement of AbCellera or leave of court. If Bruker Cellular wished to rely on the Love reference as prior art for the '962, '933, '376, and '378 patents, it was required to provide timely disclosures for that reference under Patent Local Rule 3-3(a)-(c) or, absent an agreement with AbCellera, Bruker Cellular was required to seek leave to amend pursuant to Patent Local Rule 3-6. The Court has considered whether Bruker Cellular nevertheless has shown good cause to include the Love reference in its invalidity contentions and concludes it has not.

Accordingly, the Court strikes Bruker Cellular's invalidity contentions for the '962, '933, '376, and '378 patents to the extent they rely on the Love reference.

## IV. CONCLUSION

Based on the foregoing, the Court grants in part and denies in part AbCellera's motion to strike Bruker Cellular's amended invalidity contentions as follows:

1. The Court denies the motion to strike with respect to the invalidity charts for the '408, '936, and '270 patents, but requires Bruker Cellular to amend its invalidity charts for these patents to address the deficiencies identified in this order;
2. The Court denies the motion to strike Bruker Cellular's obviousness-type double patenting contentions for the '408 patent;
3. The Court denies the motion to strike Bruker Cellular's disclosure of prior art systems and products for the '962, '933, '376, and '378 patents;
4. The Court denies the motion to strike the IPR references Bruker Cellular is estopped from asserting against the '408 patent; and
5. The Court grants the motion to strike Bruker Cellular's invalidity contentions for the '962, '933, '376, and '378 patents to the extent they rely on the Love reference.

Bruker Cellular's amended invalidity contentions must be served no later than **December**

///

///

**6, 2024**.

      **IT IS SO ORDERED.**

Dated: November 15, 2024

*Virginia K. DeMarchi*
Virginia K. DeMarchi
United States Magistrate Judge