UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABCELLERA BIOLOGICS INC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BRUKER CELLULAR ANALYSIS, INC.,<br><br>Defendant. | Case No. 20-cv-08624-JST (VKD)<br><br>**ORDER RE JANUARY 17, 2025 DISCOVERY DISPUTE RE BRUKER CELLULAR CUSTOM WORKFLOWS**<br><br>Re: Dkt. No. 300 |

AbCellera Biologics, Inc. ("AbCellera") and The University of British Columbia ("UBC") (collectively, "AbCellera") and defendant Bruker Cellular Analysis, Inc. ("Bruker Cellular") ask the Court to resolve their dispute regarding three related discovery requests. Dkt. No. 300. Specifically, the parties disagree about whether Bruker Cellular should be required to (1) describe its customization of accused workflows used with the accused Beacon optofluidic systems (Interrogatory No. 13), and (2) produce documents concerning such workflows (RFP 121) and any custom development program involving the accused Beacon systems (RFP 122). The Court finds this dispute suitable for resolution without oral argument. Civil L.R. 7-1(b).

AbCellera's Interrogatory No. 13 asks Bruker Cellular to "[d]escribe each custom workflow that was developed for use on the Beacon and Associated Technology and Services[1] by, without limitation, identifying each customer associated with each of such workflow, describing how each of such workflow compares to any Bruker workflow (e.g., Opto Plasma B Discovery Workflow, Opto Memory B Discovery Workflow), identifying the specific OptoSelect chip(s) and

---

[1] The parties' joint submission does not include AbCellera's definitions of the terms "Beacon" and "Associated Technology and Services," but only Bruker Cellular's objections to those definitions. *See* Dkt. Nos. 300-1, 300-2.

Beacon system(s) associated with each of such workflow, identifying the types of assays that can be and/or are performed during each of such workflow, and identifying all documents and communications concerning, and the persons most knowledgeable about, each of such workflow." Dkt. No. 300-1. RFPs 121 and 122 ask Bruker Cellular to produce "[a]ll documents, communications, and things" concerning "any custom workflow" and "any custom development program." Dkt. No. 300-2.

Bruker Cellular's objections to these discovery requests are well-taken. While the Court is sympathetic to the argument that Bruker Cellular should provide discovery regarding custom workflows that are insubstantially different from the accused workflows, AbCellera's discovery requests are much broader than this. Interrogatory No. 13 is not limited to the identification of "custom versions of accused workflows" that are insubstantially different from the accused workflows. Rather, the interrogatory asks for extensive information about "each custom workflow"—i.e., its description, each customer associated with it, how it compares to an accused workflow, the chips and Beacon systems associated with it, the assays that can be performed using it, identification of all documents concerning it, and the persons most knowledgeable about it— "without limitation." Dkt. No. 300-1. Similarly, RFPs 121 and 122 also are not limited to documents concerning custom workflows that are insubstantially different from the accused workflows or development programs for such workflows. The fact that Bruker Cellular and/or its customers engage in "customization" of workflows, including accused workflows, does not, by itself, support the conclusion that all such customizations are within the scope of AbCellera's existing infringement contentions and proper subjects for discovery. The deposition testimony on which AbCellera relies does not suggest otherwise.[2]

For these reasons, the Court denies AbCellera's request for an order requiring Bruker Cellular to provide a complete response to Interrogatory No. 13 and to produce all documents responsive to RFPs 121 and 122.

///

---

[2] Both parties cite to and quote from transcripts of deposition testimony that was not provided to the Court.

**IT IS SO ORDERED.**

Dated: February 14, 2025

Virginia K. DeMarchi
United States Magistrate Judge