UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABCELLERA BIOLOGICS INC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BRUKER CELLULAR ANALYSIS, INC.,<br><br>Defendant. | Case No. 20-cv-08624-JST (VKD)<br><br>**ORDER RE JANUARY 17, 2025 DISCOVERY DISPUTE RE NIH AND NAID AGREEMENTS**<br><br>Re: Dkt. No. 302 |

AbCellera Biologics, Inc. ("AbCellera") and The University of British Columbia ("UBC") (collectively, "AbCellera") and defendant Bruker Cellular Analysis, Inc. ("Bruker Cellular") ask the Court to resolve their dispute regarding AbCellera's production of certain licensing and development agreements that Bruker Cellular contends are responsive to its RFPs 22, 38, 40 and 62. Dkt. No. 302. The Court finds this dispute suitable for resolution without oral argument. Civil L.R. 7-1(b).

Bruker Cellular argues that AbCellera should be required to produce complete, unredacted copies of the May 4, 2020 Patent License Agreement between AbCellera and the National Institute of Allergy and Infectious Diseases ("NIAID")[1] ("2020 NIH/NIAID Agreement"), as well as "other documents and agreements related to" that agreement, including a March 12, 2019 Research Collaboration Agreement between AbCellera and NIAID ("2019 NIAID RCA"). Dkt. No. 302 at 1. A redacted copy of the 2020 NIAID Agreement is attached to the discovery dispute letter as Exhibit 1. According to Bruker Cellular, these documents are relevant to a reasonable royalty analysis, damages for lost profits, secondary considerations of non-obviousness, and injunctive

---

[1] According to the agreement, NIAID is "an Institute of the [National Institutes of Health ("NIH")]." Dkt. No. 302, Ex. 1 at ABC00001608.

relief. *Id.* AbCellera argues that neither the 2020 NIH/NIAID Agreement nor the 2019 NIAID RCA is relevant to any issue in the case. *Id.* at 4. According to AbCellera, neither agreement concerns the asserted patents or even the same general technology as the asserted patents; instead, both agreements concern "the downstream development of COVID-19 antibodies." *Id.*

It is difficult for the Court to resolve the parties' dispute on the record presented. On the one hand, AbCellera's characterization of the 2020 NIH/NIAID Agreement may be entirely accurate, but because so much of that agreement is redacted, it is difficult for the Court to determine whether it could contain information relating to reasonable royalty or lost profits damages, including whether it might serve as a comparable license. On the other hand, Bruker Cellular's justification for seeking production of this agreement and the 2019 NIAID RCA, let alone other "related" documents, is largely based on speculation and conjecture.

As an interim measure, the Court orders AbCellera to disclose to Bruker Cellular only an unredacted copy of Appendix A to the 2020 NIH/NIAID Agreement, which purports to list the patent applications and issued patents that are the subject of the defined term "Licensed Patent Rights" in section 2.13 of the agreement. If, after AbCellera discloses Appendix A, Bruker Cellular can articulate a non-speculative basis for its contention that the 2020 NIH/NIAID Agreement contains information that is relevant to damages or to another claim or defense in this action, the parties may file a further discovery dispute letter regarding this matter.

AbCellera shall produce an unredacted copy of Appendix A to the 2020 NIH/NIAID Agreement to Bruker Cellular by **February 28, 2025**, unless the parties agree to a different date. The parties' further discovery dispute letter, if any, is due no later than **March 14, 2025**. The Court otherwise denies Bruker Cellular's request for relief.

**IT IS SO ORDERED.**

Dated: February 24, 2025

Virginia K. DeMarchi
United States Magistrate Judge