UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABCELLERA BIOLOGICS INC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BRUKER CELLULAR ANALYSIS, INC.,<br><br>Defendant. | Case No. 20-cv-08624-JST (VKD)<br><br>**ORDER RE JANUARY 17, 2025 DISCOVERY DISPUTE RE PRACTICING PRODUCTS**<br><br>Re: Dkt. No. 304 |

AbCellera Biologics, Inc. ("AbCellera") and The University of British Columbia ("UBC") (collectively, "AbCellera") and defendant Bruker Cellular Analysis, Inc. ("Bruker Cellular") ask the Court to resolve their dispute regarding discovery concerning AbCellera's practicing products and services. Dkt. No. 304. Specifically, the parties disagree about whether AbCellera should be required to amend its response to Bruker Cellular's Interrogatory No. 3 to identify practicing products and services in use after issuance of the asserted patents. *Id.* at ECF 1. The Court finds this dispute suitable for resolution without oral argument. Civil L.R. 7-1(b).

Bruker Cellular's Interrogatory No. 3 asks AbCellera to:

> [1] State whether You contend that any of Your products or services practice one or more claims of the Asserted Patents, and [2] for each product or service that You contend practices one or more claims of the Asserted Patents state all bases for that contention, including a chart identifying specifically where each limitation of each claim is found within each product or service and whether each limitation of each Asserted Claim that you assert is present is alleged to be literally present in each product or service on the one hand or present under the doctrine of equivalents on the other hand and [3] identify all Documents relating to your contentions and [4] all Persons with knowledge of those facts.

Dkt. No. 304, Ex. 1 at ECF 6. Bruker Cellular contends that AbCellera has not fully answered Interrogatory No. 3 because its response "does not provide the requested information regarding AbCellera's post-patent-issuance products and services"—i.e., after October 2, 2018, the date the first patent in the '408 patent family issued. *Id.* at ECF 2. In particular, Bruker Cellular says that it cannot discern the basis for AbCellera's contention that certain microfluidic chips in use after October 2018 practice any claim of the asserted patents. *Id.* AbCellera responds that it has fully answered Interrogatory No. 3. *Id.* at ECF 4-5. It argues that Bruker Cellular is not really seeking clarification about AbCellera's contentions concerning which of its products and services practice the asserted patents, but instead challenging the *merits* of AbCellera's contentions in the guise of a discovery dispute. *Id.* at ECF 4.

AbCellera's current response to this contention interrogatory (which includes multiple amended and supplemental responses) spans more than 100 pages. *Id.*, Ex. 1. While the response does not include a "chart identifying specifically where each limitation of each claim is found within each product or service," it appears to provide the same information in a different form. The documents and other information on which AbCellera relies may be insufficient to support its contentions regarding post-October 2018 products and services, as Bruker Cellular argues, and if that is the case, AbCellera's contentions will fail on the merits. However, so long as AbCellera is not hiding the ball regarding the documents and other information on which it relies to support its contentions, it need not supplement its response to Interrogatory No. 3.

For these reasons, the Court denies Bruker Cellular's request for an order requiring AbCellera to provide a further response to Interrogatory No. 3.

**IT IS SO ORDERED.**

Dated: February 24, 2025

Virginia K. DeMarchi
United States Magistrate Judge