UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABCELLERA BIOLOGICS INC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BRUKER CELLULAR ANALYSIS,<br><br>Defendant. | Case No. 20-cv-08624-JST (VKD)<br><br>**ORDER RE MARCH 14, 2025 DISCOVERY DISPUTE RE NIH AND NIAID AGREEMENTS**<br><br>Re: Dkt. Nos. 321, 322 |

Further to the Court's order at Dkt. No. 309, the Court has reviewed and considered the parties' additional arguments regarding defendant Bruker Cellular Analysis, Inc.'s ("Bruker Cellular") demand for complete, unredacted copies of the following documents:

1. May 4, 2020 Patent License Agreement between plaintiff AbCellera Biologics, Inc. ("AbCellera") and the National Institute of Allergy and Infectious Diseases ("NIAID") ("2020 NIH/NIAID Agreement");

2. Other agreements listed in Section 1 of the 2020 NIH/NIAID Agreement;

3. AbCellera's "royalty reports" to the NIH under the 2020 NIH/NIAID Agreement; and

4. March 12, 2019 Research Collaboration Agreement between AbCellera, NIAID, and the University of Texas at Austin ("2019 NIAID RCA").

The Court finds this dispute suitable for resolution without oral argument. Civil L.R. 7-1(b).[1]

---

[1] Plaintiffs move to seal certain portions of the parties' discovery letter brief, and to seal the appended Exhibits 1 to 4 in their entirety. Dkt. No. 321. The good cause standard applies to plaintiffs' sealing motion. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1098-99 (9th Cir.), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016);

AbCellera argues, and Bruker Cellular does not dispute, that neither the 2020 NIH/NIAID Agreement nor the 2019 NIAID RCA includes a license or any other provision implicating any of the asserted patents. *See* Dkt. No. 322 at 1, 2, 4. Nevertheless, Bruker Cellular argues that it requires production of these agreements so that it may rebut AbCellera's own damages theories. *Id.* at 2. Specifically, Bruker Cellular asserts that AbCellera's reasonable royalty and lost profits calculations rely on "all royalty revenues" from bamlanivimab—an antibody used to treat COVID-19 that AbCellera contends was discovered using the patented methods at issue in this case. *Id.* at 1, 2, 4 n.6, 5. Bruker Cellular contends that this discovery is relevant to its arguments that other intellectual property and technologies, not just the asserted patents, contributed to the development of bamlanivimab. *Id.* at 2.

The Court agrees with AbCellera that agreements concerning patents or other intellectual property unrelated to the asserted patents are irrelevant as evidence of a comparable license or an established royalty rate. *See id.* at 4, 5. However, as explained above, Bruker Cellular does not seek discovery of the documents in question for this purpose. *See id.* at 2. To the extent AbCellera relies on the success or profitability of an antibody discovered using its patented methods to support its damages theories, Bruker Cellular should be permitted to obtain discovery regarding contributions to that success or profitability. So far as the Court can tell, AbCellera does not deny that its damages theories *do* rely, at least in part, on the success of bamlanivimab. Accordingly, the Court concludes that the following materials are at least discoverable: (1) the 2020 NIH/NIAID Agreement; (2) 2019 NIAID RCA; and (3) AbCellera's "royalty reports" to the NIH under the 2020 NIH/NIAID Agreement. AbCellera must produce these documents in unredacted form to Bruker Cellular.

Conversely, Bruker Cellular has not articulated any non-speculative grounds for discovery of the other agreements listed in Section 1 of the 2020 NIH/NIAID Agreement. AbCellera need

///

---

*Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). Good cause appearing, plaintiffs' motion to seal is granted. The redacted portions of the discovery letter brief and Exhibits 1 to 4 shall remain under seal.

not produce these documents.

**IT IS SO ORDERED.**

Dated: April 15, 2025

Virginia K. DeMarchi
United States Magistrate Judge