UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABCELLERA BIOLOGICS INC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BRUKER CELLULAR ANALYSIS, INC., <br><br> Defendants. | Case No. 20-cv-08624-JST (VKD) <br><br> **REDACTED** <br><br> **ORDER RE APRIL 28, 2025 DISCOVERY DISPUTE RE FOX PRESENTATION** <br><br> Re: Dkt. No. 342 |

AbCellera Biologics, Inc. ("AbCellera") and The University of British Columbia ("UBC") (collectively, "AbCellera") and defendant Bruker Cellular Analysis, Inc. ("Bruker Cellular") ask the Court to resolve their dispute regarding a presentation prepared by PhenomeX's then-in-house counsel. Dkt. No. 342. The Court finds this dispute suitable for resolution without oral argument. Civil L.R. 7-1(b). For the reasons explained below, the Court denies AbCellera's requests for relief.

I.  **BACKGROUND**

As AbCellera explains, the original defendant in this action, Berkeley Lights, Inc., acquired another company and then changed its corporate name to PhenomeX during the pendency of the litigation. Dkt. No. 342 at 1. Between March and October 2023, PhenomeX sought to be acquired. *Id.* During that time, Dr. George Fox, PhenomeX's then-in-house counsel, prepared a written presentation regarding the litigation and shared the presentation with ███ potential acquirers, one of whom was Bruker Corporation. *Id.* at 1, 4. Bruker Corporation later acquired PhenomeX, and the surviving corporation became current defendant Bruker Cellular. *See id.* at 1; Dkt. No. 335 at 1.

According to Bruker Cellular, the presentation at issue is "a single, 7-slide litigation status

1  update provided during due diligence by PhenomeX to ▉ potential acquirers." Dkt. No. 342 at

2  4. Bruker Cellular claims that the presentation is protected by the attorney-client privilege and the

3  work product doctrine, and that those protections have not been waived by disclosure to the

4  potential acquirers. *Id.* At the Court's direction, Bruker Cellular submitted the presentation for *in*

5  *camera* review. Dkt. No. 351.

## II. LEGAL STANDARD

### A. Attorney-Client Privilege

The attorney-client privilege protects from discovery communications concerning legal advice sought from an attorney in his or her capacity as a professional legal advisor, where the communication is made in confidence, is intended to be maintained in confidence by the client, and is not disclosed to a third party. *United States v. Martin*, 278 F.3d 988, 999-1000 (9th Cir. 2002) (citing 8 John H. Wigmore, *Evidence* § 2292, at 554 (McNaughton rev. 1961)). The privilege extends to confidential disclosures made by a client to an attorney in order to obtain legal advice, as well as an attorney's advice in response to such disclosures. *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (citations and quotations omitted).

### B. Work Product Protection

The attorney work product doctrine protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation or for trial. Fed. R. Civ. P. 26(b)(3); *United States v. Sanmina Corp.*, 968 F.3d 1107, 1119 (9th Cir. 2020) (citation omitted). "To qualify for work-product protection, documents must: (1) be prepared in anticipation of litigation or for trial and (2) be prepared by or for another party or by or for that other party's representative." *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011) (internal quotes omitted). A document is considered prepared "in anticipation of litigation" if it "can be fairly said to have been prepared or obtained because of the prospect of litigation." *ACLU of N. California v. United States DOJ*, 880 F.3d 473, 485 (9th Cir. 2018). The doctrine protects both "material prepared by agents for the attorney as well as those prepared by the attorney himself," *Sanmina Corp.*, 968 F.3d at 1119, and its primary purpose is to "prevent exploitation of a party's efforts in preparing for litigation," *Admiral Ins. Co. v. U.S. Dist. Ct.*, 881 F.2d 1486, 1494 (9th Cir. 1989).

*See* Fed. R. Civ. P. 26(b)(3)(A) (work product may be discoverable if the party seeking production shows a "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.").

### C. Waiver of Privilege or Protection

As a general matter, the attorney-client privilege is waived when a party discloses privileged information to a third party who is not bound by the privilege, or otherwise shows disregard for the privilege. *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003); *AdTrader, Inc. v. Google LLC*, 405 F. Supp. 3d 862, 866-67 (N.D. Cal. 2019).

By contrast, a voluntary disclosure of work product to a third party does not always waive work product protection. Such a disclosure waives the protection where it is made to an adversary in litigation or where it is made in a manner that substantially increases the opportunities for potential adversaries to obtain the work product. *Sanmina*, 968 F.3d at 1121 (citing 8 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2024 (3d ed. 2020)); *see, e.g., Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007) ("[T]he work-product privilege may be waived by disclosure to third parties which results in disclosure to an adversary party."); *Gross v. Scottsdale Ins. Co.*, No. 24-cv-02069-EJD (VKD), 2025 WL 885853, at *4 (N.D. Cal. Mar. 21, 2025) (finding waiver where proponent of protection knew work product had been disclosed to third party as well as in a public filing and took no action for more than a year).

In addition, even if the protection is not waived, work product may be discoverable if the party seeking production shows a "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). Upon such a showing, a court must nevertheless "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B).

### III. DISCUSSION

Bruker Cellular argues that Dr. Fox's presentation qualifies as attorney work product because it reflects his assessment for PhenomeX's acquisition team of the ongoing litigation against AbCellera. Dkt. No. 342 at 5. AbCellera argues that the presentation was prepared for a

3

1    business purpose, and that in any event, it could not have been prepared "in anticipation of

2    litigation" because it was prepared "well after the complaint was filed." *Id.* at 3.

3          Having reviewed Dr. Fox's presentation *in camera*, the Court finds that the document is

4    consistent with Bruker Cellular's characterization of it and is also consistent with Dr. Fox's own

5    description of the presentation in his deposition—namely, the presentation was prepared for

6    PhenomeX, describes the status of the litigation, and reflects Dr. Fox's assessments of various

7    aspects of the litigation. *See* Dkt. No. 341-4 (Fox dep. 33:19-25, 35:6-36:10). While the

8    presentation also had a business purpose to the extent it was intended to be shared with potential

9    acquirers, that additional purpose does not defeat work product protection. *See In re Grand Jury,*

10   23 F.4th 1088, 1091-92 (9th Cir. 2021) (distinguishing between the "because of" test for work

11   product protection and "primary purpose" test for attorney-client privilege, and observing that a

12   court "considers the totality of the circumstances and affords [work product] protection when it

13   can fairly be said that the document was created because of anticipated litigation, and would not

14   have been created in substantially similar form but for the prospect of that litigation"). Finally, the

15   Court is not persuaded that Dr. Fox's presentation fails to qualify as work product merely because

16   the litigation was filed before the presentation was made. AbCellera cites no support for its

17   contrary argument. Rule 26(b)(3) expressly applies to materials prepared by or for a party or its

18   representative in anticipation of *litigation* or *trial*, *see* Fed. R. Civ. P. 26(b)(3), and work product

19   generated *during* litigation is certainly within the scope of protection contemplated by the work

20   product doctrine. *See, e.g*, *United States v. Nobles,* 422 U.S. 225, 238 (1975) ("At its core, the

21   work-product doctrine shelters the mental processes of the attorney, providing a privileged area

22   within which he can analyze and prepare his client's case. But the doctrine is an intensely

23   practical one, grounded in the realities of litigation in our adversary system."); *Boston Ret. Sys. v.

24   Uber Techs., Inc.*, No. 19-cv-06361-RS (DMR), 2024 WL 665647, at *4 (N.D. Cal. Feb. 16, 2024)

25   (finding work product protection for counsel's assessments of both pending and prospective

26   litigation). In sum, Bruker Cellular has shown that Dr. Fox's presentation qualifies for protection

27   as attorney work product.

28         AbCellera argues that PhenomeX waived work product protection when it disclosed the

4

presentation to ▮ potential acquirers. Dkt. No. 342 at 3. However, as noted above, disclosure of work product material to third parties does not necessarily waive work product protection.

According to Bruker Cellular, PhenomeX made Dr. Fox's presentation available to potential acquirers' counsel in a diligence "data room," and Dr. Fox later presented the information to the diligence teams for the potential acquirers. *Id*. at 4. Dr. Fox testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. No. 341-4 (Fox dep. 36:11-37:25). AbCellera identifies no circumstances indicating that the presentation was disclosed in a manner that substantially increased the likelihood that potential adversaries could obtain its contents. For these reasons, the Court finds no basis to conclude that PhenomeX waived work product protection by disclosing the presentation to ▮ potential acquirers during diligence discussions.

AbCellera argues, in a footnote, that if the Court finds no waiver of work product protection "[AbCellera] should at least receive a version of the presentation with just attorney mental impressions redacted." Dkt. No. 342 at 3 n.2. It offers no justification for this demand. As noted above, in the absence of waiver, an opposing party's work product may be discoverable if the party seeking production shows a "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). AbCellera has made no such showing.

Because the Court concludes that the presentation at issue is protected from disclosure by the work product doctrine and that the protection has not been waived, the Court does not reach the questions of whether the presentation is also protected by the attorney-client privilege or whether any such privilege has been waived.

**IV.     CONCLUSION**

The Court denies AbCellera's motion to compel production of Dr. Fox's presentation and

///

///

///

5

1  its request for a further deposition of Dr. Fox on that subject.

2  **IT IS SO ORDERED.**

3  Dated: May 8, 2025

Virginia K. DeMarchi
United States Magistrate Judge